UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01716-BLF<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION FOR LACK OF SUBJECT MATTER JURISDICTION OR IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF ARBITRATION; (2) DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; (3) DENYING AS MOOT DEFENDANTS' MOTION TO STAY DISCOVERY AND RELATED CASE MANAGEMENT DEADLINES PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION**<br><br>[Re: ECF 37, 45, 67] |

**I. INTRODUCTION**

Plaintiffs ASUS Computer International and ASUSTek Computer Inc. (collectively "Plaintiffs") bring this action alleging that Defendants InterDigital, Inc., InterDigital Communications, Inc, InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc. (collectively "Defendants") failed to license standard essential patents at fair, reasonable, and non-discriminatory terms to Plaintiffs in a 2008 Patent License Agreement and in subsequent negotiations. This matter comes before the Court on (1) Defendants' motion to compel arbitration and dismiss for lack of subject matter jurisdiction or in the alternative, stay proceedings pending resolution of arbitration ("motion to compel arbitration"); (2) Plaintiffs'

motion for preliminary injunction; and (3) Defendants' motion to stay discovery and related case management deadlines pending resolution of the motion to compel arbitration ("motion to stay discovery").

After reviewing the parties' written and oral arguments, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to compel arbitration, DENIES Plaintiffs' motion for preliminary injunction, and DENIES as MOOT Defendants' motion to stay discovery, for the reasons articulated herein.

## II. BACKGROUND

### A.     General Factual Background

The following factual allegations are taken from Plaintiffs' Complaint.  Plaintiffs sell a variety of technology products in the United States, including mobile devices, PC components and peripherals, notebooks, tablets, and servers.  Compl. ¶ 14.  Defendants develop and license patents covering technologies such as cellular and wireless communications.  *Id*. at ¶¶ 22, 47.

Plaintiffs and Defendants are members of standards setting organizations ("SSOs").  *Id*. at ¶ 30.  SSOs are comprised of private corporations and other interested parties that determine what technologies to adopt as technical standards.  *Id*. at ¶ 2.  The development of technical standards facilitates compatibility across products, and allows, for example, one mobile phone to communicate with another mobile phone manufactured by a different company.  *Id* at ¶ 31.

The creation of technical standards, however, presents the potential for anticompetitive behavior.  *Id*. at ¶ 37.  When SSOs adopt standards that include patented technology, these patents become "standard essential patents" and standard essential patent owners can demand potentially exorbitant licensing fees.  *Id*. at ¶ 39.  To avoid these negative consequences, SSOs require an entity seeking to have its patented technology incorporated into a technical standard commit to licensing its patents on fair, reasonable, and non-discriminatory terms ("FRAND").  *Id*. at ¶ 41.

In 2008, Plaintiffs and Defendants signed a Patent License Agreement ("2008 PLA") where Defendants licensed to Plaintiffs certain standard essential patents relating to cellular and wireless communication standards.  *Id*. at ¶ 7.  Plaintiffs are also in negotiations with Defendants to license additional cellular and wireless communication standard essential patents.  *Id*.  Through

this lawsuit, Plaintiffs allege that Defendants are violating the law by not licensing its standard essential patents on FRAND terms. *Id*. at ¶ 1.

### B. Procedural Background

On April 15, 2015, Plaintiffs filed the Complaint. *See* ECF No. 1. On May 30, 2015, Defendants filed a Statement of Claim against Plaintiffs before the International Centre for Dispute Resolution ("ICDR"), which initiated arbitration on June 3, 2015. *See* ECF No. 46-3. On June 2, 2015, Defendants filed the motion to compel arbitration. *See* ECF No. 37. On June 16, 2015, Plaintiffs filed an *ex parte* motion for a temporary restraining order and preliminary injunction. *See* ECF No. 45. On June 22, 2015, the parties stipulated to withdraw the portion of the prior motion seeking an *ex parte* temporary restraining order and stay the arbitration until the Court rules on the motion to compel arbitration. *See* ECF No. 51. On July 22, 2015, Defendants filed a motion to stay discovery. *See* ECF No. 67. On August 6, 2015, the Court heard oral arguments on all three pending motions, *see* ECF No. 81, and on August 12, 2015, the Court requested supplemental letter briefs on the impact of the Ninth Circuit's decision in *Brennan v. Opus Bank*, --- F.3d ---, 2015 WL 4731378 (9th Cir. Aug. 11, 2015) on the motion to compel arbitration. *See* ECF No. 86. The parties submitted supplemental letter briefs on August 17, 2015. *See* ECF Nos. 88-89.

