UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01716-BLF<br><br>**ORDER GRANTING SEALING MOTIONS**<br><br>[Re: ECF 94, 108] |

Plaintiffs move to seal the highlighted portion of an exhibit to the Declaration of Anna Weinberg, submitted with the Notice of Arbitral Tribunals Decision on Arbitrability, ECF 94, the entirety of certain exhibits, submitted with the First Amended Complaint ("FAC"), as well as portions of the FAC. ECF 108. For the reasons stated below, the motions are GRANTED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in

part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II.   DISCUSSION

The Court has reviewed the sealing motions and respective declarations in support thereof. The Court finds the parties have articulated compelling reasons to seal the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing request are set forth in the tables below:

### A.   ECF 94

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Highlighted portions of Exhibit A to Declaration of Anna Weinberg | Highlighted portions of arbitration interim award contain confidential business and proprietary information and also should remain confidential under arbitration rules. | GRANTED. |

### B.   ECF 108

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Exhibits A, B, C, and D to Declaration of Ezekiel Rauscher in their entirety | Exhibits to the First Amended Complaint relate to parties' patent license and non-disclosure agreements and contain proprietary business information. | GRANTED. |
| Highlighted portions of Exhibit E to Declaration of Ezekiel Rauscher | Highlighted portions of the First Amended Complaint contain discussions of proprietary business information. | GRANTED. |

### III. ORDER

For the foregoing reasons, the Court GRANTS sealing motions at ECF 94 and 108.

**IT IS SO ORDERED.**

Dated: September 1, 2016

_____
BETH LABSON FREEMAN
United States District Judge