Brian R. Nester, (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg, (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Richard A. Cederoth, (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina, (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Michael J. Bettinger SBN 122196
mbettinger@sidley.com
Ezekiel L. Rauscher, SBN 269141
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION; IPR LICENSING, INC., and INTERDIGITAL PATENT HOLDINGS, INC. <br><br> Defendants. | Case No. 15-cv-1716 BLF <br><br> **PARTIES' JOINT STATEMENT OF DISCOVERY DISPUTE RE: IDC'S WITHHELD DOCUMENTS IN RESPONSE TO RFPS 3, 9, 29, 30-32, AND 44** |

**PUBLIC, REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**ASUS's Position:** ASUS requests that this Court require IDC to produce internal documents and communications relating to the economic analysis and valuations of its licenses, effective royalty rates of those licenses, and application if its Royalty Formulas to its licenses, which are indisputably responsive to ASUS's document requests. Exs. 2-5. IDC has not confirmed whether it will produce these documents, and objected to related testimony on the basis of privilege. The parties were unable to resolve the dispute. *See* Exs. 6-8.

IDC agreed to produce these documents in response to, *inter alia*, ASUS's RFPs 3, 9, 29, 30-32, and 44. Exs. 2-5. IDC admitted that such documents exist within its possession, custody, and control. Ex. 8, 2. Yet, to date, IDC has not produced any of the requested internal documents, information, or communications, despite its claim of substantial completion of document production. These documents are highly relevant to this litigation: this case centers on whether IDC's licensing practices, including royalty rates and license terms offered to ASUS, are fair, reasonable and non-discriminatory compared to the royalty rates and licenses given to other licensees. *See, e.g.*, Dkt. No. 107, ¶¶ 46-66, 76-79, 94-97, 103-06. These documents facilitate exactly that comparison and go to the heart of ASUS's claims.

IDC asserts that the contents of these documents are privileged.[1] Ex. 9, 72:9-18, 73:12-15. ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████ Ex. 9, 71:12-74:17.[2]

Contrary to IDC's assertions, these documents are not privileged. Privilege applies sparingly only when there is a clear showing that a document or communication was directed toward securing legal advice. *Diagnostics Sys. Corp. v. Symantic Corp.*, 2008 WL 9396387, at *8 (C.D. Cal. Aug. 12, 2008), *aff'd*, 328 F. App'x 621 (Fed. Cir. 2008). It does not cover communications concerning business matters or documents prepared in the ordinary course of business, even if they may be

---

[1] To the extent this dispute is not resolved until after depositions, ASUS requests the depositions of IDC's witnesses be continued to ask about the withheld documents.

[2] After the deposition, ASUS requested that IDC confirm it was withholding these responsive documents based on privilege. Ex. 6, 2-3. In response and after a two-week "investigation" in response to ASUS's request, IDC obfuscated its position on these documents. *See* Exs. 6-7; Ex. 8, 2-3 ("[W]e are not in a position to assess questions of attorney-client privilege over a vague and broad category of documents that have not been fully reviewed.").

1  useful in litigation. Fed. R. Civ. P. 26(b)(3); *Diagnostics*, 2008 WL 9396387, at *7. The record
2  indicates that the documents at issue were created by non-lawyers and establishes their "primary or
3  predominant purpose" is to facilitate IDC's patent licensing business—not to provide legal advice.
4  *SanDisk Corp. v. Round Rock Research LLC*, 2014 WL 691565, at *2-3 (N.D. Cal. Feb. 21, 2014)
5  (citing *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *2 (N.D. Cal. 2013));
6  *Diagnostics*, 2008 WL 9396387, at *8; *Thought, Inc. v. Oracle Corp.*, 2014 WL 394024, at *3 (N.D.
7  Cal. Aug. 11, 2014). Even if these documents may be used in litigation, they were not created
8  "because of the prospect of litigation." *In re Grand Jury*, 357 F.3d 900, 907 (9th Cir. 2004). They
9  would "likely have been prepared in identical or substantially similar form regardless of the prospect
10 of litigation." *Longitude Licensing Ltd. v. Apple Inc.*, 2015 WL 7272667, at *3-4 (N.D. Cal. 2015).
11 IDC's economic analysis and valuation of its licenses, its effective royalty rate analysis, its Royalty
12 Formulas serve one purpose – allowing the business to evaluate the business terms, revenue to be
13 received, under the licenses proposed and entered.
14      Internal documents and communications containing IDC's license valuations, effective rate
15 calculations, and application of its Royalty Formulas documents at issue go to the core of IDC's
16 business and are created and maintained for business purposes. As IDC's 10-Ks and Annual Reports
17 explain, "[a] significant portion of [IDC's] business involv[es] the licensing of [its] patents" and
18 IDC's revenue is "almost entirely comprised of patent royalties." *E.g.*, Ex. 10, ASUS_0008047,
19 ASUS_0008065. The 10-Ks and Annual Reports explain that IDC regularly uses Royalty Formulas
20 to value patent royalty revenues from its various types of licenses. *E.g.*, ASUS_0008054-55. ▮
21 ▮
22 ▮
23 ▮
24 ▮
25 ▮
26 ▮
27 ▮ Thus, IDC's public documents and ex-employee testimony establish the withheld
28 [3] Frank Reiner was a software engineer who became the senior director of licensing. Ex 11.

