Brian R. Nester, (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg, (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711

Richard A. Cederoth, (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina, (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Michael J. Bettinger SBN 122196
mbettinger@sidley.com
Ezekiel L. Rauscher, SBN 269141
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,  ASUSTEK COMPUTER INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED , <br><br> Plaintiffs, <br><br> vs. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION; IPR LICENSING, INC., and INTERDIGITAL PATENT HOLDINGS, INC. <br><br> Defendants. | Case No. 15-cv-1716 BLF <br><br> **PARTIES' JOINT STATEMENT OF DISCOVERY DISPUTE RE: DEFENDANTS' WITHHOLDING OF DOCUMENTS IN RESPONSE TO ESI SEARCH TERM REQUESTS** |

**ASUS's Position:** The parties agreed to email production requests limited to eight custodians per party, and eight search terms per custodian. Stipulated Order re: Discovery of Electronically Stored Information ("ESI Order"). Dkt. No. 133 at 2:3-11. IDC violated the ESI Order by withholding emails captured by ASUS's search terms, based solely on IDC's unilateral determinations of responsiveness or relevance. IDC did not disclose that it was doing so—rather, ASUS discovered the violation when it was conferring with IDC about a separate issue.

The ESI Order does not allow IDC to withhold email search results based on responsiveness or relevance. It instructs the parties confer about search terms "narrowly tailored to particular issues" and to employ "narrowing search criteria that sufficiently reduce the risk of overproduction." Dkt. No. 133 at 2:12–15 (emphasis added). It encourages the "[u]se of narrowing search criteria . . . to limit the production" of emails. *Id.* at 2:19–20 (emphasis added). There would be no "risk of overproduction" if the parties were intended to review and withhold documents based on relevance. Nor is there any provision that allows the parties to filter the search results for relevance.

Pursuant to the ESI Order, IDC negotiated for narrower search terms to limit IDC's production to relevant emails. *See, e.g.*, Ex. 1 at 8 (B. Johnson Dec. 22, 2017 letter to M. Rees) (emphasis added) ("IDC indicated concerns that there may be some non-responsive documents swept into the scope of [a] search term" proposed by ASUS.); *id.* ("Based on the information IDC provided regarding documents it represent[ed] are not responsive but would be captured by the original proposed search terms, [ASUS] proposed [] amendments in an attempt to limit the search to relevant documents responsive to ASUS's RFPs . . . .") (emphasis added); Ex. 2 at 1 (M. Rees Dec. 7, 2017 letter to B. Johnson) ("While adding (NOT router) would help to eliminate some nonresponsive documents, it is necessary to have some AND terms to narrow the results to documents relevant to this litigation . . . .") (emphasis added). These negotiations to narrow the search terms to only capture responsive and relevant emails were unnecessary for IDC, because IDC was planning to withhold all the search results that it deemed nonresponsive or irrelevant.

The ESI Order is designed to allow the requesting parties to make their own decisions about what search terms to use and to prevent the responding parties from withholding any search results based on unilateral determinations of responsiveness or relevance. The benefits of that approach are

demonstrated by this case. When it violated the ESI Order, IDC withheld emails that are clearly responsive and relevant. For example, IDC withheld the email Bates-stamped IDC-ASUS-1716-0300180, which was captured by the search terms and is responsive and relevant. *See* Ex. 3 at 1, 3. IDC only produced the email after ASUS saw references to it in other documents and asked IDC why it had not been produced. *Id.* at 2. Even then, IDC stated that the email "was not located as part of the agree-upon [sic] collection parameters," but that IDC would produce it "as a one-time accommodation" to ASUS. *Id.*. IDC's latest position is that, while the "email was indeed collected from Mr. Bernstein's files as a result of our negotiated search terms," it was withheld "due to an administrative error" which affected "certain additional documents" as well. *Id.* at 1. IDC has not explained what this "administrative error" was.

ASUS asked IDC on February 13, 2018 whether IDC was withholding emails based on relevance or responsiveness—it could not answer. *See* Ex. 4 at 3 (email re February 13). On February 14, 2018, during a meet and confer, IDC confirmed that it was withholding documents based on relevance. *See id.* During that same call, ASUS explained that IDC was violating the ESI Order, and asked IDC whether it would produce the emails and, at minimum, state how many emails it had withheld. *See id.* IDC agreed to follow up with the number of withheld documents. IDC did not do so. ASUS reiterated its requests and position in e-mails on February 27 and March 4, but IDC did not respond until March 6, 2018—nearly three weeks later. *Id.* at 1. On that date, IDC for the first time argued that the ESI Order permits IDC to withhold emails captured by the search terms based on "relevance or responsiveness." *Id.* IDC's only support for its untenable interpretation of the ESI Order was citation to a single sentence from a discovery Order issued by Judge Cousins in a different case: *In re Qualcomm Antitrust Litig.*, Case No. 17-md-02773 LHK (NC), ECF No. 155 (N.D. Cal., filed Oct. 18, 2017), attached as Exhibit 5. That Order—which issued after the ESI Order—does not support IDC's argument on its face because it lacks any context. With context, the Order further confirms that IDC is wrong.[1]

