Brian R. Nester, (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg, (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Richard A. Cederoth, (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina, (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Michael J. Bettinger, SBN 122196
mbettinger@sidley.com
Ezekiel L. Rauscher, SBN 269141
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION; IPR LICENSING, INC., and INTERDIGITAL PATENT HOLDINGS, INC. <br><br> Defendants. | Case No. 15-cv-1716 BLF <br><br> **ASUS'S STATEMENT OF DISCOVERY DISPUTE RE: DEFENDANTS' WITHHOLDING OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 21, 22, 51, 52, 56** |

Based on confidentiality and burden, IDC refuses to produce the fact and expert testimony, and expert reports, that set forth IDC's licensing practices for its 2G, 3G, 4G and/or IEEE patent portfolio and its positions about its obligations to extend FRAND license terms. That is the central issue to this case.  IDC should be compelled to produce the documents.

On October 26, 2016, ASUS sought production of "[a]ll expert reports and filings prepared by InterDigital in any litigation . . . that address any claim or defense of a violation of InterDigital's FRAND obligations." Ex. 1 at RFPs 21, 22.  IDC objected (*id.*) and after several failed meet and confer attempts, ASUS stated that the parties "[we]re at an impasse."  Ex. 2 at 3; *see* Exs. 3-5. On October 4, 2017, IDC responded: "We are reconsidering our objections and will get back to you on whether we intend to stand by our objections." Ex. 6 at 2.[1] On February 7, ASUS offered to compromise by limiting RFP Nos. 21 and 22 to "prior expert reports by the experts disclosed by IDC in this litigation." Ex. 7 at 7. But, IDC has maintained its objections on confidentiality and burden.

Similarly, in response to RFP Nos. 51, 52 and 56, IDC refused to produce any "court transcripts of IDC employees, or ex-employees" that involve IDC's licensing negotiations at issue, licensing practices at issue or its declaration to certain standard setting bodies. *See* Ex. 8 at 3-5, 7. Again, IDC objected based on boilerplate objections that amounted to a legally deficient response under FRCP 34(b), which requires objections be stated "with specificity." *Id.*  As of March 21, 2018, IDC provided the same confidentiality and burden reasons for withholding these documents.

IDC's prior expert reports, expert testimony, and employees' testimony regarding FRAND, declarations to ETSI, 3GPP, and IEEE, IDC's licensing practices of 2G, 3G, 4G and/or IEEE patents are indisputably relevant. They involve the same licensing practices, technology and FRAND commitments as those at issue here, and should be produced. *See Apple Inc. v. Samsung Elec. Co.*, 2012 WL 1232267, at *2-4 (N.D. Cal. 2012) (compelling production of Apple transcripts from ITC because "technological nexus" between cases). In fact, IDC has cited its ITC investigations involving 3G licensing practices in discovery responses to support its positions. Ex. 9 at 12-13, 15.

Nor can IDC withhold these documents based on confidentiality. "[T]here is no absolute privilege for . . . confidential information." *Fed. Open Market Comm. of Fed. Res. Sys. v. Merrill*,

---

[1] By contrast, ASUS has produced requested documents from other litigations involving FRAND.

443 U.S. 340, 362 (1979). Where disclosing confidential materials may cause harm to a party, courts may enter protective orders to limit the use of discovered documents. *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir. 1992). That is precisely what the Court did in this case. ECF No. 13; *see Apple*, 2012 WL 1232267, at *6 (Protective Order sufficient).

Subsequent to the Court's Stipulated Protective Order—and after IDC responded to RFPs 21 and 22—IDC obtained permission from all third parties it had or has 2G, 3G, 4G or IEEE licenses with, permitting it to produce those licenses and underlying negotiations subject to the Protective Order; it then produced those documents to ASUS. Oddly, IDC now asserts it cannot produce the requested documents because of confidentiality obligations owed to the very same third parties for whom it had obtained permission to produce the same or similar documents relied on in other cases.[2]

Moreover, protective orders allowing a party to withhold documents based on confidentiality are rare. *See Open Market*, 443 U.S. at 362 n.24. If IDC believed this warranted such an order, it should have filed a motion with the Court showing "good cause" for its issuance under FRCP 26(c) "before the date by which it was to produce responsive documents"—any time between November 23, 2016 and now. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009). In such a motion, IDC would bear the burden of showing, document-by-document, "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). In this case, IDC has already produced all the underlying licenses and negotiations that form the basis of IDC's assertions. IDC has not stated the "specific prejudice or harm" that would result from its production. *Id.* at 1130. In contrast, ASUS would be highly prejudiced if IDC were permitted to withhold the documents. IDC has conceded that it has been subject to prior litigations that involve the same FRAND claims, standards, patents, and licenses before this Court. *See* Ex. 2 at 3. IDC has cited these litigations in its discovery responses to support its defense of no wrong-doing. Ex. 9 at 12-13, 15.

ASUS respectfully requests that the Court compel IDC to produce the documents requested in RFPs 21, 22, 51, 52, and 56.

---

[2] The scope of IDC's third party permissions does not excuse its refusal to produce documents. At the time IDC sought the permission, it had responded to those RFPs and met and conferred about them. It could have sought permission then, which would have sufficed to quell any of IDC's ITC protective order concerns. Ex. 10 at 2 ("In absence of written permission from supplier…").

**MEET AND CONFER CERTIFICATION**: Pursuant to Your Honor's Standing Order for Civil Cases, ASUS hereby certifies through its undersigned counsel that the parties met and conferred on at least August 28, 2018 (regarding RFPs 21 and 22), February 14, 2018 (regarding RFPs 21 and 22) and March 21, 2018 (regarding RFPs 21, 22, 51, 52, 56) pursuant to L.R. 37-1 in a good faith attempt to resolve this dispute. The parties were unable to resolve their differences.

IDC refused to submit a response in time to file this statement as required under L.R. 37-2, which requires ASUS to file this statement by today, March 23, 2018. ASUS believes that the IDC had adequate time to prepare its portion of a Joint Statement, and indeed IDC requested that ASUS prepare responsive portions of joint statements raising three separate disputes on a similar timeline, and ASUS did so. Therefore, to preserve its right to bring this issue to the Court's attention, ASUS was forced to file this statement unilaterally.

Dated: March 23, 2018                                     SIDLEY AUSTIN LLP


By: */s/ Brian R. Nester*

Brian R. Nester (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Michael J. Bettinger (SBN 269141)
mbettinger@sidley.com
Ezekiel L. Rauscher (SBN 269141)
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Richard A. Cederoth (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED