1  DAVID S. STEUER, State Bar No. 127059
   dsteuer@wsgr.com
2  MICHAEL B. LEVIN, State Bar No. 172329
   mlevin@wsgr.com
3  MAURA L. REES, State Bar No. 191698
   mrees@wsgr.com
4  MATTHEW R. REED, State Bar No. 196305
   mreed@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  650 Page Mill Road
   Palo Alto, CA 94304-1050
7  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
8
   LUCY YEN, State Bar No. 224559
9  lyen@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue of the Americas, 40th Floor
11 New York, NY 10019-6022
   Telephone:  (212) 999-5800
12 Facsimile:   (212) 999-5899

13 Attorneys for Defendants
   *InterDigital, Inc.; InterDigital Communications,*
14 *Inc.; InterDigital Technology Corporation; IPR*
   *Licensing, Inc.; and InterDigital Patent*
15 *Holdings, Inc.*

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                          SAN JOSE DIVISION

19

20 ASUS COMPUTER INTERNATIONAL; and        )    Case No.: 15-cv-1716 (BLF)
   ASUSTEK COMPUTER INCORPORATED,          )
21                                         )    **PARTIES' JOINT STATEMENT OF**
                    Plaintiffs,            )    **DISCOVERY DISPUTE RE:**
22                                         )    **PLAINTIFFS' DEFICIENT**
            v.                             )    **DOCUMENT PRODUCTION**
23                                         )
   INTERDIGITAL, INC.; INTERDIGITAL        )    **HIGHLY CONFIDENTIAL –**
24 COMMUNICATIONS, INC.; INTERDIGITAL      )    **ATTORNEYS' EYES ONLY**
   TECHNOLOGY CORPORATION ; IPR            )
25 LICENSING, INC. ; and INTERDIGITAL      )    **PUBLIC VERSION**
   PATENT HOLDINGS, INC.,                  )
26                                         )
                    Defendants.            )
27

28

JOINT STATEMENT OF DISCOVERY DISPUTE                    Case No.: 15-cv-1716 (BLF)

1    **InterDigital's Position:** InterDigital seeks the Court's resolution of a discovery dispute

2    concerning whether Asustek must produce documents from an alternative e-mail custodian.

3    During the parties' negotiations concerning email custodians, InterDigital specifically

4    asked Asustek whether it had preserved the emails of HC Hung, a former senior-level employee

5    who signed the PLA between the parties.  InterDigital made clear that, to the extent Asustek had

6    not preserved Mr. Hung's emails, InterDigital would designate a replacement custodian.  *See* Ex. 1

7    at 7 (11/28/17 ltr. from M. Rees to B. Johnson).  Asustek subsequently confirmed it had Mr.

8    Hung's emails.  Months later, on February 25, 2018, Asustek's witness testified that its system for

9    preserving emails upon an employee's departure may not have been in place at the time of Mr.

10   Hung's departure.  *See* Ex. 2 at 115:3-116:6.  To date, Asustek has produced only *two* documents

11   (out of its production of approximately 17,000 documents) listing Mr. Hung as a custodian and 35

12   other emails for which Mr. Hung is an author or recipient.  Although Asustek claims to have

13   collected 31,973 emails from Mr. Hung's account, Asustek repeatedly refused to provide

14   InterDigital with the time frame for the preserved emails or the specific date of Mr. Hung's

15   departure from Asustek.  It was not until two days ago that Asustek finally informed InterDigital

16   that Mr. Hung left the company in 2011.

17   If Asustek has only a small subset of Mr. Hung's total emails, the Court should allow

18   InterDigital to designate a new replacement email custodian.  InterDigital has proposed such an

19   alternative email custodian (Michelle Hsu), but Asustek has flatly rejected collecting from a new

20   custodian.  Instead, Asustek offers the ineffective and unhelpful proposal of running search terms

21   on two *existing* custodians from whom they have already run many *duplicative* search terms.  That

22   does not address the unfairness caused by Asustek's misleading statements about the emails it had

23   preserved for Mr. Hung.  InterDigital thus requests that the Court allow InterDigital to designate

24   another email custodian.

25   **Asustek's Position:** ASUS has dutifully complied with the ESI order, including

26   searching the e-mails of the custodians identified by IDC. When IDC identified Mr. Hung, it

27   asked if ASUS "will be producing e-mails from [HC Hung]." Ex. 1 at 7. ASUS indicated it

28   would check if it had e-mails from him, and it did. Specifically, ASUS collected 31,973 e-mails,

1    and ran the agreed-upon English and Chinese search terms through those e-mails. It de-

2    duplicated identical e-mails among the custodians and produced every non-privileged e-mail that

3    hit the search terms, as required by the ESI order.

4           Now, after the clock has struck midnight in discovery, IDC is complaining about its

5    choice of custodians and the e-mails that have been searched. IDC complains that ASUS has

6    only produced two e-mails with HC Hung as the custodian. But, if this is the measure of

7    warranting new custodians, then IDC's production is no different. IDC's CEO Bill Merritt was

8    identified for 8 search terms, has been employed by IDC for over 12 years, and was identified as

9    having discoverable information across several topics in IDC's Initial Disclosures. Ex. 1, 1-3;

10   Ex. 3 at 3. IDC represented it searched his e-mail, but IDC has only produced *one* document for

11   which he is the custodian. IDC's Ranae McElvaine was identified for 8 different search strings.

12   Ex. 1, 1-3. Although Ms. McElvaine is currently General Counsel, has been an employee of IDC

13   for ##, was designated on several 30(b)(6) topics, and was identified as having discoverable

14   information regarding "Licensing of InterDigital patents," IDC produced a total of 14 e-mails for

15   which she is custodian.[1] Ex. 3 at 3. It is not clear how it is fair or appropriate for IDC to get to

16   pick a new custodian when its production for certain custodians is commensurate.

