Brian R. Nester, (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg, (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Richard A. Cederoth, (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina, (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Michael J. Bettinger SBN 122196
mbettinger@sidley.com
Ezekiel L. Rauscher, SBN 269141
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION; IPR LICENSING, INC., and INTERDIGITAL PATENT HOLDINGS, INC. <br><br> Defendants. | Case No. 15-cv-1716 BLF <br><br> **ASUS'S STATEMENT OF DISCOVERY DISPUTE RE: DEFENDANTS' WITHHOLDING OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 50, 53, 63** |

**PUBLIC, REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**ASUS's Position:** IDC improperly withheld third-party reports for sales data in response to RFPs 50, 53, and 63. The central issue in this case is whether IDC complied with its FRAND obligations requiring it to provide ASUS reasonable license terms comparable to others. Thus, the basis of IDC's terms in its licenses and offers are highly relevant to the financial comparison the parties will present to the Court. IDC admittedly ████████████████████ ████████████████████████████████████████ ASUS requests access to the same data that IDC ████████████████████████████████████████████████ ████████████████████████████

On February 14, 2018 ASUS sought documents "used by IDC to forecast Licensees' and potential Licensee's sales volumes" and "Gartner Dataquest Reports . . . , including those referred to, quoted, in or partially attached to" certain documents identified by Bates number. Ex. 1 at 2-3, 5-6, 11-12 (RFP Nos. 50, 53, 63). On March 16, 2018—the last day of fact discovery—IDC served boilerplate objections. *Id.* IDC insisted on meeting and conferring instead of producing any requested documents. The parties did so on March 21, 2018. IDC does not dispute the relevance of the requested reports. Instead, IDC insists that copyright use agreements prevent it from producing the requested documents.[1] Yet, IDC never contacted these companies to request permission for production. IDC improperly delays production while ASUS's expert reports—which will be informed by and likely rely on these materials—are due on April 13, 2018.

Copyright law provides no basis to withhold the documents. "Reproduction of copyrighted material for use in litigation or potential litigation is generally fair use, even if the material is copied in whole." *Stern v. Does*, 978 F. Supp. 2d 1031, 1047-49 (C.D. Cal. 2011) (citing *Jartech Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982)). Using an entire copyrighted work, for the purposes of litigation, "serves an important 'societal interest in having evidence before the factfinder.'" *Denison v. Larkin*, 64 F.Supp.3d 1127, 1132-35 (N.D. Ill 2014) (citing *Jarech*, at 666 F.2d 403). Courts will consider several factors to determine whether fair use is favored. *Id.*

In the context of usage within a litigation—factors 1 and 3—courts consider whether the copyrighted work is being used for a specific litigation purpose. *Id.* For factor 2, courts consider

---

[1] IDC did not identify any copyright objection in its response to these RFPs, nor did it explain how its objections justify withholding *any other* documents responsive to the RFPs. Ex. 1 at 2-3, 5-6.

whether the copyrighted work is factual in nature, rather than creative. *Id.* (internal citation omitted). Finally, for factor 4, courts look to whether use in litigation does not create a market substitute for the copyrighted work. *Id.* Here, each of these factors favors fair use.

    ASUS has identified a specific litigation purpose for this data ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2, 148:23-149:9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* 149:10-23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3, 42:17-43:20, 44:10-45:24. And, this data is referenced and relied on in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    Second, the discovery ASUS seeks is factual information, not creative works (like a "short story or unfinished memoir"), which favors fair use. *Denison*, 64 F.Supp.3d at 1134-35. ASUS seeks specific sales and forecast information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    Third, IDC's production of this third party data does not create a market substitute. *Id.* at 1135. IDC can produce these documents under the Protective Order's "Highly Confidential" designation. ECF No. 134. The parties accessing this information are generally limited to outside counsel and experts, only for use specifically within this litigation. *Id.* This arrangement would not create a market substitute to IDC's or ASUS's business subscription for sales and forecast data. Ex. 3, 19:11-19. Nor would it discourage others from purchasing subscription services because they are available only for purposes of this litigation.

    Finally, IDC argued during the meet and confer that ASUS should purchase its own third party data rather than requesting production. ASUS has purchased and produced certain data in this litigation. But that is not a substitute for what ASUS seeks—the third party data IDC uses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Absent IDC's production, ASUS cannot know the specific assumptions IDC used. Therefore, this court should compel production in response to RFPs 50, 53 and 63.

---

[2] IDC Data is a third party data company, separate from Defendants.

1  **MEET AND CONFER CERTIFICATION:** Pursuant to Your Honor's Standing Order for Civil
2  Cases, ASUS hereby certifies through its undersigned counsel that the parties met and conferred on
3  March 21, 2016 pursuant to L.R. 37-1 in a good faith attempt to resolve this dispute. The parties
4  were unable to resolve their differences.
5       IDC refused to submit a response in time to file this statement as required under L.R. 37-2,
6  which requires ASUS to file this statement by today, March 23, 2018.  ASUS believes that IDC had
7  adequate time to prepare its portion of a Joint Statement, and indeed IDC requested that ASUS
8  prepare responsive portions of joint statements raising three separate disputes on a similar timeline,
9  and ASUS did so.  Although IDC provided its position on this issue in an e-mail on March 23, IDC
10  refused to state that position in response to this statement. Therefore, to preserve its right to bring
11  this issue to the Court's attention, ASUS was forced to file this statement unilaterally.

Dated: March 23, 2018          SIDLEY AUSTIN LLP

By: */s/ Brian R. Nester*

Brian R. Nester (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Michael J. Bettinger (SBN 269141)
mbettinger@sidley.com
Ezekiel L. Rauscher (SBN 269141)
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Richard A. Cederoth (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED