DAVID S. STEUER, State Bar No. 127059
dsteuer@wsgr.com
MICHAEL B. LEVIN, State Bar No. 172329
mlevin@wsgr.com
MAURA L. REES, State Bar No. 191698
mrees@wsgr.com
MATTHEW R. REED, State Bar No. 196305
mreed@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

LUCY YEN, State Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for Defendants
*InterDigital, Inc.; InterDigital Communications, Inc.; InterDigital Technology Corporation; IPR Licensing, Inc.; and InterDigital Patent Holdings, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION ; IPR LICENSING, INC. ; and INTERDIGITAL PATENT HOLDINGS, INC.,<br><br>　　　　Defendants. | Case No.: 15-cv-1716 (BLF)<br><br>**PARTIES' JOINT STATEMENT OF DISCOVERY DISPUTE RE: PLAINTIFFS' DEFICIENT DOCUMENT PRODUCTION**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**PUBLIC VERSION** |

**InterDigital's Position:** InterDigital seeks the Court's resolution of additional discovery disputes concerning the following deficiencies in Asustek's document production: (1) whether Asustek should produce documents relating to Innovative Sonic; and (2) whether Asustek should produce documents containing analyses of InterDigital's 4G patents.

Issue 1: In response to InterDigital's document requests, Asustek has agreed to produce documents relating to Innovative Sonic, an entity to which Asustek assigned dozens of its standards essential patents relating to cellular and wireless technology. *See* Ex. 1 at 9-10 (Asustek's Objections and Responses to InterDigital's Fifth Set of Requests for Production). Like many of Asustek's documents containing confidential third-party information, Asustek has withheld production of certain documents (and/or produced documents in redacted form) relating to Innovative Sonic pending consent (or lapse of the notice period).

Asustek long ago agreed to produce documents relating to its plans regarding its patents or patented technology, patent acquisition, and licensing and enforcement of its patents. *See* Ex. 2 at 10 (Asustek's Supp. Objections and Responses to InterDigital's First Set of Requests for Production, served July 21, 2017). Yet Asustek did not seek consent from Innovative Sonic to produce various responsive documents until weeks before the close of fact discovery.

To minimize any further prejudice to InterDigital, the Court should compel Asustek to produce documents relating to Innovative Sonic by April 6, 2018.

Issue 2: In response to InterDigital's document requests, Asustek agreed to produce documents "analyzing patents declared to SSOs involving technology associated to 2G, 3G, 4G, and/or IEEE standards." Ex. 3 at 36 (Asustek's Objections and Responses to InterDigital's First Set of Requests for Production, served Dec. 2, 2016). While Asustek has produced analyses of InterDigital's patents relating to 2G and 3G technology, it has not produced any such analyses relating to 4G technology. Indeed, during his deposition, Asustek witness Jacky Lu testified that Asustek prepared similar evaluation documents concerning its analysis of InterDigital's 4G patents to those Asustek produced concerning 2G and 3G. *See* Ex. 4 at 27:4-29:19 (explaining that he would "have to see [the reports] in order to be sure" about Asustek's conclusions regarding InterDigital's 4G patents).

During the parties' meet and confer, Asustek represented that it had determined that some of Asustek's patent analyses of InterDigital's 4G patents were privileged and included these documents on its privilege log.  Asustek claimed that, due to its perceived fear of litigation by InterDigital around 2014 or 2015, some of Asustek's 4G patent analyses constituted attorney work product.  Assuming *arguendo* that Asustek was legitimately concerned about litigation in 2014, and undertook technical analysis at the direction of counsel, Asustek's privilege log nevertheless contains various entries from 2012 which predate any potential threat of litigation:  Log Nos. 172-235 and 238-279 from Asustek's Second Privilege Log and Log Nos. 1890 and 1893-1920 from Asustek's Third Privilege Log.  *See* Ex. 5 at 22-34 and Ex. 6 at 155-56.  Furthermore, it is unclear whether any Asustek attorney is listed as an author or recipient on any of the referenced communications.

Because Asustek has previously produced similar analyses relating to other InterDigital patents and by its own admission did not feel threatened by litigation in 2012, InterDigital respectfully requests the Court to compel Asustek to produce the above-identified documents.

**Asustek's Position:**

Issue 1: IDC's motion is unfounded. Despite being aware of Innovative Sonic since at least 2010[1], IDC did not issue a document request seeking discovery identifying Innovative Sonic until five minutes before the deadline for such requests.  Nor had IDC mentioned Innovative Sonic on any of the parties' numerous meet and confers before that time.  Further, even before this last-minute request was made, ASUS had already begun producing discovery on this issue. To date, IDC has received substantial discovery related to Innovative Sonic, through document requests, interrogatory responses, and the testimony of several witnesses.  At this stage, if IDC believes discovery is deficient, IDC should identify *with specificity* the categories of documents for which it seeks production.  Instead, IDC now moves to compel all "documents related to Innovative Sonic."  In light of the relevant discovery already produced in this case, this motion should be denied as overbroad, redundant, and not proportionate to the needs of the case.

