DAVID S. STEUER, State Bar No. 127059
dsteuer@wsgr.com
MICHAEL B. LEVIN, State Bar No. 172329
mlevin@wsgr.com
MAURA L. REES, State Bar No. 191698
mrees@wsgr.com
MATTHEW R. REED, State Bar No. 196305
mreed@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

LUCY YEN, State Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for Defendants
*InterDigital, Inc.; InterDigital Communications,*
*Inc.; InterDigital Technology Corporation; IPR*
*Licensing, Inc.; and InterDigital Patent*
*Holdings, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION ; IPR LICENSING, INC. ; and INTERDIGITAL PATENT HOLDINGS, INC.,<br><br>Defendants. | Case No.: 15-cv-1716 (BLF)<br><br>**DEFENDANTS' OBJECTION TO ASUS'S UNILATERAL STATEMENT RE: DOCUMENT REQUESTS 21, 22, 51, 52 AND 56** |

ASUS sent the proposed joint statement to InterDigital on this discovery dispute on Thursday, March 22 – when the deadline for motions to compel is Friday, March 23 – and demanded a substantive response within one day.  Yet just the day before, on March 21, ASUS had made a proposal seeking InterDigital's agreement for ASUS to submit joint statements on a number of discovery issues after the March 23 deadline – by March 30 or April 7 depending on the issue.  InterDigital agreed the same day in writing.  Because the surprise statement ASUS served on this motion did not provide enough time for InterDigital to reasonably respond to the substance, InterDigital proposed submitting a joint statement using the same procedure proposed by ASUS: InterDigital offered to provide its half of the joint statement next week, and would not assert objections based on the motion to compel deadline.  Ex. A.  In complete disregard of the representations it had made to InterDigital on Wednesday about its intention to file joint statements next week or the following week, ASUS abruptly refused InterDigital's reasonable proposal to proceed via joint statement (which followed the identical procedure that ASUS itself had proposed and agreed to) and filed a unilateral statement instead, sandbagging InterDigital with this eleventh-hour motion.  Late Friday, ASUS claimed for the first time that it has now decided it could not make later filings "without court order" – but in that case ASUS could and should have sought an order extending the motion to compel deadline, which it had every opportunity to do but inexplicably did not.  Further, ASUS proceeded with its unilateral statement in spite of the Court's March 23 Order directing the parties to meet and confer about the pending discovery disputes and to seek to narrow the disputes.  Instead, ASUS is multiplying those disputes with its last-minute filings.

ASUS's unilateral statement is untimely and violates the Court's standing order, particularly in light of InterDigital's offer to promptly provide its portion of the joint statement on a reasonable schedule.  Requests Nos. 21 and 22 were served in October 2016, well over a year ago.  There is no reason ASUS could not have provided a joint statement on these requests weeks ago instead of withholding it until the day before the motion to compel deadline.  During the parties' meet and confer on these issues over the course of the past year, InterDigital explained to ASUS the extremely burdensome logistical issues associated with producing

1    materials that are subject to protective orders in other matters.  In addition to confidential

2    information of parties in the other matters, there is also information that is confidential to third

3    parties in those matters, whose information was provided subject to a requirement that it only be

4    used for purposes of that action.  For example, ASUS seeks reports of experts who have provided

5    opinions on behalf of InterDigital in other cases.  Such reports often discuss the confidential

6    licensing information of dozens of third parties who permitted disclosure for purposes of use in

7    that case only.  Obtaining permission to produce such documents in another case would require

8    many new rounds of third party confidentiality consent requests; even combing through old

9    reports and determining which parties to notice would be a very burdensome exercise,

10   particularly in light of the specter of being accused of violating another court's protective order.

11   Because of this burden, and the attenuated relevance in light of the fact that InterDigital's experts

12   in this case will provide reports with analysis actually directed to this case, InterDigital objected

13   to producing such documents.  InterDigital explained such concerns again to ASUS during the

14   parties' February 14 teleconference, and no progress was made toward a resolution.  Yet ASUS

15   still waited until the last day before motions to compel were due to assert this motion.

16          InterDigital has informed ASUS that, pursuant to the Court's March 23 Order, it will

17   meet and confer with ASUS on Monday March 26 regarding whether the dispute can be

18   narrowed.  If no resolution is reached, InterDigital will promptly submit a substantive response.

19   **MEET AND CONFER CERTIFICATION:**  As set forth above and in the attached exhibit,

20   InterDigital sought to meet and confer with ASUS about filing a joint statement and made

21   reasonable proposals to do so, but ASUS refused and filed a unilateral statement instead.

22

23   Dated: March 24, 2018                              */s/ Maura L. Rees*

24                                                       David S. Steuer
                                                         Michael B. Levin
25                                                       Maura L. Rees
                                                         Matthew R. Reed
26                                                       WILSON SONSINI GOODRICH &
                                                         ROSATI
27                                                       650 Page Mill Road
                                                         Palo Alto, California 94304-1050
28                                                       Telephone: (650) 493-9300
                                                         Facsimile: (650) 493-6811

1

2                    Lucy Yen
WILSON SONSINI GOODRICH & ROSATI

3                    1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

4                    Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899

5

6                    *Counsel for Defendants*
*InterDigital Communications, Inc., InterDigital*

7                    *Technology Corporation, IPR Licensing, Inc., and*
*InterDigital Holdings, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28