DAVID S. STEUER, State Bar No. 127059
dsteuer@wsgr.com
MICHAEL B. LEVIN, State Bar No. 172329
mlevin@wsgr.com
MAURA L. REES, State Bar No. 191698
mrees@wsgr.com
MATTHEW R. REED, State Bar No. 196305
mreed@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

LUCY YEN, State Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899

Attorneys for Defendants
*InterDigital, Inc.; InterDigital Communications, Inc.; InterDigital Technology Corporation; IPR Licensing, Inc.; and InterDigital Patent Holdings, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED,<br><br>  Plaintiffs,<br><br>  v.<br><br>INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION ; IPR LICENSING, INC. ; and INTERDIGITAL PATENT HOLDINGS, INC.,<br><br>  Defendants. | Case No.: 15-cv-1716 (BLF)<br><br>**DEFENDANTS' OBJECTION TO ASUS'S UNILATERAL STATEMENT RE: DOCUMENT REQUESTS 50, 53, AND 63** |

ASUS sent a proposed joint statement to InterDigital on this discovery dispute on Thursday, March 22 – when the deadline for motions to compel is Friday, March 23 – and demanded a substantive response within one day.  Yet the parties were still in the middle of meeting and conferring about these requests.  Just the day before, on Wednesday, March 21, ASUS had raised these requests in a telephone call with InterDigital, and in that call, had asked InterDigital to: (1) provide a written position on these requests by March 23; and (ii) agree that ASUS could file a joint statement on any motion to compel these requests by April 7.  Ex. A.  InterDigital promptly agreed in writing to ASUS's extension proposal the same day.  *Id*.

Accordingly, InterDigital was very surprised to see ASUS's draft joint statement on March 22 demanding that InterDigital provide the other half of the joint statement by March 23, which was completely inconsistent with the representations ASUS had made the day before with respect to the extension agreement and ASUS's intention to later file any joint statements by April 7.  On March 23, as previously agreed, InterDigital provided its written position on these requests, pursuant to which InterDigital agreed to seek consent from the vendors of industry analyst report subscriptions to produce the reports, notwithstanding the vendor's restrictive license agreements prohibiting such wholesale disclosure of such subscription material. Ex. B.  InterDigital requested that ASUS withdraw the joint statement in light of InterDigital's agreement to produce responsive documents upon obtaining consent.  *Id*.  InterDigital also expressed its surprise at ASUS's service of a joint statement on March 22 in light of ASUS's request that InterDigital agree to extend the motion to compel deadline for these requests to April 7 and InterDigital's prior assent thereto.  *Id*.  InterDigital also informed ASUS that to the extent ASUS insisted on filing a unilateral statement notwithstanding the parties' extension agreement on these requests, which provided ample time for a joint statement (and which, again, was affirmatively requested and agreed to by ASUS), InterDigital requested that the parties meet and confer further about these requests on Monday, March 26 pursuant to the Court's March 23 Order.

InterDigital does not believe that the parties have any real dispute with respect to this request, as it informed ASUS in its March 23 email, and accordingly does not know why ASUS

nevertheless filed a unilateral motion after receiving that email.  Particularly in light of the Court's March 23 Order, which directed the parties to meet and confer in an effort to narrow their disputes, there does not seem to be any reason for ASUS to have filed this motion. InterDigital has informed ASUS that, pursuant to the Court's March 23 Order, it will further meet and confer with ASUS on Monday March 26 in an effort to determine why ASUS still considers these requests to be a live dispute (as ASUS has failed to respond to InterDigital's March 23 email asking ASUS to withdraw the draft joint statement).  If no resolution is reached, InterDigital will promptly submit a substantive response.

**MEET AND CONFER CERTIFICATION:**  As set forth above and in the attached exhibits, InterDigital agreed to seek vendors' consent for production of analyst reports subject to restrictive licenses and informed ASUS of that agreement, but ASUS ignored InterDigital's response and filed its unilateral statement nonetheless.

Dated: March 24, 2018

*/s/ Maura L. Rees*

David S. Steuer
Michael B. Levin
Maura L. Rees
Matthew R. Reed
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Lucy Yen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899

*Counsel for Defendants
InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.*