1  DAVID S. STEUER, State Bar No. 127059
   dsteuer@wsgr.com
2  MICHAEL B. LEVIN, State Bar No. 172329
   mlevin@wsgr.com
3  MAURA L. REES, State Bar No. 191698
   mrees@wsgr.com
4  MATTHEW R. REED, State Bar No. 196305
   mreed@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  650 Page Mill Road
   Palo Alto, CA 94304-1050
7  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
8
   LUCY YEN, State Bar No. 224559
9  lyen@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue of the Americas, 40th Floor
11 New York, NY 10019-6022
   Telephone:  (212) 999-5800
12 Facsimile:   (212) 999-5899

13 Attorneys for Defendants
   *InterDigital, Inc.; InterDigital Communications,*
14 *Inc.; InterDigital Technology Corporation; IPR*
   *Licensing, Inc.; and InterDigital Patent*
15 *Holdings, Inc.*

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                           SAN JOSE DIVISION

19

20 ASUS COMPUTER INTERNATIONAL; and      )   Case No.: 15-cv-1716 (BLF)
   ASUSTEK COMPUTER INCORPORATED,        )
21                                       )   **DEFENDANTS' MEMORANDUM
                                         )   OF POINTS AND AUTHORITIES IN
22          Plaintiffs,                  )   SUPPORT OF MOTION TO
                                         )   AMEND SCHEDULING ORDER
23       v.                              )   AND FOR LEAVE TO FILE FIRST
                                         )   AMENDED COUNTERCLAIMS**
24 INTERDIGITAL, INC.; INTERDIGITAL      )
   COMMUNICATIONS, INC.; INTERDIGITAL    )   **JURY TRIAL DEMANDED**
25 TECHNOLOGY CORPORATION ; IPR          )
   LICENSING, INC. ; and INTERDIGITAL    )   Hearing Date:  June 7, 2018
26 PATENT HOLDINGS, INC.,                )   Time:  9:00 a.m.
                                         )   Judge:  Hon. Beth Labson Freeman
27          Defendants.                  )
                                         )
28                            **PUBLIC**

          **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.      INTRODUCTION**

3          At the close of fact discovery, InterDigital learned through deposition testimony of

4  Asustek witnesses and contemporaneous document productions that Asustek had intentionally

5  interfered with InterDigital's patent license agreement with third party Quanta Computer Inc.

6  ("Quanta").  In light of this new evidence, including documents which were produced by Asustek

7  *after the close of fact discovery*, InterDigital now seeks leave to file its First Amended

8  Counterclaims, asserting a new claim against Asustek for intentional interference with contract.

9          InterDigital should be granted leave to add this counterclaim, which would constitute

10 InterDigital's first amendment of its counterclaims.  *First*, InterDigital exercised diligence in filing

11 this Motion.  InterDigital did not learn of Asustek's interference until Asustek produced

12 incriminating documents and provided relevant deposition testimony at *and after* the close of fact

13 discovery.  *Second*, InterDigital has not engaged in any undue delay or bad faith, as it endeavored

14 to undertake a thorough investigation prior to filing its Motion.  *Third*, Asustek would not be

15 prejudiced by InterDigital's amendment.  With trial scheduled for May 6, 2019, Asustek would

16 have over one year to prepare its response to InterDigital's new counterclaim.  Moreover, because

17 Asustek's pending claims and InterDigital's new counterclaim overlap factually, no additional

18 discovery is needed.  *Lastly*, InterDigital's new counterclaim is not futile; it sets forth a viable

19 claim for intentional interference with an ongoing contractual relationship.

20         For all these reasons, InterDigital respectfully requests that the Court grant its Motion to

21 Amend its counterclaims in accordance with Exhibit 1 to the Declaration of Lucy Yen.

22 **II.     FACTUAL BACKGROUND**

23         **A.      Relevant Parties**

24         Asustek and InterDigital entered into a Patent License Agreement ("Asustek PLA") in

25 April 2008.  In exchange for this license, Asustek agreed to report and pay royalties ███

26 ████████ according to the rates in the Asustek PLA.  *See* Dkt. No. 2-2 § 3.1.  There is no

27 dispute that the Asustek PLA does not grant a license to ████████████████.

