United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC., et al., <br><br> Defendants. | Case No. 15-cv-01716-BLF <br><br> **ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [Re: ECF 191] |

Before the Court is Defendants' motion to file under seal portions of their Motion to Amend Scheduling Order, Motion for Leave to File First Amended Counterclaims and certain exhibits. ECF 191. For the reasons set forth below, the motion at ECF 191 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2

1 highlighting or other clear method, the portions of the document that have been omitted from the
2 redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motion relates to Defendants' First Amended Answer and Counterclaims, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. The Court has reviewed the declarations submitted by Plaintiffs and Defendants in support of sealing. Yen Decl. in Supp. of Mot. to Seal ("Yen Decl."), ECF 191-1; Lin Decl. in Supp. of Mot. to Seal ("Lin Decl."), ECF 192. The Court finds that the parties have articulated compelling reasons to seal the portions sought to be sealed. The proposed redactions are also narrowly tailored. Accordingly, the Court's rulings on the sealing motion are set forth in the table below:

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 191-2 | Exhibit A to the Sealing Declaration (Defendants' Motion to Amend Scheduling Order and for Leave to File First Amended Counterclaims ("Motion to Amend")) | GRANTED as to yellow highlighted portions. | The proposed redactions at 1:25-27; 2:3-27; 3:1-28; 4:4-5; 4:8-9; 4:11-22; 4:24-5:2; 5:4-10; 5:12-24; 8:10-16; 9:2; 9:11-13; and 10:17-22 contain information related to highly confidential patent license agreements of Plaintiffs, Defendants, and third-party Quanta, disclosure of which could cause substantial economic harm to Plaintiffs, Defendants, and Quanta. Mot. 3–4; Yen Decl. ¶¶ 2–3. |
| 191-4 | Exhibit C to the Sealing Declaration (Defendants' File First Amended Counterclaims) | GRANTED as to yellow highlighted portions. | The proposed redactions at 22:21-24; 24:1-2; 24:12-26:2; 26:4-27; 27:1-12; 27:16-28:4; 28:8-12; 29:23-25; 29:27; and 30:1-17 contain information related to highly confidential patent license agreements of Plaintiffs, Defendants, and third-party Quanta, disclosure of which could cause substantial economic harm to Plaintiffs, Defendants, and Quanta. Mot. 4; Yen Decl. ¶¶ 2, 5. |

| | | | |
|---|---|---|---|
| 191-6 | Exhibit E to the Sealing Declaration<br><br>(Ex. 2 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit is an excerpt of the deposition transcript of Vincent Hong, an ASUS employee. The exhibit contains confidential terms of the patent license agreement between the parties as well as information on a confidential royalty negotiation with a third party, disclosure of which could cause competitive harm to Plaintiffs, Quanta, and the third party. Mot. 3; Lin Decl. ¶ 5. |
| 191-7 | Exhibit F to the Sealing Declaration<br><br>(Ex. 3 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit contains information on confidential patent license agreements between Defendants and third party Quanta, disclosure of which would cause competitive harm to Defendants and Quanta. Mot. 4; Yen Decl. ¶¶ 8–9. |
| 191-8 | Exhibit G to the Sealing Declaration<br><br>(Ex. 4 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit contains information on confidential patent license agreements between Defendants and third party Quanta, disclosure of which would cause competitive harm to Defendants and Quanta. Mot. 4; Yen Decl. ¶¶ 8–9. |
| 191-9 | Exhibit H to the Sealing Declaration<br><br>(Ex. 5 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit is an excerpt of the deposition transcript of Vivian Yeh, an ASUS employee. The exhibit contains confidential business negotiations between the parties and confidential communication between Plaintiffs and Quant regarding royalty payments, disclosure of which could cause competitive harm to Plaintiffs and Quanta. Mot. 3; Lin Decl. ¶ 6. |
| 191-10 | Exhibit I to the Sealing Declaration<br><br>(Ex. 6 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit contains communication between employees of third party Quanta and Plaintiffs regarding confidential royalty payments, disclosure of which would cause competitive harm to Plaintiffs and Quanta. Mot. 3; Lin Decl. ¶ 7. |
| 191-11 | Exhibit J to the Sealing Declaration<br><br>(Ex. 7 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit includes confidential business negotiations between the parties regarding their patent license agreement, disclosure of which could cause competitive harm to Plaintiffs and Defendants. Mot. 3; Lin Decl. ¶ 8. |
| 191-12 | Exhibit K to the Sealing Declaration<br><br>(Ex. 8 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit consists of a letter from Defendants' general counsel to Vivian Yeh, an employee of Plaintiffs. The letter contains information related to confidential business negotiations between the parties, disclosure of which would lead to the violation of the parties' patent license agreement and cause harm. Mot. 3; Lin Decl. ¶ 9. |

