Brian R. Nester, (*pro hac vice*)
bnester@sidley.com
Anna M. Weinberg, (*pro hac vice*)
aweinberg@sidley.com
Brian P. Johnson, (*pro hac vice*)
bpjohnson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Michael J. Bettinger SBN 122196
Mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Richard A. Cederoth, (*pro hac vice*)
rcederoth@sidley.com
David C. Giardina, (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL, ASUSTEK COMPUTER INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED, <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION; IPR LICENSING, INC., and INTERDIGITAL PATENT HOLDINGS, INC. <br><br> Defendants. | Case No. 15-cv-1716 BLF <br><br> **ASUS'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS** <br><br> **PUBLIC VERSION** |

Plaintiffs (collectively "ASUS") oppose Defendants' (collectively "IDC's") Motion to Amend Scheduling Order and For Leave to File First Amended Counterclaims ("Motion").

IDC's attempt to add a counterclaim at this belated stage fails to satisfy either Rule 16's or Rule 15(a)'s requirements. On February 12, 2015, more than three years before IDC filed this Motion, ███████████████████████████████████████████████████████████████. ███████████████████ is one piece of evidence among many that IDC has *not* acted diligently, as required under Rule 16, and its Motion is futile, unduly delayed, and prejudicial under Rule 15's rubric. ASUS respectfully requests this Court deny IDC's Motion.

## I. FACTUAL BACKGROUND

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The factual premise of IDC's Motion arises from ███████████████████████████████████████████████████████████. ███████████████████████████████████████████████████████████████████████████████████████ ASUS Exs. 2-3. ███████████████████████████ ASUS Exs. 4-5. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ IDC

---

[1] Quanta has a license with IDC that covers 3G and 4G technologies. *See* IDC Exs. 3-4.
[2] The 2008 ASUS PLA ███████████████████████████████████████████████ Dkt No. 107-1, § 3.1. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. ASUS Exs. 9, 11-17.

Ex. 7. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ IDC Exs. 7-9.
██████████████████████████████████
████████████████████████ ASUS Ex. 7. ██████████
████████████████████████████████████████████
████████████████████ *Id.*
██████████████████████████████████
████████████████████████████████████ ASUS Ex. 1. ███
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████ *Id.* ████████████████████████████
██████████████████████████
██████████████████████████████████████████
████████████████████████
*Id.* (emphasis added). ███████████████████ IDC Ex. 21. ████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████ IDC Ex. 21 (emphasis added). ██████████████████████████
████████████████████████████████████████████
████████████████████████████████████ ASUS Ex. 8.

## II.    PROCEDURAL BACKGROUND

ASUS filed this suit on April 15, 2015, and its amended complaint on August 18, 2016. Dkt.

Nos. 1, 107. IDC filed its Answer and Counterclaim on September 8, 2016. Dkt. No. 112. In the October 10, 2016 Joint Case Management Statement, IDC affirmed that it was "unaware of any" additional counterclaims or affirmative defenses. Dkt. No. 116 at 8:1-5. On October 27, 2016, the Court set the "Last Day to Amend Pleadings or Add Parties" as December 26, 2016. Dkt. No. 122.

On October 31, 2016, IDC served its first set of RFPs. ASUS Ex. 19. None of its requests sought documents related to Quanta. During the 2.5-year fact discovery, IDC never served any interrogatories, requests for admission, or 30(b)(6) topics relating to Quanta or mentioned its intent to add this counterclaim. As a result, ASUS did not conduct any fact discovery to explore IDC's counterclaim or ASUS's affirmative defenses. Fact discovery closed on March 16, 2018. On April 16, 2018, right before the parties exchanged opening expert reports, IDC filed the instant Motion.[4]

## III. ARGUMENT

The Court should deny IDC's motion on multiple independent grounds. The Court should deny the Motion because IDC was not diligent, as Rule 16 requires. Further, the Court should deny the Motion for violating Rule 15 because it is futile and prejudices ASUS.

### A. IDC Fails to Demonstrate Cause Under Rule 16

The Court should deny the Motion under Rule 16 for lack of diligence. IDC had the factual basis it now asserts years ago. Further, IDC failed to seek diligently in discovery the facts supporting its futile counterclaim despite asserting tortious interference in February 2015. Still further, IDC failed to inform the Court in the Joint CMC statement that it would seek to amend its counterclaims even though it wrote ASUS in February 2015 that it tortuously interfered with its contract with Quanta. Moreover, even when IDC received the discovery it alleges to be "new," it sat on its hands too long to justify its untimely amendment.

Rule 16 governs because IDC filed its Motion sixteen months after the deadline for amending pleadings. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "A [Rule 16] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'." *Id.* at 610. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause'

---

[4] IDC notified ASUS on April 13 that it would seek to amend its counterclaims. ASUS Ex. 18.

standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If IDC "was not diligent, the inquiry should end." *Id.*

Under Rule 16, "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *In re W. Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). That is the case here.

### i. IDC Did Not Act Diligently Because It ████████████████ ████████████████████████████████.

IDC presents no basis for its inexcusable delay. "Delay is especially damaging to [IDC's] motion where the facts were previously available and no reason is given for their exclusion from antecedent [pleadings]." *GSI Tech. v. United Memories Inc.*, 2015 WL 4463742, at *2-3 (N.D. Cal. July 21, 2015). IDC did not develop any new theories or learn any new facts in discovery in 2018 that it did not already know prior to this litigation. *See In re W. Wholesale*, 715 F.3d at 737.

The theory underlying IDC's new counterclaim for intentional interference is at least ████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ASUS Ex. 1. ████████ alone refutes diligence. IDC was required to justify delay in light of this fact, yet failed to even disclose the letter to the Court. *GSI*, 2015 WL 4463742, at *2-3.

Further, the allegations underlying IDC's counterclaim are based ████████████████ of which IDC was well aware. Now, as it did in ████████, IDC alleges: ████████████ ████████████████████████████████████████; that Quanta is licensed to 4G patents ████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████ *Compare* ASUS Ex. 1, *with* Mot. at 2-5 *and* IDC Ex. 1 at 29:21-30:17. In fact, IDC's Motion concedes ████████████, IDC has known all but one allegation alleged in its counterclaim. *See* IDC Ex. 1 at 29:17-30:17; Mot. at 8:8-16; § II, *supra*.

IDC's entire motion hangs on the assertion that it did not know and could not have discovered, prior to 2018, ████████████████████████████████████████████████████ Mot. at 4:3-5, 8:11-16. IDC claims that not until February 2018—"[w]eeks before the close of fact

1   discovery" on March 16, 2018—did it "█████████████████████████████████
2   ████████████████████ *Id.*
3       Ample documentary evidence that was within IDC's possession for years belies IDC's
4   assertion. *See Wholesale*, 715 F.3d at 737 (affirming denial where movant had knowledge of claims
5   two years prior to the deadline). ████████████████████████████████████
6   █████████████████████████████████████████████████████
7   ████████████████ *See* IDC Ex. 12 ███████████████████████
8   █████████████████████████████████████████████████████
9   █████████████████████████████████████████████████████
10  █████████);[5] IDC Ex. 7 (in 2013, █████████████████████████████
11  █████████████████████████████████████████████████████
12  ███████████████████████████████). Indeed, in ████████████████
13  █████████████████████████████████████████████████████
14  ██████████████████████████████████████████████ IDC Ex. 21.
15      These statements, all of which pre-date IDC's original pleadings, are substantively the same
16  as what IDC asserts it discovered in 2018. IDC claims the new-found evidence demonstrates that
17  █████████████████████████████████████████████████████
18  ████████████████████████ Mot. at 4:11-22. Yet, ██████████ repeatedly made that exact
19  same point. *See* ASUS Exs. 9, 11-17. IDC claims depositions revealed that █████████
20  █████████████████████████████████████████████████████
21  ██████████████████████ Mot. at 4:18-5:2. But certain information about Quanta's PLA was
22  public and █████████████████████████████████████████████
23  █████████████████████████████████████████████████████
24  ██████████████████████████████ Finally, IDC asserts discovery ██████████
25  ██████████████████████████████████████████ *id.* at 5:3-11, but
26  Quanta █████████████████████████████████████ ASUS Exs. 7, 11-17.
27  ─────────────────────────
28  [5] █████████████████████████████████████████████████████
    *See* ASUS Exs. 9, 11-17.

Separately, IDC was not diligent in seeking discovery related to its belated counterclaim. Again, Rule 16 requires IDC to explain its diligence. *GSI Tech.*, 2015 WL 4463742, at *2-3. In ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Yet, IDC did not issue a single document request or take a single deposition relating to Quanta until a year after the deadline for amending the pleadings. *See* IDC Ex. 19. IDC has not and cannot explain its delay; thus IDC cannot establish that "noncompliance with the [Rule 16] deadline occurred [despite] diligent efforts to comply." *See Omoregie*, 2008 WL 4857942, at *1.

Still further, IDC failed to alert the Court to its anticipated counterclaim during the CMC, which also dooms the Motion. Even were it unaware of all the fact allegations necessary to assert its amended counterclaim at the time of the CMC (which is not the case), IDC still did not act "diligent[ly] in assisting the Court in creating a workable Rule 16 order" that accounted for the proposed amendment. *See Omoregie v. Boardwalk Auto Ctr., Inc.*, 2008 WL 4857942, at *1 (N.D. Cal. Nov. 10, 2008). IDC had "an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

IDC did not comply with that obligation. On October 10, 2016, the parties submitted a Joint Case Management Statement in which IDC affirmed it was "unaware of any" additional counterclaims or affirmative defenses despite IDC's possession of the facts and allegations it now asserts. Dkt. No. 116 at 8:1-5. As a result, the Court issued a Case Management Order setting the "Last Day to Amend Pleadings or Add Parties" as December 26, 2016. Dkt. No. 122.

Nor can IDC establish that "noncompliance with the [Rule 16] deadline occurred [despite] diligent efforts to comply." *See Omoregie*, 2008 WL 4857942, at *1. IDC failed to even issue any requests for the discovery it purportedly needed until well after the December 16, 2016 deadline for amending pleadings passed. ASUS Ex. 19. Such a failure demonstrates lack of diligence. *See GSI Tech.*, 2015 WL 4463742, at *3 (no diligence where movant chose not to pursue timely discovery).

      **ii.   IDC Did Not Act Diligently After the Events Triggering its Motion**

Finally, even if IDC did not know of the contractual interference claim until its purported "discovery" of evidence in fact discovery, IDC's Motion still lacks good cause because IDC did not act diligently from the time of that discovery until the filing of this Motion. *See Jackson*, 186 F.R.D. at 608. IDC admits that it "first learned" of these facts "[w]eeks before the close of fact discovery" "in mid-February 2018" after ASUS's production of documents and the depositions of several of ASUS's witnesses. Mot. at 4:3-7, 8:3. Yet, IDC waited until April 16, 2018—*after* ASUS deposed all of IDC's witnesses, *after* the close of fact discovery, *after* motions to compel, and the day before opening expert reports were due—to file this counterclaim. It did not even raise the possibility of this Motion on April 5, when the parties stipulated to amend the Scheduling Order as the result of belated document production from IDC. *See* Dkt. No. 187. IDC is unapologetic about its delay; it provides no excuse for why it sat on its hands while all these deadlines passed.

Instead, IDC relies on inapposite case law to justify its two-month delay. For example, in *Finjan, Inc. v. Blue Coat Sys. Inc.*, the moving party delayed filing its motion by 2 months only because it was waiting for opposing counsel to indicate if it would oppose the motion. 2014 WL 6626227, at *2 (N.D. Cal. Nov. 20, 2014). Here, IDC did not promptly notify ASUS about its counterclaim. *See* ASUS Ex. 18. The 2 month delay was entirely of IDC's own making and without any justification. Other cases IDC cites are similarly distinguishable because they involve motions filed before fact discovery closed.[6]

In sum, IDC cannot establish diligence regardless of whether IDC knew (or should have known) all the factual allegations underlying its amendment in 2013-2014, 2015, 2016, or as late as February 2018. Accordingly, its Motion should be denied. *Johnson*, 975 F.2d at 609.

**B.  IDC's Counterclaim Should Be Denied Under Rule 15**

"Only if the moving party establishes good cause to modify the scheduling order under Rule 16 should the Court consider whether the moving party also has demonstrated that amendment is

---

[6] *See Fru-Con Constr. Corp. v. Sacramento Muni.*, 2006 WL 3733815, at *4 (E.D. Cal. Dec. 15, 2006) (filed 2 months before discovery closed); *Duarte Nursery, Inc. v. U.S. Army Corp. of Eng'rs*, 2015 WL 5173741, at *2-3 (E.D. Cal. Sept. 3, 2015) (filed 3 months before discovery closed); *M.H. v. Cty. of Almeda*, 2012 WL 5835732, at *3 (N.D. Cal. Nov. 16, 2012) (extended discovery provided "ample time to investigate and respond to the amended claims and allegations"); *Navarro v. Eskanos & Adler*, 2006 WL 3533039 (N.D. Cal. 2016) (filed 22 days before discovery closed).

appropriate under Rule 15(a)." *EEOC v. Bakery*, 2016 WL 1301173, at *2 (N.D. Cal. Apr. 4, 2016). "[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing part[ies]; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). IDC's Motion is futile, was unduly delayed, prejudices ASUS, and is in bad faith.

### a.  IDC's Counterclaim is Futile

Even if this Court finds that good cause exists, it should deny the Motion because the counterclaim is time-barred and thus futile. *Heath v. Google Inc.*, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016). The statute of limitations for intentional interference with contracts is two years, starting when the cause of action is complete with all its elements. *Maritz Inc. v. Carlson Mktg. Grp.*, 2009 WL 3561521, at *2 (N.D. Cal. Oct. 30, 2009) (*citing* Cal. Code Civ. P. § 339).

For its proposed claim, IDC must prove: "(1) a valid contract between [IDC] and a third party; (2) [ASUS's] knowledge of this contract; (3) [ASUS's] intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Popescu v. Apple Inc.*, 1 Cal. App. 5th 39, 51 (2016). The factual assertions IDC relies on for each element existed before April 2016. Specifically: (1) IDC and Quanta entered into a PLA in **2005**, which was amended in **2012**; (2) ███████████████████████████████████████ (3) ███████████████████ ███████████████████████████████████████ (4) ███ ███████████████████████████████████████████████████████████ ███████ ; and (5) IDC was damaged as a result. IDC Ex. 1.

Even if IDC needed discovery to ██████████████████████████████████, IDC is still time barred. "[S]uspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitation period." *Ray Bourhis Assocs. v. Principal Life Ins. Co.*, 2015 WL 7180621, at *4 (N.D. Cal. Nov. 16, 2015). Since 2013, IDC knew at least four of the five elements, including ██████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████ Mot. at 8:9-11. Based on the allegations, IDC should have

at least suspected ASUS's alleged ███████████████ when it "took action to investigate and address this issue." IDC Ex. 1, § 51; *see Gutierrez v. Mofid*, 39 Cal. 3d 892, 897 (1985) (period runs when patient "bec[ame] alerted to the necessity for investigation and pursuit of her remedies"). Therefore, IDC's counterclaim is futile.

### b. IDC's Counterclaim Is Unduly Delayed and Prejudicial

The prejudice to ASUS must be given the greatest weight under Rule 15. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). As set forth in § III, above, IDC unduly delayed its counterclaim by months, if not years; it could have and should have brought it sooner. This undue delay prejudices ASUS because it has not had an opportunity to seek discovery in response to IDC's counterclaim and develop potential defenses. IDC claims no further discovery is necessary because the facts are in ASUS's possession and the parties have already sought relevant discovery. Mot. at 9:10-26. IDC's self-serving claim is wrong.

IDC posits trial by ambush. Denying ASUS its right to conduct discovery on IDC's counterclaim will unfairly handicap its ability to defend against the counterclaim and present defenses at trial. IDC has all the discovery it needs because it subverted the litigation process by engaging in extensive fact discovery before asserting its counterclaim. But, ASUS has not had the opportunity to explore the factual premises of its counterclaim and possible affirmative defenses due to IDC's complete silence regarding its counterclaim throughout fact discovery.

The alternative—reopening fact discovery—will also prejudice ASUS. Courts considering analogous scenarios have rejected similar arguments and found prejudice in reopening discovery due to a delayed motion to amend. In *Hamilton*, the district court, facing similar circumstances, held "[p]rejudice may be found where substantial discovery has already taken place and the amendment would require a defendant to revisit that discovery." *Hamilton v. Marx*, 2012 WL 12882947, at *6 (C.D. Cal. July 24, 2012). Like IDC, the movant argued "no new discovery is needed because counsel for Defendants has already questioned Plaintiff extensively on the topics related to the new, proposed claims." *Id*. The court disagreed because of the delay caused by and expense of redeposing witnesses and taking discovery. *Id.*; *see Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay

the proceedings supports a district court's finding of prejudice from a delayed motion to amend…"); *GSI*, 2015 WL 4463742, at *3 ("Putting [the nonmoving party] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, is manifestly unfair and unduly prejudicial."). Discovery in this case spanned 2.5 years, was contentious, and was expensive. Reopening it would prejudice ASUS by causing it to incur further time and expense due solely to IDC's dilatory actions. And, reopening discovery will delay trial. Delayed trials naturally prejudice plaintiffs seeking resolution of their claims. But, here that prejudice is particularly pronounced—and advantageous to IDC—because ASUS must continue to pay a non-FRAND royalty rate to IDC until the court declares a FRAND rate. This additional tax is another reason to find prejudice and deny the Motion. *See Bakery*, 2016 WL 1301172, at *3 (denying motion because it "would require continuance of the trial date… and Defendant would be required to pay Ms. Ramirez's wages for that entire period.").

### c. IDC's Counterclaim Is Delayed in Bad Faith

IDC could have ameliorated at least some, of the prejudice and harm if it had acted in good faith. In the least, it could have informed ASUS of its intent to file a counterclaim in 2016, 2017, or at least February 2018. *Cf. Faulks v. Wells Fargo & Co.*, 2015 WL 4914986, at *3 (N.D. Cal. Aug. 17, 2015) (no bad faith where non-movant put on notice). Had IDC informed ASUS in February, ASUS could have sought written discovery, deposed all of IDC's witnesses (in March), and had the opportunity to prepare expert reports in response to IDC's counterclaim. But, IDC denied ASUS of all these opportunities. IDC made a tactical decision to bring this counterclaim until long *after* IDC was aware of the factual allegations underlying its amendment, *after* ASUS deposed all of IDC's witnesses, *after* the close of fact discovery, *after* motions to compel, and the day before opening expert reports. It does not justify its two-month delay. IDC delayed in bad faith to preclude ASUS from obtaining necessary discovery to sandbag ASUS at trial or to unnecessarily prolong litigation on a stale, futile claim.

### IV.   CONCLUSION

For these reasons, ASUS respectfully requests that the Court denies IDC's Motion.

1  | Dated: May 2, 2018
2  |                                                   SIDLEY AUSTIN LLP
3  |
4  |                                                   By: */s/ Michael J. Bettinger*
   |                                                       Michael J. Bettinger
5  |                                                       Attorneys for Plaintiffs
   |                                                       ASUS COMPUTER INTERNATIONAL, and
6  |                                                       ASUSTEK COMPUTER INCORPORATED