## III. MOTION TO COMPEL ARBITRATION

### A. Factual Background

The 2008 PLA contains three provisions which are relevant to Defendants' motion to compel arbitration. The first, section 5.2, entitled, "Arbitration of Disputes," states that:

> If a dispute arising under this Agreement has not been resolved by the non-binding procedures set forth in Section 5.1 within the time periods provided, either Party may submit the dispute to arbitration administered by the American Arbitration Association ("AAA") under its then current ICDR International Arbitration Rules ("AAA International Rules") and as set forth in this Section…

2008 PLA § 5.2, ECF No. 2-2. Next, section 5.2(c) states that:

> The arbitration proceedings shall be governed by this Agreement, by the AAA International Rules, by the procedural arbitration law of the site of

3

> the arbitration, and by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The Arbitration Panel shall determine the matters at issue in the dispute in accordance with the substantive law of the State of Delaware without regard to conflicts of laws principles. The Arbitration Panel shall decide the issues submitted as arbitrators at law only and shall base its award, and any interim awards, upon the terms of this Agreement and the laws of the State of Delaware. The Arbitration Panel has no power to reform this Agreement.

*Id*. at § 5.2(c). Finally, section 6.10, entitled, "Governing Law/Venue," states that:

> The validity and interpretation of this Agreement shall be governed by Delaware law, without regard to conflict of laws principles. The Parties irrevocably consent to exclusive jurisdiction and venue of the state and federal courts in the San Jose Division of the United States District Court for the Northern District of California. Process shall be deemed sufficient if served on either Party by courier service or recognized mail delivery service (e.g. U.S. Mail), postage prepaid, certified or registered, return receipt requested, and addressed as indicated on page 1 of this Agreement. The Parties hereby waive any objection as to the sufficiency of the method of service, if service is made as set forth herein.

*Id*. at § 6.10.

Defendants argue that the 2008 PLA's arbitration clause requires Plaintiffs to submit this matter to arbitration.

### B.   Legal Standard

The Federal Arbitration Act ("FAA") FAA covers agreements "evidencing a transaction involving commerce," 9 U.S.C. § 2, and reflects a "federal policy favoring arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (citation omitted). Although section four of the FAA provides for the filing of a motion to compel arbitration, courts have held that a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction "is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision." *GT Sec., Inc. v. Klastech GmbH*, Case No. 13-cv-3090-JCS, 2014 WL 2928013, at *17 (N.D. Cal. June 27, 2014).

When faced with a petition to compel arbitration, the district court's role is a discrete and narrow one. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic*

*Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis added). The court's role under the FAA is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *See Brennan v. Opus Bank*, --- F. 3d ---, 2015 WL 4731378, at *4 (9th Cir. Aug. 11, 2015). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130 (citations omitted).

These gateway issues, however, can be expressly delegated to an arbitrator. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69 (2010) (recognizing that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as… whether their agreement covers a particular controversy); *see also Brennan*, 2015 WL 4731378, at *4. When an arbitration agreement is covered by the FAA, "federal law governs…by default" the question of whether the parties agreed to arbitrate gateway questions of arbitrability. *See Brennan*, 2015 WL 4731378, at *3 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). To overcome the default application of federal arbitrability law, parties to an arbitration agreement must "clearly and unmistakably designat[e] that nonfederal arbitrability law applies." *Id*. (citing *Cape Flattery Limited v. Titan Maritime, LLC*, 647 F.3d 914, 921 (9th Cir. 2011)) (For "any arbitration agreement within the coverage of the FAA, the court is to make the arbitrability determination by applying the federal law of arbitrability absent clear and unmistakable evidence that the parties agreed to apply non-federal arbitrability law."); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so.").

Under federal law, the incorporation of a particular set of arbitration rules – such as the ICDR rules – that provide for the arbitrator to decide questions of arbitrability "constitutes clear and unmistakable evidence that the contracting parties agreed to arbitrate arbitrability." *See Brennan*, 2015 WL 4731378, at *4. If the court finds that the parties clearly and unmistakably delegated the power to decide arbitrability to an arbitrator, then the court performs only a limited inquiry to determine whether the assertion of arbitrability is "wholly groundless." *See Qualcomm*

5

*Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006); *see also Bitstamp Ltd. v. Ripple Labs Inc.*, No. 15-cv-01503-WHO, 2015 WL 4692418, at *5 (N.D. Cal. Aug. 6, 2015); *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2015 WL 1886882, at *8 (N.D. Cal. Apr. 24, 2015). If the assertion of arbitrability is not "wholly groundless," then the action should be stayed pending a ruling on arbitrability by an arbitrator. *See Qualcomm*, 466 F.3d at 1371.

### C.  Discussion

Defendants seek to compel arbitration based on the 2008 PLA's arbitration clause. The Court first addresses what law governs arbitrability, then considers whether the parties clearly and unmistakably delegated arbitrability to an arbitrator, and finally considers whether Defendants' assertion of arbitrability is wholly groundless.

#### 1.  Federal Law Governs Arbitrability of the 2008 PLA

The parties dispute what law applies to determine whether the parties delegated arbitrability to an arbitrator. Plaintiffs argue that federal arbitrability law applies because the 2008 PLA is covered by the FAA and does not explicitly state that Delaware arbitrability law applies. *See* Pls.' Supp. Letter Brief at 1, ECF No. 88. Defendants counter that Delaware arbitrability law applies because the 2008 PLA "designates Delaware law for both the agreement's interpretation and conduct of the arbitration." *See* Defs.' Supp. Letter Brief at 2, ECF No. 89.

The Court agrees with Plaintiffs and concludes that federal arbitrability law applies to the 2008 PLA. The Ninth Circuit instructs that for any agreement within the coverage of the FAA, "[t]he court [must apply] the federal substantive law of arbitrability absent clear and unmistakable evidence that the parties agreed to apply non-federal law." *See Brennan*, 2015 WL 4731378, at *3. When an agreement "does not *expressly* state that [a specific state] law governs the question of arbitrability," it is "ambiguous" and "federal arbitrability law applies." *Id*. (emphasis added).

Here, federal arbitrability law applies presumptively because the 2008 PLA is covered by the FAA. The 2008 PLA does not expressly state that Delaware law governs the question of arbitrability and contrary to Defendants' argument, the designation of Delaware law for both the 2008 PLA's interpretation and conduct of the arbitration does not evince a clear and unmistakable intent to also use Delaware law for questions of arbitrability. *See id*; *see also Bitstamp*, 2015 WL

United States District Court
Northern District of California

1  4692418, at *3 (collecting cases) (finding that a provision requiring the arbitration agreement to be
2  construed and interpreted according to a specific state's law was too ambiguous to apply state
3  arbitrability law). Accordingly, federal arbitrability law applies to the 2008 PLA.

### 2. The Parties Delegated Arbitrability to an Arbitrator

The parties also dispute whether the court or arbitrator should decide arbitrability. Plaintiffs argue that assigning arbitrability to an arbitrator "would be contrary to the parties' intent." *See* Pls.' Supp. Letter Brief at 1, ECF No. 88. First, Plaintiffs claim that the 2008 PLA contains a narrow arbitration clause and that a narrow clause does not provide a clear and unmistakable intent to arbitrate arbitrability. *Id.* Second, Plaintiffs argue that the 2008 PLA's arbitration clause is permissive indicating that the parties have the option to bring suit in district court and have a court decide arbitrability. *Id.* at 2. Defendants argue that the 2008 PLA's incorporation of the ICDR rules shows a clear and unmistakable intent to delegate arbitrability decisions to an arbitrator. *See* Defs.' Supp. Letter Brief at 1, ECF No. 89.

The Court agrees with Defendants and finds that the parties clearly and unmistakably delegated arbitrability to an arbitrator. The Ninth Circuit has clearly held that an agreement incorporating arbitration rules which include a rule giving an arbitrator the power to decide arbitrability is clear and unmistakable evidence of the parties' intention to delegate arbitrability to the arbitrator. *See Brennan*, 2015 WL 4731378, at *4-5. Here, the parties agreed to arbitration under the ICDR rules, *see* 2008 PLA § 5.2, ECF No. 2-2, and these rules allow an arbitrator to decide arbitrability. *See* International Centre for Dispute Resolution Rules Art. 15(1) ("The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.").

Plaintiffs' arguments are unpersuasive for two reasons. First, Plaintiffs' rely on *Ellsworth v. U.S. Bank, N.A.*, 2012 WL 4120003, *6-7 (N.D. Cal. 2012) to argue that the 2008 PLA's clause does not provide clear and unmistakable intent to arbitrate arbitrability. *See* Pls.' Supp. Letter Brief at 2, ECF No. 88. Although *Ellsworth* held that incorporating arbitration rules that assign arbitrability to an arbitrator does not always provide a clear and unmistakable intent to arbitrate arbitrability, Plaintiffs' argument overlooks that *Ellsworth* was decided before the Ninth Circuit's

1    decision in *Brennan*. Second, the 2008 PLA's arbitration clause is not as permissive as Plaintiffs
2    suggest. Several courts have held that even when an arbitration clause uses permissive language,
3    the clause still gives rise to mandatory arbitration. *See Medicis Pharm. Corp. v. Anacor Pharm.,*
4    *Inc.*, C.A. No. 8095-VCP, 2013 WL 4509652, at *5 (Del. Ch. Aug. 12, 2013) (collecting cases)
5    ("[T]he proper interpretation [of permissive language] is that the arbitration provision did not have
6    to be invoked, but once raised by one party, it became mandatory with respect to the other
7    party."). Accordingly, the Court finds that the parties clearly and unmistakably delegated the issue
8    of arbitrability to an arbitrator.

### 3. Defendants' Claim of Arbitrability Is Not Wholly Groundless

When the parties clearly and unmistakably delegate arbitrability to an arbitrator, the Court's only remaining inquiry is to determine whether the assertion of arbitrability is "wholly groundless." *See Zenelaj v. Handybook, Inc.*, --- F. Supp. 3d ---, No. 14-cv-05449-TEH, 2015 WL 971320, at *5 (N.D. Cal. Mar. 3, 2015). In performing this inquiry, the "court should look to the scope of the arbitration clause and the precise issues that the moving party asserts are subject to arbitration. Because any inquiry beyond a "wholly groundless" test would invade the province of the arbitrator…the district court [should not] determine whether [plaintiffs' claims] are in fact arbitrable." *Id*. (quoting *Qualcomm*, 466 F.3d at 1374). Here, Defendants' assertion of arbitrability is premised on the belief that the 2008 PLA's arbitration clause is broad in scope and that all of Plaintiffs' causes of actions "touch on" the parties' contractual rights under the 2008 PLA. *See* Defs' Reply at 4, 7, ECF No. 53.

With respect to the scope of the 2008 PLA's arbitration clause, the Court concludes that Defendants' assertion that it is broad in scope easily surpasses the wholly groundless threshold. The arbitration agreement expressly designates that Delaware law shall govern its interpretation and under Delaware law, "arising under" is interpreted as being broad. *See e.g.*, *BAYPO Ltd. P'ship v. Tech. JV, LP*, 940 A.2d 20, 21, 23 (Del. Ch. 2007). Plaintiffs' argument that Ninth Circuit law should apply to interpret the arbitration clause, *see* Pls.' Supp. Letter Brief at 2, ECF No. 88, is inconsistent with the parties' 2008 PLA which specifically states that Delaware law governs its interpretation. Plaintiffs also argue that some Delaware courts have construed "arising

8

under" narrowly. *See* Pls.' Opp. at 8 n.3, ECF No. 44 (citing *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 156 (Del. 2002); *Medicis Pharm. Corp.*, 2013 WL 4509652, at *4). However, Plaintiffs' cases are inapposite because in both cases the courts were tasked with deciding the actual merits of arbitrability. Here, the parties delegated arbitrability to an arbitrator and this Court must assess the assertion of arbitrability under a wholly groundless standard. Accordingly, under that standard, Defendants have met its burden, and for purposes of this inquiry, the Court treats the arbitration clause as broad in scope.

After determining the scope of the arbitration clause, the Court is required to examine each cause of action to determine if the assertion of arbitrability is wholly groundless. With respect to Plaintiffs' first two causes of action, the Court finds that Defendants' assertions of arbitrability are not wholly groundless. Plaintiffs' first cause of action alleges a violation of section 2 of the Sherman Act and Plaintiffs' second cause of action alleges a violation of California's Unfair Competition Law which is premised on Defendants' alleged violation of the Sherman Act. Compl. ¶¶ 72-93. Although Plaintiffs' Complaint ostensibly attacks Defendants' purported failure to honor its FRAND commitments, the Complaint relies heavily on the 2008 PLA for evidence of this failure. As a result, Plaintiffs' first two causes of action involve the 2008 PLA. *See InterDigital, Inc. et al. v. Wistron Corp.*, C.A. No. 11111-VCN, at 46-47 (Del. Ch. July 2, 2015) (assessing a similar patent license agreement and finding that there was a more than colorable claim that a dispute filed under the Taiwanese Antitrust Act fell within the arbitration clause of the parties' license agreement). Thus, the Court finds that Defendants' assertions of arbitrability with respect to the first and second causes of action are not "wholly groundless."

With respect to Plaintiffs' third cause of action, the Court finds that Defendants' assertion of arbitrability is wholly groundless. The third cause of action alleges a breach of contract based on Defendants' refusal to offer currently unlicensed standard essential patents to Plaintiffs on FRAND terms. These unlicensed patents are not addressed in the 2008 PLA. *See* Defs' Reply at 10, ECF No. 53 (conceding that these unlicensed patents are not in the 2008 PLA). When the parties negotiated the 2008 PLA's arbitration clause, the arbitration clause only provided for disputes "arising under" the agreement and not for every business transaction between the parties.

9

1  *See* 2008 PLA, § 5.2, ECF No. 2-2; *see also Goodrich Cargo Sys. v. Aero Union Corp.*, Case No.
2  06-06226-CRB, 2006 WL 3708065, at *2-3 (N.D. Cal. Dec. 14, 2006).  The parties' negotiation
3  for unlicensed patents involves a separate business transaction and Defendants' assertion of
4  arbitrability is wholly groundless.

5        Plaintiffs' fourth, fifth, and seventh causes of action involve a similar analysis and the
6  Court discusses them together.  The fourth cause of action alleges a breach of contract based on
7  Defendants' failure to abide by its FRAND licensing obligations in the 2008 PLA.  The fifth cause
8  of action is for promissory estoppel and alleges that Defendants' induced Plaintiffs to adopt
9  standard essential patents but failed to provide them with FRAND licensing terms in the 2008
10 PLA and in ongoing negotiations.  The seventh cause of action alleges Defendants fraudulently
11 induced Plaintiffs to enter into the 2008 PLA by promising FRAND licensing terms.  As
12 Defendants' assert and Plaintiffs' Complaint indicates, these three causes of action involve an
13 examination of the 2008 PLA to determine if its terms violate Defendants' FRAND commitment.
14 If the 2008 PLA's licensing terms do not violate Defendants' FRAND commitment, then Plaintiffs
15 claims might fail.  While these claims may also relate to Defendants' obligations to standards
16 setting organizations, they are not independent of the 2008 PLA.  Plaintiffs also argue that the
17 2008 PLA does not allow an arbitrator to reform the agreement.  However, Plaintiffs do not seek a
18 remedy of reformation in the Complaint, but rather seek damages.  *See* Compl. at 33 (seeking
19 remedy of "[j]udgment against [Defendants] for damages in the amount of excess royalties
20 [Plaintiffs have paid Defendants] under the 2008 PLA").  Thus, Defendants' have presented a
21 plausible argument that these causes of action arise under the 2008 PLA and Defendants'
22 assertions of arbitrability are not wholly groundless.

23       With respect to Plaintiffs' sixth cause of action, the Court finds Defendants' assertion of
24 arbitrability is not wholly groundless.  The sixth cause of action alleges that Defendants' waived
25 its right to obtain compensation for standard essential patents addressed in the 2008 PLA and in
26 ongoing negotiations between the parties at rates other than on FRAND terms.  Although it
27 appears that waiver may not be a legal cause of action, *see e.g.*, *Microsoft Corp. v. Motorola, Inc.*,
28 Case No., 10-1823-JLR, 2011 WL 11480223, at *4 (W.D. Wa. June 1, 2011) (dismissing a cause

United States District Court
Northern District of California

of action based on waiver), the allegations under this purported cause of action relate to whether the 2008 PLA's licensing terms violate Defendants' FRAND commitment. Since the allegations involve the 2008 PLA, Defendants' assertion of arbitrability is not wholly groundless.

Accordingly, the Court finds Defendants' assertions of arbitrability as to Plaintiffs' first, second, fourth, fifth, sixth, and seventh causes of actions are not wholly groundless and GRANTS Defendants' motion to compel arbitration with respect to these causes of action. The Court finds Defendants' assertion of arbitrability as to Plaintiffs' third cause of action is wholly groundless and DENIES Defendants' motion to compel arbitration with respect to this cause of action. To be clear, the Court emphasizes that its rulings should not be interpreted as the Court endorsing either party's position; the Court may have reached a different conclusion under a more rigorous review than the wholly groundless standard. In accordance with Section 3 of the FAA, the Court STAYS these proceedings pending a decision of arbitrability by the arbitrator.

## IV. MOTION FOR A PRELIMINARY INJUNCTION

On June 16, 2015, Plaintiffs filed a motion for a preliminary injunction to enjoin Defendants from proceeding with arbitration. *See* ECF No. 45. Defendants filed a statement of claim against Plaintiffs before the ICDR on June 3, 2015. *See* ECF No. 46-3. The statement of claim includes one breach of contract claim alleging that Plaintiffs failed to follow the dispute resolution procedures outlined in the 2008 PLA and seven claims for declaratory relief, each of which corresponds to one of the seven causes of action asserted by Plaintiffs in this case. *See generally id*. On June 22, 2015, the parties stipulated to stay the arbitration proceeding until the Court rules on the motion to compel arbitration. *See* ECF No. 51.

A plaintiff seeking a preliminary injunction must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Since Plaintiffs have failed to show irreparable harm in the absence of injunctive relief, the Court addresses only this issue. Plaintiffs argue that they are irreparably harmed because Defendants instituted arbitration proceedings. *See* Pls.'s Mot. for Preliminary Injunction, at 13,

11

ECF No. 45. The parties, however, stipulated to "stay, suspend, and place in abeyance the Arbitration" until the Court rules on the motion to compel arbitration. *See* Stipulation, at 2, ECF No. 51. Further, the stipulation provides that Defendants "may resume prosecuting the arbitration with respect to any claim as to which the Court grants" in the motion to compel. *Id*. The arbitration is currently stayed, and Defendants can only proceed with arbitration on those causes of actions which the Court grants the motion to compel arbitration. Thus, Plaintiffs have not shown irreparable harm and the Court DENIES Plaintiffs' motion for a preliminary injunction.

## V. MOTION TO STAY DISCOVERY

Pursuant to the Court's decision to stay these proceedings pending a decision of arbitrability, Defendants' motion to stay discovery is moot and the Court does not address it.

## VI. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel arbitration is GRANTED as to the first cause of action alleging a violation of section 2 of the Sherman Act.
2. Defendants' motion to compel arbitration is GRANTED as to the second cause of action alleging a violation of California's Unfair Competition Law.
3. Defendants' motion to compel arbitration is DENIED as to the third cause of action alleging a breach of contract based on negotiations for unlicensed patents.
4. Defendants' motion to compel arbitration is GRANTED as to the fourth cause of action alleging a breach of contract based on the 2008 PLA.
5. Defendants' motion to compel arbitration is GRANTED as to the fifth cause of action alleging promissory estoppel.
6. Defendants' motion to compel arbitration is GRANTED as to the sixth cause of action alleging waiver.
7. Defendants' motion to compel arbitration is GRANTED as to the seventh cause of action alleging fraudulent inducement.
8. These proceedings shall be STAYED pending the arbitrator's decision on arbitrability.

9. Plaintiffs' motion for a preliminary injunction is DENIED.

10. Defendants' motion to stay discovery is DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: August 25, 2015

_____
BETH LABSON FREEMAN
United States District Judge

13