1  documents are prepared ████████████████████████████—and are at least
2  predominantly for IDC's business purposes. *Diagnostics*, 2008 WL 9396387, at *7; *SanDisk*, 2014
3  WL 691565, at *4 (licensing entity compelled to produce royalty revenue documents).[4]

4  Courts have repeatedly rejected attempts by licensing entities (similar to IDC) to broadly
5  shield these documents and others relating to royalty revenues, patent analysis, business
6  presentations, and negotiation documents because, by its nature, its business involves legal advice
7  and occasionally litigation. *Thought*, 2014 WL 394024, at *3; *SanDisk*, 2014, WL 691565, at *2-4;
8  *Diagnostics*, 2008 WL 9396387, at *5-8; *Longitude*, 2015 WL 7272667, at *3-4. For the same
9  reasons, IDC's attempts to shield the contents of its core business documents should be denied and
10 IDC should be compelled to produce the withheld, responsive documents.

11 **InterDigital's Position:**

12 Asustek's motion to compel materials relating to "economic analysis, such as valuations,
13 effective royalty rates, and Royalty Formulas of its licenses" ignores that InterDigital has already
14 produced numerous responsive non-privileged documents, calls for potentially privileged
15 information, and is not ripe for consideration at this time.

16 As a preliminary matter, given the breadth and burden associated with Asustek's request,
17 InterDigital's review and production of responsive, non-privileged materials is ongoing.
18 InterDigital, a technology company that is engaged in the research, design, and development of
19 advanced digital wireless technologies, licenses its extensive patent portfolio to a broad array of
20 companies for use in digital cellular and wireless products. McElvaine Decl. ¶ 4. InterDigital
21 maintains a range of materials within the company that relate in some way to "economic analysis" of
22 its licenses. ████████████████████████████████████████████
23 ████████████████████████████████████████████████████████
24 ████████████████████████ As such, Asustek's unbounded request for such
25 documents is vague and ambiguous, disproportional to the needs of the case, and requires a time-

---

[4] To the extent IDC asserts the documents are privileged because they were used or requested by IDC employees with law degrees, that position is unfounded. *E.g.*, *Diagnostics*, 2008 WL 9396387, at *6-8 ("documents resulting from [business] functions cannot be categorized in sweeping assertions of privileges and protection in order [to] shield the documents from discovery simply because [IDC's employees are] lawyer[s].").

consuming, document-by-document review. Asustek has not specified which materials it seeks and relies instead on reference to vague categories of documents ("economic analyses"), which must be reviewed on a granular, document-by-document basis.

To the extent Asustek seeks documents reflecting InterDigital's analysis to determine what contractual terms to propose to licensees, including royalties, such analyses may be privileged. *Id.* ¶ 8. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.*

Compliance with FRAND obligations is an intrinsically legal, not business, determination. *See Qualcomm v. Broadcom*, 501 F.3d 297, 314 n.8 (3d Cir. 2007) (citing *ESS Tech., Inv. v. PC-Tel, Inc.*, 2001 WL 1891713, at *3-6 (N.D. Cal. Nov. 28, 2001)). ████████████████████████████████████████████████████████████████. Yet, Asustek seeks information on how InterDigital internally reaches this legal conclusion. The requests seek to probe the legal advice, legal assumptions, and legal opinions of InterDigital's attorneys regarding whether certain proposed royalties and other license terms comply with FRAND. ████████████████████████████████████████████████████████████████████████ That InterDigital's license offers constitute an aspect of its business does not mean that the underlying analyses are not attorney-client privileged and/or attorney work product.

Thus, in light of the legal landscape in which InterDigital operates, InterDigital may properly withhold documents reflecting legal advice sought or given concerning proposed royalty rates, appropriate discounts, and payment structures. *See Clayton v. Vanguard Car Rental*, 2009 WL 5851088, at *5 (D.N.M. Dec. 16, 2009) (denying motion to compel compilation of "statistics" and

"calculations" because they reveal "strategic decisions" and "reflect[ ] the mental processes of an attorney"); *Oklahoma v. Tysons Foods, Inc.*, 262 F.R.D. 617, 619-20, 632-33 (N.D. Okla. 2009) (protecting as work product summary charts, including numerical data collected from third parties, because gathered data was selected by counsel).

Contrary to Asustek's characterization, InterDigital has performed a reasonable and diligent search to locate documents that appear responsive to Asustek's requests, and InterDigital has produced a large number of potentially responsive documents, including documents relating to economic analyses that provide detailed information about different payment structures it proposed (lump-sum payments, percentage royalty rates, and per-unit payments), discounts it utilized (volume discounts, prepayment discounts, *etc.*), and assumptions underlying certain licensing proposals (volume assumptions, sales forecasts, and projections). *E.g.,* McElvaine Decl. ¶ 9. Although these documents reflect non-privileged aspects of InterDigital's analyses and calculations underlying its royalty proposals, Asustek fails to explain why they are insufficient to satisfy its requests.

Finally, as InterDigital has conveyed to Asustek, the present dispute is not ripe. Ex. 8. Given the vague nature of Asustek's requests and the legal nature of ensuring compliance with InterDigital's FRAND obligations, the privilege assessment of documents including such analysis must be performed on a document-by-document basis. Indeed, InterDigital has not yet completed its document production, finalized its review of potentially privileged documents, or completed its production of privilege logs. Thus, the issue of whether InterDigital is entitled to assert privilege over these documents is simply not ripe. *See In re Allergan, Inc. Sec. Litig.*, 2016 WL 5929250, at *5 (C.D. Cal. Oct. 5, 2016) (privilege dispute unripe where party "has not identified which documents he believes to be privileged, nor [ ] produced a privilege log detailing those documents and the basis for his claim"); *Kava Holdings, LLC v. Rubin*, 2016 WL 6652706, at *1 (C.D. Cal. Nov. 10, 2016) ("the application of both privileges is very fact-specific – made on a case-by-case basis when considering specific communications or work product"). InterDigital thus respectfully requests that the Court allow InterDigital to complete its production and the drafting of its privilege log. At that time, the parties will be in a position to meet and confer, narrow their disputes, and identify specific materials whose privileged nature may be disputed by Asustek.

5
JOINT STATEMENT OF DISCOVERY DISPUTE - CASE NO. 15-CV-1716 BLF

**MEET AND CONFER CERTIFICATION:** Pursuant to Your Honor's Standing Order for Civil Cases, the Parties hereby certify through their undersigned counsel that the parties met and conferred on January 26, 2018 pursuant to L.R. 37-1, and subsequently corresponded via letter, in a good faith attempt to resolve this dispute prior to filing this letter. The parties were unable to resolve their differences.

| | |
|---|---|
| Dated: March 2, 2018 | SIDLEY AUSTIN LLP |

By: */s/ Brian R. Nester*

Brian R. Nester (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Michael J. Bettinger (SBN 269141)
mbettinger@sidley.com
Ezekiel L. Rauscher (SBN 269141)
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Richard A. Cederoth (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED

| | | |
|---|---|---|
| 1 | Dated: March 2, 2018 | WILSON SONSINI GOODRICH & ROSATI |

By: */s/ Maura Rees*

David S. Steuer, State Bar No. 127059
dsteuer@wsgr.com
Michael B. Levin, State Bar No. 172329
mlevin@wsgr.com
Maura L. Rees, State Bar No. 191698
mrees@wsgr.com
Matthew R. Reed, State Bar No. 196305
mreed@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Lucy Yen, State Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for Defendants
INTERDIGITAL, INC., INTERDIGITAL
COMMUNICATIONS, INC., INTERDIGITAL
TECHNOLOGY CORPORATION, IPR
LICENSING, INC.; and INTERDIGITAL PATENT
HOLDINGS, INC.

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), counsel for plaintiffs ASUS Computer International and ASUSTeK Computer Inc. has obtained concurrence of Maura Rees, counsel for defendants InterDigital, Inc; InterDigital Communications, Inc.; InterDigital Technology Corporation; IPR Licensing, Inc.; and InterDigital Patent Holdings, Inc., in the filing of this Joint Statement of Discovery Dispute.

Dated: March 2, 2018                              By:  */s/ Ezekiel Rauscher*
                                                                                                        Ezekiel Rauscher
                                                                                                        Attorney for Plaintiffs
                                                                                                        ASUS COMPUTER INTERNATIONAL, and
                                                                                                        ASUSTEK COMPUTER INCORPORATED