---

[1] In that case, Qualcomm served Apple, a non-party witness, with subpoenas containing ordinary categorical document requests (using categorical descriptions of documents rather than search terms, date ranges, and custodians). *Id.* at Dkt. Nos. 111-2 and 111-3. Apple objected to the subpoenas as unduly burdensome. *Id.* at Dkt. Nos. 111, 112. To limit the pool of documents that Apple would be required to review for responsiveness, and thereby reduce Apple's burden, the parties "agreed to

1    ASUS requests that the Court require IDC to (a) produce (or list on its privilege log) the emails that it withheld based on relevance or responsiveness; (b) disclose what criteria it used for its responsiveness and relevance determinations; and (c) disclose what the "administrative error" was that caused it to withhold responsive emails, and how it relates to IDC's determinations of responsiveness and relevance.  After reviewing the contents of those productions, ASUS will determine whether it is necessary to negotiate with IDC to re-open the depositions of IDC's witnesses at IDC's expense, or seek other remedies under the ESI Order or other authorities, and will seek an additional order from the Court if the parties cannot agree.

**InterDigital's Position:**  For the first time, at the end of fact discovery, ASUS is advancing a new, previously-unstated position that the stipulated ESI Order means that *all search term hits* must be produced regardless of relevance or responsiveness to the parties' extensively-negotiated Rule 34 document requests.  ASUS's position violates Rule 26, which limits discovery to *relevant* material, and is inconsistent with the parties' discussions. When negotiating search terms, ASUS never once mentioned this novel interpretation, and instead ASUS's conduct was consistent with the view that the search terms would result in a set of documents to review for responsiveness to Rule 34 requests. In November 2017, ASUS objected to one of InterDigital's search terms ("Quanta") on the ground that none of InterDigital's document requests called for such documents.  InterDigital agreed that this was a valid objection and served further Rule 34 requests directed to Quanta.  Rees Decl. ¶¶ 2-5. ASUS's objection would make no sense if the email search terms were independent of Rule 34 requests.  Likewise, both parties served interrogatories asking the other to identify, *for each Rule 34 request*, the requests that called for e-mail and identifying relevant custodians. Exs. 7-8. This further confirmed InterDigital's understanding that the search terms were directed to Rule 34 requests.  In December 2017, InterDigital also served a written response to ASUS's email search terms expressly incorporating its objections *to each Rule 34 document request* and further limiting its response

---

conduct the review using agreed-upon custodians and search terms." *Id.* at Dkt. No. 112 at 5.  Apple then reviewed the search results for documents responsive to the categorical requests in the subpoenas.  *Id.* at Dkt. No. 132 at 4.  Unlike IDC, Apple was not a party to the litigation and certainly did not enter into a binding stipulated ESI Order to produce emails captured by agreed-upon search criteria.  Rather, Apple negotiated to reduce its burden in responding to categorical requests for production which, by their nature, require determinations of responsiveness.

based on the parties' discovery agreements and the ESI Order. Ex. 9. ASUS never asked why InterDigital was renewing its Rule 34 request objections, as it surely would have if it had believed that the email search terms were separate from and unrelated to the Rule 34 document requests.

In negotiating the scope of responses to the Rule 34 requests, InterDigital agreed to produce documents within reasonable, proportional limits. For example, InterDigital limited the scope of patent licenses and negotiations to be produced to those executed after August 2003 relating to cellular and wireless terminal units. These limits were important to reduce burden and attain proportionality. Opening up the scope to InterDigital's entire business would massively multiply the third-party confidentiality issues, when InterDigital has already agreed to seek consent from dozens of third parties within the scope of agreed discovery. In addition, because ASUS seeks discovery from the files of from multiple in-house attorneys, an unlimited scope of responsiveness would greatly expand the privilege review required. ASUS's new demand for *all* search term hits, far beyond the scope of the agreements to produce with respect to Rule 34 requests, is in violation of Rule 26, would impose undue burden and delay, and is far out of proportion to the needs of the case.

ASUS's unreasonable interpretation of the ESI Order came to light when a third party (quite reasonably) objected to ASUS's request to produce its confidential information about audio patents with no relevance to this case. Ex. 10. It is now evident that ASUS is: (i) delaying its document production by seeking unnecessary third party consents; and (ii) artificially inflating its deficient production by indiscriminately dumping irrelevant documents on InterDigital. ASUS has driven up InterDigital's review costs by forcing it to slog through irrelevant emails such as lengthy discussions about the "law of attraction" self-help system. Exs. 11-14. Because ASUS is located in Taiwan, such emails are in Chinese, forcing InterDigital to undertake the cost of translation to even determine that the documents are not relevant. The Court should order ASUS to cease these improper practices and make good faith efforts to review search term hits for responsiveness, as well as shift costs as appropriate. Wright & Miller, Fed. Practice & Proc. § 2213 (party has burden to "select and produce the items requested rather than simply dumping large quantities of unrequested materials."). ASUS's artificially inflated production has also served to conceal deficiencies in its email searches. Although ASUS claims to have produced *all* search term hits from eight custodians, this is highly

unlikely given the relatively small numbers of emails produced. Rees Decl. ¶ 6. ASUS is a huge multinational corporation that sells millions of wireless products annually, yet somehow the search terms directed to these products have yielded only a small handful of emails for many custodians. For example, ASUS produced only two e-mails from HC Hung – the head of the mobile business unit who signed the license agreement with InterDigital. It is highly improbable that the full set of Mr. Hung's custodial emails for the entire period of his employment at ASUS included only two emails that matched the search terms targeted to the business unit he oversaw.

ASUS cites no case in which any court has ordered production of all search term hits without regard to relevance, and courts routinely deny such demands. *FlowRider Surf, Ltd.,* 2016 U.S. Dist. LEXIS 153563, at *24-28 (S.D. Cal. 2016); *Youngevity Int'l Corp,* 2017 U.S. Dist. LEXIS 210386, at *28–35 (S.D. Cal. 2017); *Bombardier Rec. Prods*., 2014 U.S. Dist. LEXIS 184986, at 41–42 (D. Minn. 2014) (argument that all hits must be produced "borders on baseless"); *see also In re Qualcomm Antitrust Litig*., 17-md-02773 LHK (NC), Dkt. No. 155 (Oct. 18, 2017).[2] Negotiated search terms and custodians go to reducing the universe of documents to be reviewed. ASUS relies solely on the word "overproduction" in the ESI Order for its claim that all search term hits must be produced, but of course reducing the review universe also serves to prevent "overproduction" by ensuring that not every single e-mail with in a company must be reviewed and potentially produced if responsive.[3] As discussed in the parties' correspondence, InterDigital understood the search terms to be targeting the documents most likely to be responsive to Rule 34 requests, and search terms certainly serve to reduce the number of nonresponsive documents that must be reviewed. But search terms cannot completely substitute for responsiveness review, particularly where a party has expressly placed reasonable limits on its agreements to produce in response to Rule 34 requests.

---

[2] As the Court is well aware, Apple has voluntarily "shouldered the discovery burdens of a party" as a complainant to the FTC and as a party in the coordinated cases, so ASUS incorrectly distinguishes this case on the ground that Apple is a third party. Apple has reported to the Court that it has withheld over 350,000 documents on non-responsiveness grounds (*In re Qualcomm,* No. 17-220, Dkt. No. 403), and there has been no suggestion that Apple should have produced all search term "hits" simply because ESI discovery was structured using search terms.

[3] ASUS also incorrectly claims that InterDigital failed to review search term hits based on one inadvertent error where InterDigital said it would provide a copy of a document from a source outside the search terms as an accommodation to provide prompt production, but then later determined the document had actually hit on search terms and was already queued for production.

**MEET AND CONFER CERTIFICATION:** Pursuant to Your Honor's Standing Order for Civil Cases, the Parties hereby certify through their undersigned counsel that the parties met and conferred on March 12, 2018 pursuant to L.R. 37-1, and corresponded via letters and emails both before and after that date, in a good faith attempt to resolve this dispute. The parties were unable to resolve their differences.

| | | |
|---|---|---|
| 1 | Dated: March 23, 2018 | SIDLEY AUSTIN LLP |

By: *Brian R. Nester*

Brian R. Nester (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Michael J. Bettinger (SBN 269141)
mbettinger@sidley.com
Ezekiel L. Rauscher (SBN 269141)
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Richard A. Cederoth (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED

| | | |
|---|---|---|
| Dated: March 23, 2018 | | WILSON SONSINI GOODRICH & ROSATI |

By: */s/ Maura L. Rees*

David S. Steuer, State Bar No. 127059
dsteuer@wsgr.com
Michael B. Levin, State Bar No. 172329
mlevin@wsgr.com
Maura L. Rees, State Bar No. 191698
mrees@wsgr.com
Matthew R. Reed, State Bar No. 196305
mreed@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Lucy Yen, State Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for Defendants
INTERDIGITAL, INC., INTERDIGITAL
COMMUNICATIONS, INC., INTERDIGITAL
TECHNOLOGY CORPORATION, IPR
LICENSING, INC.; and INTERDIGITAL PATENT
HOLDINGS, INC.

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), counsel for plaintiffs ASUS Computer International and ASUSTeK Computer Inc. has obtained concurrence of Maura Rees, counsel for defendants InterDigital, Inc; InterDigital Communications, Inc.; InterDigital Technology Corporation; IPR Licensing, Inc.; and InterDigital Patent Holdings, Inc., in the filing of this Joint Statement of Discovery Dispute.

Dated:  March 23, 2018                By:  */s/ Ezekiel Rauscher*
                                            Ezekiel Rauscher
                                            Attorney for Plaintiffs
                                            ASUS COMPUTER INTERNATIONAL, and
                                            ASUSTEK COMPUTER INCORPORATED