17          Moreover, as IDC admits, there are 35 other produced e-mails that include HC Hung. In

18   addition, there are at least 80 e-mails involving HC Hung that have been entered in the privilege

19   logs produced to InterDigital. These are likely the entirety of the relevant e-mails because the

20   two topics for which IDC designated him a custodian—licensing negotiations and financial

21   information—would be found in other custodians' searches. *See* Ex. 1, 4-7. For example,



26

[1] Similarly, IDC only produce 151 e-mails where Cheryl Henry was custodian although she has been an employee at IDC since 2012, is actively involved in several negotiations by her own admission, and was designated as a custodian for 8 separate search strings. Ex. 8, 1-3. Relative to IDC's production size, this small amount raises the same questions that IDC raises here.

1

2

3          Notably, ASUS has never identified HC Hung as someone with relevant information. *See*

4    Ex. 4 at 3-6. Nonetheless, IDC chose to search his e-mails. By contrast, several individuals who

5    IDC identified as having relevant information to this litigation in its Initial Disclosures had none

6    or very few documents for which they were named custodian. For example, IDC named James

7    Nolan as having information relevant to InterDigital's technology development and engineering,

8    yet he is not a custodian on a single of the hundreds of thousands of documents InterDigital

9    produced. Ex. 20 at 3. Similarly, Richard Brezski, who IDC identified as having discoverable

10   information about "InterDigital's finances and accounting" and who was designated on several

11   30(b)(6) topics on behalf of InterDigital, is not a custodian of a single one of IDC's hundreds of

12   thousands of documents produced. Ex. 3 at 3.

13          As with the other three issues IDC raised in its draft joint statement to ASUS, ASUS has

14   offered to compromise. Even though IDC has never identified what categories of documents are

15   missing from ASUS's production as a result of the issues it raises here, ASUS has offered to

16   conduct additional searches using HC Hung's search terms on two custodians: Jacky Lu and

17   Vincent Hong. After discovery has closed and in view of similar issues with IDC's own

18   custodian search, ASUS maintains that this is the most reasonable approach. IDC's request for a

19   new custodian is a request for a fishing expedition after the close of fact discovery. IDC requests

20   to search the e-mails of Michelle Hsu—someone who IDC never even asked to depose and who

21   was never listed on IDC's supplemental initial disclosures as likely to have discoverable

22   material. Thus, IDC's request for relief is improper and unwarranted, especially in view of the

23   compromises ASUS is offering and the close of fact discovery.

24   **MEET AND CONFER CERTIFICATION:**  Pursuant to Your Honor's Standing Order for Civil

25   Cases, the InterDigital hereby certifies through its undersigned counsel that the parties met and

26   conferred on March 12, 2018 pursuant to L.R. 37-1 in a good faith attempt to resolve this dispute

27   prior to filing this letter. The parties were unable to resolve their differences.

28

1    Dated:  March 23, 2018              */s/ Lucy Yen*_____

2                                         David S. Steuer
                                          Michael B. Levin
3                                         Maura L. Rees
                                          Matthew R. Reed
4                                         WILSON SONSINI GOODRICH &
                                          ROSATI
5                                         650 Page Mill Road
6                                         Palo Alto, California 94304-1050
                                          Telephone: (650) 493-9300
7                                         Facsimile: (650) 493-6811

8                                         Lucy Yen
9                                         WILSON SONSINI GOODRICH & ROSATI
                                          1301 Avenue of the Americas, 40th Floor
10                                        New York, NY 10019-6022
                                          Telephone:  (212) 999-5800
11                                        Facsimile:   (212) 999-5899

12                                        *Counsel for Defendants*
13                                        *InterDigital Communications, Inc., InterDigital*
                                          *Technology Corporation, IPR Licensing, Inc., and*
14                                        *InterDigital Holdings, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   Dated: March 23, 2018                By: */s/ Brian R. Nester*_____

3                                        Brian R. Nester (*pro hac vice*)
                                         bnester@sidley.com
4                                        Anna M. Weinberg (*pro hac vice*)
                                         aweinberg@sidley.com
5                                        Brian P. Johnson, (*pro hac vice*)
                                         bpjohnson@sidley.com
6                                        SIDLEY AUSTIN LLP
                                         1501 K Street, N.W.
7                                        Washington, D.C. 20005
                                         Telephone: (202) 736-8000
8                                        Facsimile: (202) 736-8711

9                                        Michael J. Bettinger (SBN 269141)
                                         mbettinger@sidley.com
10                                       Ezekiel L. Rauscher (SBN 269141)
                                         erauscher@sidley.com
11                                       SIDLEY AUSTIN LLP
                                         555 California Street
12                                       Suite 2000
                                         San Francisco, California 94104
13                                       Telephone: (415) 772-1200
                                         Facsimile: (415) 772-7400
14
                                         Richard A. Cederoth (*pro hac vice*)
15                                       rcederoth@sidley.com
                                         David C. Giardina (*pro hac vice*)
16                                       dgiardina@sidley.com
                                         SIDLEY AUSTIN LLP
17                                       One South Dearborn
                                         Chicago, IL 60603
18                                       Telephone: (312) 853-7000
                                         Facsimile: (312) 853-7036
19
                                         Attorneys for Plaintiffs
20                                       ASUS COMPUTER INTERNATIONAL,
                                         ASUSTEK COMPUTER INCORPORATED
21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

I, Lucy Yen, hereby attest that I obtained the concurrence of Brian R. Nester in filing this document.  I declare under penalty of the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of March 2018 at New York, New York.


/s/ Lucy Yen                              
Lucy Yen