---

[1] Ex. 12 [redacted]

IDC's fifth set of document requests included three requests specifically involving documents related to Innovative Sonic. Ex. 1, at 9-12 (RFP Nos. 137-139). In response, ASUS objected to these requests as overbroad, identified its efforts in producing documents, and stated it is working to produce additional documents subject to the third party confidentiality provisions within the Protective Order. *Id.* Indeed, ASUS has already produced numerous e-mail communications ███ *See, e.g.,* Ex. 11 ███ Ex. 10 ███ ASUS identified all known agreements between ASUS and Innovative Sonic in response to an interrogatory request. Ex. 8, ASUS Resp. to IDC's 2nd Set of ROGs at 18-20 (response to ROG 24). ASUS produced all such agreements. *See, e.g.,* Ex. 9, ███.[2] And ASUS offered testimony of numerous witnesses with knowledge of Innovative Sonic. *See, e.g.,* Ex. 14, Hong Tr. 22:10-19 ███; 115:22-24 ███ 21:5-22:4 ███; *see, e.g.,* Ex. 16, Zen Tr. at 96:17-99:18 ███ ASUS has further indicated that it is continuing to conduct its search of Innovative Sonic documents, subject to its objections, and will produce those documents once third party confidentiality covered under the Protective Order is resolved.

With respect to the third party confidentiality, to the extent this court is considering whether to compel production of documents withheld by ASUS on that basis, ASUS takes no position on that issue. However, IDC's motion is not so limited. And a blanket request to compel "documents related to Innovative Sonic" is inappropriate, particularly in light of the substantial effort ASUS has made in this litigation. This Court should therefore deny this motion.

---

[2] The portion of this document containing patent assignment agreements between ASUS and Innovative Sonic has been redacted, subject to the Protective Order for third party confidentiality.

1   Issue 2: IDC seeks e-mails and attachments containing ASUS's analysis of IDC's patents
2   during the 2012 timeframe, which are privileged work product created at the threat of and in
3   anticipation of litigation. *See* Ex. 5 (entries 172-235, 238-279); Ex. 6 (entries 1890, 1893-1920).[3]
4   Under FRCP 26(b)(3)(A), attorney work product "prepared in anticipation of litigation or
5   for trial or for another party or its representative" is subject to privilege. Courts analyze
6   "whether, in light of the nature of the document and the factual situation in the particular case,
7   the document can fairly be said to have been prepared or obtained because of the prospect of
8   litigation." *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 440 (N.D. Cal. 2010) (quoting Wright
9   & Miller § 202). Documents, including those with multiple purposes, "are 'deemed prepared
10  because of litigation if 'in light of the nature of the documents and the factual situation in the
11  particular case, the document can be fairly said to have been prepared or obtained because of the
12  prospect of litigation." *U.S. v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (citations omitted).
13  In the 2012 timeframe,[4] work product attached to ASUS's analysis of IDC's patents. In
14  determining whether work product applies, it is important to note that ASUS's business is to
15  create and sell various consumer electronics. It is not to litigate or to license patents.
16  Repeatedly, in 2011 and 2012, IDC



*See, e.g.*, Ex. 17, Ex. 18, Ex. 19

---

25  [3] ASUS has agreed to de-designate entries 1893-1920 and is in the process of producing these documents. Thus, this motion is moot with respect to those entries.

27  [4] Notably, IDC does not dispute ASUS's work product assertions over claim charts and patent analysis conducted from 2014 onward, leading into this litigation. Thus, ASUS only addresses its privilege assertions for those claim charts and patent analysis created in the 2012-2013 time period.

1
2
3      ASUS's corporate representative testified that ASUS understood
4
5  especially in the context of IDC's litigious activities against other potential licensees in the 2011-
6  2013 time frame. Ex. 23, J. Lu Tr. 44:12-46:7.
7      In response to and concurrent with these statements, ASUS's engineers, at the direction
8  of ASUS's legal department, analyzed the patents provided by IDC, as reflected in the
9  challenged log entries. *See, e.g.*, Ex. 22, E. Chang Tr. 21:11-22:17 (not recalling specifically
10 IDC's patents but explaining generally that she, on behalf of the legal department, would send
11 patents to engineers (like Richie) for a patent analysis to determine if ASUS's products "may
12 potentially use this patent"); Ex. 21, entries 1611-1614
13                                                                                      *id.*, entry
14 1617                                                                  *see also* Ex. 23, J.
15 Lu Tr. 24:2-12. Thus, this analysis was conducted in anticipation of litigation, facing a real risk
16 that IDC would sue ASUS for infringement of those very patents. The fact that the parties
17                            does not negate the application of work product. *See Lewis*, 266 F.R.D. at
18 440 ("the work product doctrine can reach documents prepared because of litigation even if they
19 were prepared in connection with a business transaction or also served a business purpose."
20 (quoting *U.S. v. Adlman*, 134 F.3d 1194. 1195 (2nd Cir. 1998))).
21     By contrast, as IDC correctly acknowledges, ASUS has produced several claim charts
22 analyzing IDC's 2G and 3G products during the 2004-2007 time frame. As ASUS's corporate
23 representative testified, prior to 2007
24                    . Ex. 23, J. Lu Tr. at 43:2-44:11. Thus, these claim charts were produced.

---

[5] As ASUS witnesses testified, Alex Sun and Sam Jiang are part of ASUS's Standardization Department and are responsible for ASUS's and third partys patent analysis. *See, e.g.*, Ex. 16, R. Zen Tr. 56:5-57:18; 59:8-60:10. Several other individuals on the e-mails identified are engineers who are part of the same department. Erica Chang and Christian Yang are patent engineers in ASUS's legal department and Jacky Lu is a Director within ASUS's legal department. *See, e.g.*, Ex. 20, 5-6.

1      Accordingly, the ASUS documents logged as entries 172-235, 238-279 in Log 2 and entry 1890 in Log 3 are privileged, and IDC's motion should be denied.

**MEET AND CONFER CERTIFICATION:** Pursuant to Your Honor's Standing Order for Civil Cases, the Parties hereby certify through their undersigned counsel that the parties met and conferred on March 21, 2018 pursuant to L.R. 37-1 in a good faith attempt to resolve this dispute prior to filing this letter.  The parties were unable to resolve their differences.

Dated: March 23, 2018                                      */s/ Lucy Yen*_____

                                                         David S. Steuer
                                                         Michael B. Levin
                                                         Maura L. Rees
                                                         Matthew R. Reed
                                                         WILSON SONSINI GOODRICH & ROSATI
                                                          650 Page Mill Road
                                                         Palo Alto, California 94304-1050
                                                         Telephone: (650) 493-9300
                                                         Facsimile: (650) 493-6811

                                                         Lucy Yen
                                                         WILSON SONSINI GOODRICH & ROSATI
                                                         1301 Avenue of the Americas, 40th Floor
                                                         New York, NY 10019-6022
                                                         Telephone:  (212) 999-5800
                                                         Facsimile:   (212) 999-5899

*Counsel for Defendants*
*InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.*

| | | |
|---|---|---|
| 1 | Dated: March 23, 2018 | By: */s/ Brian R. Nester*_____ |
| 2 | | Brian R. Nester (*pro hac vice*) |
| | | bnester@sidley.com |
| 3 | | Anna M. Weinberg (*pro hac vice*) |
| | | aweinberg@sidley.com |
| 4 | | Brian P. Johnson, (*pro hac vice*) |
| | | bpjohnson@sidley.com |
| 5 | | SIDLEY AUSTIN LLP |
| | | 1501 K Street, N.W. |
| 6 | | Washington, D.C. 20005 |
| | | Telephone: (202) 736-8000 |
| 7 | | Facsimile: (202) 736-8711 |
| 8 | | Michael J. Bettinger (SBN 269141) |
| | | mbettinger@sidley.com |
| 9 | | Ezekiel L. Rauscher (SBN 269141) |
| | | erauscher@sidley.com |
| 10 | | SIDLEY AUSTIN LLP |
| | | 555 California Street |
| 11 | | Suite 2000 |
| | | San Francisco, California 94104 |
| 12 | | Telephone: (415) 772-1200 |
| | | Facsimile: (415) 772-7400 |
| 13 | | |
| | | Richard A. Cederoth (*pro hac vice*) |
| 14 | | rcederoth@sidley.com |
| | | David C. Giardina (*pro hac vice*) |
| 15 | | dgiardina@sidley.com |
| | | SIDLEY AUSTIN LLP |
| 16 | | One South Dearborn |
| | | Chicago, IL 60603 |
| 17 | | Telephone: (312) 853-7000 |
| | | Facsimile: (312) 853-7036 |
| 18 | | |
| | | Attorneys for Plaintiffs |
| 19 | | ASUS COMPUTER INTERNATIONAL, |
| | | ASUSTEK COMPUTER INCORPORATED |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**FILER'S ATTESTATION**

I, Lucy Yen, hereby attest that I obtained the concurrence of Brian R. Nester in filing this document. I declare under penalty of the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of March 2018 at New York, New York.

*/s/ Lucy Yen*
Lucy Yen