28 *See* Declaration of Lucy Yen ("Yen Decl."), Ex. 2 at 109:13-110:7.

1    Quanta, a Taiwanese corporation, entered into a Patent License Agreement with

2   InterDigital ("Quanta PLA") in 2005, and later entered into an amendment in 2012.  *See* Yen

3   Decl., Ex. 3.  The Quanta PLA, as amended in 2012, ███████████████████████████

4   ████████████████.  It granted Quanta a license covering not only InterDigital's

5   portfolio of 2G and 3G patents, but also InterDigital's portfolio of 4G patents, █████████

6   ██████████████████████████████████████████

7   ████████████████████████████████████████████

8   ████████████████████████

9    ██████████████████████████████████

10  ████████████████████████████████████

11  ████████████████████████████████████████

12  ██████████████████████████████

13   **B.    Asustek's Limited ██████████ Rights**

14   ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ██████████████████████████████████████████

23  ██████████████████████████████████████████

24  ██████████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████

27  ██████████████████████████████████

28

1

**C.      Asustek's Intentional Interference with the Quanta PLA**

2

Asustek's improper interference with InterDigital's contractual relationship with Quanta

3
came to light only recently.  Weeks before the close of fact discovery, Asustek produced email

4
communications with Quanta.  It was then that InterDigital first learned that ████████████

5
████████████████████████████.  InterDigital learned additional

6
corroborating facts during the course of depositions, which took place on February 24, February

7
25, and March 20, 2018.  *After* the close of fact discovery, Asustek produced additional

8
documents highlighting Asustek's active role █████████████████████

9
█████████████████ in contravention of the terms of the Quanta PLA.

10
InterDigital describes the underlying evidence below.

11
████████████████████████████████

12
████████████████████████████████████

13
██████████████████████████████████████

14
███████████████████████████████

15
███████████████████████████████

16
████████████████████████████████████████

17
█████████████

18

On February 25, 2018, counsel for InterDigital questioned Ms. Yeh about ██

19
████████████████████████████████

20
███████████████████████████████

21
████████████████████████████████████

22
████████████████████████████

23

During another Asustek witness deposition in late February 2018, InterDigital learned

24
that ██████████████████████████████████

25
███████████████████████████████

26
██████████████████████████████████████

27
███████████████████████████████████

28
███████████████████████████

1  ██████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████████

3          On March 23, 2018, one week after the close of fact discovery, Asustek produced

4  additional documents revealing ███████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████

11 *Compare* Dkt. No. 2-2 § 3.1 *with* Yen Decl., Ex. 4 § 8.

12         Further, in Q4 of 2014, ████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████

20 ██████████████████████████████████████████

21    ██████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████

23 ██████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████

25 **III.   PROCEDURAL BACKGROUND**

26        Asustek filed its original Complaint against InterDigital on April 15, 2015.  Dkt. No. 1.

27 Following the arbitrability determination of an arbitral tribunal, Asustek filed its First Amended

28 Complaint on August 18, 2016, asserting all original claims except for Fraudulent Inducement to

1   Contract.  Dkt. No. 107.  InterDigital filed its Answer and Counterclaim to Asustek's First

2   Amended Complaint on September 8, 2016.  Dkt. No. 112.  InterDigital has not filed an

3   amendment to its Answer and Counterclaim to date.  The deadline to amend pleadings was

4   December 26, 2016.  Dkt. No. 122.

5        On November 30, 2017, Asustek served document and deposition subpoenas to Quanta,

6   seeking information relating to Quanta's relationship with InterDigital.  *See* Yen Decl., Exs. 17-

7   18.  On December 20, 2017, InterDigital served document requests to Asustek, seeking

8   information relating to Asustek's relationship with Quanta.  *See id.* at Ex. 19 at 6.  InterDigital

9   also served its own document and deposition subpoenas to Quanta.[1]

10        The initial deadline for the close of fact discovery was January 19, 2018.  Dkt. No. 127.

11   On December 22, 2017, the Court granted the parties' stipulated request to extend the deadline to

12   March 16, 2018.  Dkt. No. 142.  Trial for this matter is set to begin on May 6, 2019.  *Id.*

13   **IV.    ARGUMENT**

14        **A.    Legal Standard**

15        "Where the deadline for amending pleadings set by a court's scheduling order has passed,

16   a request for leave to amend must first be evaluated under the 'good cause' standard of Federal

17   Rule of Civil Procedure 16."  *Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 13-cv-03999 (BLF),

18   2014 WL 6626227, at *1 (N.D. Cal. Nov. 20, 2014); *see also* Fed. R. Civ. P. 16(b)(4).  To

19   determine whether there is good cause, the Court "primarily considers the diligence of the party

20   seeking the amendment."  *Id.*  Specifically, the "moving party must demonstrate that it could not

21   have met the deadline set in the scheduling order despite its diligence, and that it was diligent in

22   seeking to modify the deadline once it became apparent that it could not comply."  *Id.*

23        If the moving party demonstrates its diligence, the Court then considers whether

24   amending the pleadings is permissible under Federal Rule of Civil Procedure 15(a).  *See id.* at

25   *2; *see also* Fed. R. Civ. P. 15(a)(2).  Rule 15(a) is applied with "extreme liberality" in this

26   Circuit.  *See Finjan*, 2014 WL 6626227, at *2.  In determining whether to grant leave to amend

27

28   [1] Quanta did not produce discovery in response to either Asustek's or InterDigital's subpoenas.

1   under this standard, the Court should consider the following factors:  (1) bad faith of the moving

2   party; (2) undue delay by the moving party; (3) prejudice to the opposing party; and (4) futility

3   of the amendment.  *See id.*  When performing this analysis, "all inferences [should be] in favor of

4   granting the motion."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

5                  **B.      InterDigital Has Exercised Diligence in Filing this Motion**

6           The diligence inquiry under Rule 16(b) generally focuses on "the time between the

7   moving party's discovery of new facts and its asking leave of the court to file an amended

8   pleading."  *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026, 2013 WL 1164859, at *2 (N.D.

9   Cal. Mar. 20, 2013).  InterDigital filed the present Motion promptly after learning of the

10  underlying facts.  InterDigital could not have discovered these facts any sooner, given the

11  deposition schedule and Asustek's late document productions.

12          As a preliminary matter, where a party has learned new facts during the course of

13  discovery, courts in this district routinely grant leave to amend pleadings, even after the court-

14  ordered deadline has passed.  *See Finjan*, 2014 WL 6626227, at *2 (finding good cause under

15  Rule 16(b) where party learned of new facts during discovery); *LifeScan Scotland, Ltd. v. Shasta*

16  *Techs., LLC*, Case No. 11-cv-04494, 2013 WL 4777179, at *2 (N.D. Cal. Sept. 6, 2013) (finding

17  defendants "moved diligently to amend their counterclaims after receiving the pertinent

18  deposition testimony which supports the basis for their proposed counterclaims"); *Surface*

19  *Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C 13-0575, 2013 WL 6354244, at *1 (N.D.

20  Cal. Dec. 5, 2013) (granting motion to amend scheduling order and for leave to file amended

21  counterclaims where party was first made aware of grounds for amendment during deposition);

22  *Navarro v. Eskanos & Adler*, No. C 06-02231, 2006 WL 3533039 (N.D. Cal. Dec. 7, 2006)

23  (same); *M.H. v. Cty. of Alameda*, No. 11-2868, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012).

24          Indeed, this Court has granted leave where the party filed its motion to amend within two

25  months of discovery of new evidence, as is the case here.  *See Finjan*, 2014 WL 6626227, at *1

26  (moving party was diligent in filing motion for leave two months after non-moving party's

27  document production); *see also Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.

28  S-05-583, 2006 WL 3733815, at *4 (E.D. Cal. Dec. 15, 2006) (same); *Duarte Nursery, Inc. v.*

1   *U.S. Army Corps of Eng'rs*, No. 2:13-cv-02095, 2015 WL 5173741 (E.D. Cal. Sept. 3, 2015)

2   (moving party first received documents relating to amended claim two months prior to filing

3   motion).  Moreover, while relevant discovery began to come to light in mid-February 2018,

4   material evidence of Asustek's intentional interference continued to emerge as late as March 23,

5   2018,[2] after the close of fact discovery.  *See In re Intuitive Surgical Sec. Litig.*, Case No. 5:13-

6   cv-01920, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (finding good cause where moving

7   party filed "within weeks of the final document production").

8           Asustek will likely argue that InterDigital has long been aware of certain elements

9   supporting the proposed counterclaim, but this does not impact the analysis.  While InterDigital

10  knew that ███████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████, InterDigital

12  did not know and could not have known without discovery that ██████████████████

13  ██████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████████

16  ███████.  Without knowledge of Asustek's direct communications with Quanta,

17  InterDigital's counterclaim may have been speculative.  *See* Section IV.E.  InterDigital had no

18  obligation to raise this counterclaim in the absence of facts recently learned.  *See LifeScan*

19  *Scotland*, 2013 WL 4777179, at *2 ("Such an obligation would be contrary to the requirement in

20  Federal Rule of Civil Procedure 11 that all factual contentions have evidentiary support.").

21          **C.      InterDigital Has Not Engaged in Bad Faith or Undue Delay**

22          There is no evidence of bad faith here.  InterDigital's sole basis for the present Motion is

23  its discovery of new evidence to which it did not previously have access.  Nor was there any

24  undue delay.  Like diligence, the "undue delay inquiry focuses on whether the [party] knew of

25  the facts or legal bases for the amendments at the time the operative pleading was filed and

26  nevertheless failed to act promptly to add them to the pleadings."  *McFall v. Stacy & Witbeck,*

27  _____

28  [2] The relevant documents from the March 23, 2018 production also required translation.

1   *Inc.*, Case No. 14-cv-04150, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016).  Here,

2   InterDigital did not know and could not have known about ████████████████████ prior

3   to the December 26, 2016 deadline to amend pleadings.  At that time, Asustek had barely begun

4   its document production, let alone produce the documents at issue here.

5           **D.      InterDigital's Amended Counterclaim Will Not Prejudice Asustek**

6           "If a court is to deny leave to amend on grounds of undue prejudice, the prejudice must

7   be substantial." *James ex rel. James Ambrose Johnson, Jr., 1999 Tr. v. UMG Recordings, Inc.*,

8   No. C 11-1613, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012).  Asustek cannot demonstrate

9   substantial prejudice.

10          *First*, because InterDigital's counterclaim is premised on facts that are in *Asustek's*

11  possession (*e.g.*, ███████████████████████████████, Asustek's

12  communications with Quanta, and Asustek's intent in ███████████████████

13  ████████, *etc.*), any prejudice to Asustek is minimal at best.  *See In re Intuitive Surgical*, 2017

14  WL 363269, at *2 (prejudice is insignificant where "the amendments all relate to facts that were

15  revealed through the discovery process").  Moreover, Asustek already sought and obtained

16  information concerning the relationship between InterDigital and Quanta during fact discovery.

17  *See, e.g.*, Yen Decl., Ex. 20 at 98:12-99:24; *id.* at Ex. 21; *id.* at Ex. 22 at 3 (agreeing to produce

18  documents sufficient to show royalty payments InterDigital received from third parties).

19          *Second*, InterDigital does not request any additional discovery to support its

20  counterclaim.  InterDigital has already obtained documents containing Asustek's

21  communications with Quanta, taken deposition testimony on Asustek's relationship with Quanta,

22  and attempted to acquire third-party discovery from Quanta.  Similarly, InterDigital has

23  produced the Quanta PLA and subsequent amendments, documents reflecting royalty payments

24  made by Quanta, and provided relevant deposition testimony.  *See id.*  Nor does this proposed

25  counterclaim call for any expert testimony.  This current action thus presents the most efficient

26  means for resolution of the InterDigital's proposed counterclaim.

27          *Third*, given the May 6, 2019 trial date, Asustek has sufficient time to move to dismiss

28  InterDigital's counterclaim, move for summary judgment, and prepare a defense for trial.

1  Indeed, this Court has found that such timing provides "ample time" for a party to address a new

2  claim.  *See Heath v. Google Inc.*, Case No. 15-cv-01824 (BLF), 2017 WL 4005598, at *2 (N.D.

3  Cal. Sept. 12, 2017) (prejudice to non-moving party "slight" where trial over one year away).

### E.     InterDigital's Amended Counterclaim Is Not Futile

5       There is no futility of amendment here.  "A proposed amended [claim] is futile if it would

6  be immediately subject to dismissal."  *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011).

7  Moreover, the "denial of a motion for leave to amend on the ground of futility is rare and courts

8  generally defer consideration of challenges to the merits of a proposed amended pleading until

9  after leave to amend is granted and the amended pleading is filed."  *Todd v. Tempur-Sealy Int'l,*

10  *Inc.*, No. 13-cv-04984, 2015 U.S. Dist. LEXIS 114116, at *12 (N.D. Cal. Aug. 26, 2015).  Here,

11  the amended counterclaim properly states the elements of intentional interference with contract.

12       An interference with contract claim has five elements:  (1) a valid contract between the

13  plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's

14  intentional acts designed to induce a breach or disruption; (4) actual breach or disruption of the

15  contractual relationship; and (5) resulting damages.  *Pac. Gas & Elec. Co. v. Bear Stearns &*

16  *Co.*, 50 Cal. 3d 1118, 1126 (1990).  In the attached First Amended Counterclaims, InterDigital

17  has alleged:  (1) a valid contract between InterDigital and Quanta; (2) ███████████████

18  ████████████████████; (3) ████████████████████████████████

19  ████████████████████████████████████████████; (4)

20  ████████████████████████████████████████; and (5) ██████████

21  ████████████████████████████████████████████████████████

22  ████████.  InterDigital thus easily meets the standard, as it has articulated a "set of facts [that]

23  can be proved under the amendment . . . that would constitute a valid and sufficient claim."

24  *McFall*, 2016 WL 2851589, at *3.

### V.     CONCLUSION

26       For the reasons discussed above, InterDigital respectfully requests that the Court grant its

27  Motion for Leave to File its First Amended Counterclaims.

28

1   Dated: April 16, 2018                    Respectfully submitted,

2                                            WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation
3

4                                            By:  /s/ David S. Steuer
                                                      David S. Steuer
5
                                             David S. Steuer
6                                            Michael B. Levin
                                             Maura L. Rees
7                                            Matthew R. Reed
                                             WILSON SONSINI GOODRICH &
8                                            ROSATI
9                                            650 Page Mill Road
                                             Palo Alto, California 94304-1050
10                                           Telephone: (650) 493-9300
                                             Facsimile: (650) 493-6811
11
                                             Lucy Yen
12                                           WILSON SONSINI GOODRICH & ROSATI
13                                           1301 Avenue of the Americas, 40th Floor
                                             New York, NY 10019-6022
14                                           Telephone:  (212) 999-5800
                                             Facsimile:   (212) 999-5899
15
                                             *Counsel for Defendants InterDigital*
16                                           *Communications, Inc., InterDigital Technology*
                                             *Corporation, IPR Licensing, Inc., and InterDigital*
17                                           *Holdings, Inc.*

18

19

20

21

22

23

24

25

26

27

28