| | | | |
|---|---|---|---|
| 191-13 | Exhibit L to the Sealing Declaration<br><br>(Ex. 9 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit includes an email communication between the parties. The contained information relates to confidential business negotiations between the parties regarding their royalty pay arrangement, disclosure of which would lead to violation of the parties' patent license agreement and cause harm. Mot. 3; Lin Decl. ¶ 10. |
| 191-14 | Exhibit M to the Sealing Declaration<br><br>(Ex. 10 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit contains confidential information related to Plaintiffs and third party Quanta's royalty reports submitted to Defendants, disclosure of which would cause substantial economic harm to Defendants and Quanta. Mot. 4; Yen Decl. ¶ 15. |
| 191-15 | Exhibit N to the Sealing Declaration<br><br>(Ex. 11 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit contains confidential information related to Plaintiffs and third party Quanta's royalty reports submitted to Defendants, disclosure of which would cause substantial economic harm to Defendants and Quanta. Mot. 4; Yen Decl. ¶ 16. |
| 191-16 | Exhibit O to the Sealing Declaration<br><br>(Ex. 12 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The exhibit includes an email communication between Plaintiffs, Defendants, and third party Quanta regarding confidential royalty payments, disclosure of which would cause competitive harm to the parties and Quanta. Mot. 3; Lin Decl. ¶ 11. |
| 191-17 | Exhibit P to the Sealing Declaration<br><br>(Ex. 13 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit contains confidential information related to Plaintiffs and third party Quanta's royalty reports submitted to Defendants, disclosure of which would cause substantial economic harm to Defendants and Quanta. Mot. 4; Yen Decl. ¶ 17. |
| 191-18 | Exhibit Q to the Sealing Declaration<br><br>(Ex. 14 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit is an excerpt of the deposition transcript of Louise Thai, an ASUS employee. The exhibit contains confidential business communication between Plaintiffs and Quanta regarding royalty payments, disclosure of which could cause competitive harm to the parties and Quanta. Mot. 3; Lin Decl. ¶ 12. |
| 191-19 | Exhibit R to the Sealing Declaration<br><br>(Ex. 15 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The exhibit includes an email communication between Plaintiffs and Quanta regarding confidential royalty payments, disclosure of which would cause competitive harm to the parties and Quanta. Mot. 3; Lin Decl. ¶ 12. |

| | | | |
|---|---|---|---|
| 191-20 | Exhibit S to the Sealing Declaration<br><br>(Ex. 16 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The exhibit includes an email communication between Plaintiffs, Defendants, and third party Quanta regarding confidential royalty payments, disclosure of which would cause competitive harm to the parties and Quanta. Mot. 3; Lin Decl. ¶ 13. |
| 191-21 | Exhibit T to the Sealing Declaration<br><br>(Ex. 20 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The entire exhibit is an excerpt of the testimony of Ranae McElvaine, an Interdigital employee. The exhibit contains information relating to Defendants' confidential patent licensing agreement with Quanta, disclosure of which could cause substantial economic harm to Defendants and Quanta. Mot. 5; Yen Decl. ¶ 22. |
| 191-22 | Exhibit U to the Sealing Declaration<br><br>(Ex. 21 to Yen Decl. in Supp. of Motion to Amend) | GRANTED. | The exhibit contains a highly sensitive communication between Defendants and third party Quanta. The communication relates to confidential financial information regarding Defendants' patent licensing arrangement with Quanta, disclosure of which could cause substantial economic harm to Defendants and Quanta. Mot. 5; Yen Decl. ¶ 23. |

## III. ORDER

For the foregoing reasons, Defendants' sealing motion at ECF 191 is GRANTED.

**IT IS SO ORDERED.**

Dated: April 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge