1  DAVID S. STEUER, State Bar No. 127059
   dsteuer@wsgr.com
2  MICHAEL B. LEVIN, State Bar No. 172329
   mlevin@wsgr.com
3  MAURA L. REES, State Bar No. 191698
   mrees@wsgr.com
4  MATTHEW R. REED, State Bar No. 196305
   mreed@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  650 Page Mill Road
   Palo Alto, CA 94304-1050
7  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
8
   LUCY YEN, State Bar No. 224559
9  lyen@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue of the Americas, 40th Floor
11 New York, NY 10019-6022
   Telephone:  (212) 999-5800
12 Facsimile:   (212) 999-5899

13 Attorneys for Defendants
   *InterDigital, Inc.; InterDigital Communications,*
14 *Inc.; InterDigital Technology Corporation; IPR*
   *Licensing, Inc.; and InterDigital Patent*
15 *Holdings, Inc.*

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                          SAN JOSE DIVISION

19

20 ASUS COMPUTER INTERNATIONAL; and       )   Case No.: 15-cv-1716 (BLF)
   ASUSTEK COMPUTER INCORPORATED,          )
21                                          )   **DEFENDANTS' REPLY**
                                            )   **MEMORANDUM IN SUPPORT OF**
            Plaintiffs,                     )   **MOTION TO AMEND**
22                                          )   **SCHEDULING ORDER AND FOR**
         v.                                 )   **LEAVE TO FILE FIRST AMENDED**
23                                          )   **COUNTERCLAIMS**
   INTERDIGITAL, INC.; INTERDIGITAL        )
24 COMMUNICATIONS, INC.; INTERDIGITAL      )   **JURY TRIAL DEMANDED**
   TECHNOLOGY CORPORATION ; IPR            )
25 LICENSING, INC. ; and INTERDIGITAL      )   Hearing Date:  June 7, 2018
   PATENT HOLDINGS, INC.,                  )   Time:  9:00 a.m.
26                                          )   Judge:  Hon. Beth Labson Freeman
            Defendants.                     )
27

28                              **PUBLIC**

      **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1    **I.     INTRODUCTION**

2            In its Opposition, Asustek insists that InterDigital did not "learn any new facts in discovery

3    in 2018 that it did not already know prior to this litigation."  Opp. at 4.  This is false.  In the weeks

4    before *and after* the close of fact discovery, Asustek provided deposition testimony and produced

5    documents that, for the first time, ████████████████████████████████████████████████

6    ████████████████████████████████████████████████   Because Asustek cannot dispute

7    that InterDigital filed its Motion based on Asustek's recent production of evidence of intentional

8    interference, Asustek's attempts to mischaracterize the new evidence as duplicative of previously-

9    known facts and to cast InterDigital's Motion as untimely are unfounded.  Nor can Asustek

10   demonstrate futility of amendment (where the statute of limitations is subject to tolling), prejudice

11   (with trial scheduled for May 2019), or bad faith (where Asustek produced relevant documents

12   *after* the close of fact discovery).  InterDigital respectfully requests that the Court grant its Motion.

13   **II.    ARGUMENT**

14           **A.      InterDigital Exercised Diligence in Filing this Motion**

15           Claiming that InterDigital has not acted diligently, Asustek relies heavily on a February

16   2015 letter in which ████████████████████████████████████████████████████

17   ████████████████████████████████████████████   *See* Opp. at 4; ASUS Ex. 1.

18   According to Asustek, InterDigital could and should have rushed to court at that time.  Not only

19   does Asustek's position fault InterDigital for attempting to diligently resolve the parties' range of

20   disputes, but it conflates an assertion made between parties ████████████████████████████

21   with an obligation to raise a formal legal claim.  Asustek also ignores the new information that

22   InterDigital learned through the course of discovery and how such information impacted

23   InterDigital's analysis of whether to file a claim.

24           Courts routinely recognize that the diligence requirement of Federal Rule of Civil

25   Procedure 16 does not obviate the requirement of Federal Rule of Civil Procedure Rule 11 that

26   parties have a sufficient evidentiary basis to bring a claim.  *See LifeScan Scotland, Ltd. v. Shasta*

27   *Techs., LLC*, Case No. 11-cv-04494, 2013 WL 4777179, at *2 (N.D. Cal. Sept. 6, 2013)

28   (granting leave to amend where "it [was] unclear whether the moving [party] had sufficient

1   evidence to back up [its] suspicions"); *Macias v. Cleaver*, Case No. 1:13-cv-01819, 2016 WL

2   8730687, at *4 (E.D. Cal. Apr. 8, 2016) (granting motion to amend where moving party

3   suspected misconduct, but "it was not until [production of] the specific documents in discovery

4   that the alleged breadth and extent of Defendants' possible conduct came to light"); *Allstate Ins.*

5   *Co. v. Regions Bank*, Civil Action No. 14-0067, 2014 WL 4162264, at *5 n.11 (S.D. Ala. Aug.

6   19, 2014) ("reasonable diligence" does not require raising speculative claims); *Gooden v.*

7   *Suntrust Mortg., Inc.*, No. 2:11-cv-2595, 2013 WL 3149266, at *3 (E.D. Cal. June 19, 2013)

8   (requiring party to "advance claims before [having] a factual basis for doing so" would be

9   "inconsistent" with Rules 8 and 11).

10          Prior to receiving Asustek's recent discovery, InterDigital was aware that ██████████
████████████

11   ████████████████████████████████████████████████████

12   ██████████████████████████████████████   Asustek's references to prior

13   evidence do not reveal anything more.  *See, e.g.*, ASUS Ex. 6 ███████████████

14   ████████████████████████████████████████████████

15   █████████████████████████████████████████████████████;

16   IDC Ex. 21 █████████████████████

17   ████████████████████   While supportive of InterDigital's counterclaim,

18   such statements do not delineate how or when ████████████████████████

19   ████████████████████████████████████████████

20   ████████████████████████████████████   Nor does

21   InterDigital's previous assertion ██████████████████████████████

22   ███████   amount to an admission that InterDigital had sufficient evidence to bring a *tortious*

23   interference claim in February 2015.  *See Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, No.

24   1:06-cv-00695, 2007 WL 1752471, at *2 (N.D. Ga. June 15, 2007) ("[t]hat Defendants

25   [previously] threatened such claims, however, does not mean that they could have filed them").

26          Moreover, the diligence inquiry under Rule 16(b) generally focuses on "the time between

27   the moving party's discovery of new facts and its asking leave of the court to file an amended

28   pleading."  *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026, 2013 WL 1164859, at *2 (N.D.

1    Cal. Mar. 20, 2013).  Asustek's disingenuous claim that the new facts are "substantively the

2    same" ignores that the new discovery establishes:  (1) ████████████████████████████

3    █████████████████████████████████████████████████████████████████████████████

4    (IDC Ex. 6); (2) ███████████████████████████████████████████████████████████████

5    ████████████ (IDC Ex. 15); and (3) ██████████████████████████████████████████████

6    ███████████████████████████████████████ (*id.*).  Such evidence elucidates

7    Asustek's wrongful intent, differs markedly from the limited facts to which InterDigital

8    previously had access, and provides InterDigital with a sufficient basis to assert its counterclaim.

9         Furthermore, Asustek's assertion that InterDigital "sat on its hands" is similarly

10   inaccurate.  Because InterDigital and Asustek are parties to a license agreement, InterDigital did

11   not view immediate commencement of litigation as advisable or productive.  Rather, InterDigital

12   made efforts to resolve the dispute ███████████████████████████████████████████████

13   █████████████████████████████████████████████████████████████████████████████

14   ████████████████████████

15        **B.      Asustek Cannot Demonstrate Futility of Amendment**

16        Asustek cannot show, as futility requires, that there is "no set of facts [that] can be proved

17   under the amendment to the pleadings that would constitute a valid and sufficient claim."

18   *McFall v. Stacy and Witbeck, Inc.*, Case No. 14-cv-04150, 2016 WL 2851589, at *3 (N.D. Cal.

19   May 16, 2016).  Although Asustek insists that InterDigital's claim is time-barred, Asustek also

20   acknowledges the delayed discovery rule (Opp. at 8):  "accrual is postponed until the plaintiff

21   either discovers or has reason to discover the existence of a claim."  *Gem & I Products, Inc. v.*

22   *Disney Consumer Products, Inc.*, Case No. SACV 10-1051, 2011 WL 13225119, at *3 (C.D.

23   Cal. Apr. 11, 2011).  InterDigital's new allegations support application of this rule here.

24        In *Gem & I Products*, plaintiff was well aware of defendant's instruction to a third-party

25   vendor not to do business with plaintiff.  *See id.* at *2.  Years later, after plaintiff discovered that

26   defendant was selling allegedly infringing products, plaintiff learned that the purpose of

27   defendant's instruction was to disrupt plaintiff's own efforts to launch a product.  *Id.*  Finding

28   that plaintiff's *perception* of defendant's motivation was relevant to delayed discovery, the court

1   denied defendant's motion to dismiss plaintiff's intentional interference claim, despite plaintiff's

2   filing over two years after the underlying events had taken place.  *See id.* at *3.

3          Here, while InterDigital was aware of ████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████  *See* Dkt. No. 191-4 ¶ 50.  As discussed

7   above, the new evidence in fact reveals that ████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████

9   ████████████████████████████  *See supra* Section II.A.

10          Asustek's cited case law is substantively and procedurally inapposite.  In *Ray Bourhis*

11   *Associates v. Principal Life Ins. Co.*, Case No. 3:15-cv-04329, 2015 WL 7180621 (N.D. Cal.

12   Nov. 16, 2015), the court *denied a motion for summary judgment* where defendant claimed

13   plaintiff was barred by a two-year statute of limitations because of triable issues of material fact

14   concerning whether plaintiff should have previously known of the allegedly wrongful conduct.

15   *See id.* at *4.  Similarly, because there are triable issues of material fact concerning the extent of

16   InterDigital's knowledge regarding ████████████████████████████████████, the

17   Court should reject Asustek's arguments regarding futility.  *See Heath v. Google*, Case No. 15-

18   cv-01824-BLF, 2017 WL 4005598, at *3 (N.D. Cal. Sept. 12, 2017) (finding that "in-depth

19   evaluation of the futility of the claim on a motion for leave to amend would be premature").

20          Asustek's Opposition also ignores other exceptions to the statute of limitations, such as

21   the continuous accrual and relation back doctrines.  *See Aryeh v. Canon Business Solutions, Inc.*,

22   55 Cal. 4th 1185, 1199 (2013) ("continuous accrual applies whenever there is a continuing or

23   recurring obligation"); *Luck v. OTX Acquisition Corp.*, CV 10-1671, 2010 WL 11595817, at *6

24   (C.D. Cal. Aug. 3, 2010).  Asustek has not shown that InterDigital's counterclaim is time-barred

25   under these various doctrines.

26          **C.      Asustek Cannot Show Substantial Prejudice from Amendment**

27          Asustek claims that denying its right to conduct discovery would be prejudicial.  Opp. at

28   9.  However, Asustek ignores the ample evidence already in its possession and, most

1  significantly, fails to identify any additional discovery it would seek beyond "the opportunity to

2  explore the factual premises of [InterDigital's] counterclaim and possible affirmative defenses."

3  *Id.*  Indeed, Asustek's Opposition cites a range of materials which Asustek already possesses or

4  has obtained in discovery, including ███████████████████████████████████████

5  ████████████████████████████████████████████████████  *See generally*

6  ASUS Exs. 1-17.  Asustek does not need and does not specifically identify more than this.

7          Alternatively, Asustek insists that reopening fact discovery would be prejudicial and

8  delay trial.  Asustek's cited case law on this point is inapposite.  *See Hamilton v. Marx*, LACV

9  10-07278, 2012 WL 12882947, at *6 (C.D. Cal. July 24, 2012) (finding prejudice where non-

10  moving party had already moved for summary judgment and trial was only three months away);

11  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (trial six

12  months away); *GSI Tech., Inc. v. United Memories, Inc.*, Case No. 5:13-cv-01081, 2015 WL

13  4463742, at *3 (N.D. Cal. July 21, 2015) (trial five months away).  Here, even if some limited

14  additional discovery were appropriate, Asustek has nearly *12 months* to take such discovery,

15  move to dismiss and/or for summary judgment, and prepare for trial.  *See Heath*, 2017 WL

16  4005598, at *2 (prejudice is "slight" under similar circumstances).  Moreover, where (as here)

17  new allegations "all relate to evidence and discovery that is in plaintiff's possession and control,"

18  "shortened preparation time" is not unfairly prejudicial.  *Trimble Navigation Ltd. v. RHS, Inc.*,

19  No. C 03-1604, 2007 WL 2727164, at *11 (N.D. Cal. Sept. 17, 2007).

20          **D.      There Is No Evidence of Bad Faith**

21          Asustek argues that InterDigital acted in bad faith by making "a tactical decision" to wait

22  until after the close of fact discovery to file this Motion.  Opp. at 10.  This accusation is baseless

23  and inappropriate, as Asustek produced documents underlying InterDigital's Motion *after the*

24  *close of fact discovery*, thus denying InterDigital the opportunity to depose Asustek's witnesses

25  about those documents.  *See* Mot. at 4-5.  Nor can Asustek feign ignorance of InterDigital's

26  objectives when InterDigital's counsel spent a significant amount of deposition time questioning

27  Asustek's witnesses about Quanta in late February 2018.  Asustek had every opportunity to

28  follow up during depositions of InterDigital's witnesses, all of which took place in March 2018.

1    Dated: May 18, 2018                Respectfully submitted,

2                                        WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
3

4                                        By: /s/ David S. Steuer
                                                David S. Steuer
5
                                         David S. Steuer
6                                        Michael B. Levin
                                         Maura L. Rees
7                                        Matthew R. Reed
                                         WILSON SONSINI GOODRICH & ROSATI
8                                        650 Page Mill Road
                                         Palo Alto, California 94304-1050
9                                        Telephone: (650) 493-9300
                                         Facsimile: (650) 493-6811
10

11                                       Lucy Yen
                                         WILSON SONSINI GOODRICH & ROSATI
12                                       1301 Avenue of the Americas, 40th Floor
                                         New York, NY 10019-6022
13                                       Telephone:  (212) 999-5800
                                         Facsimile:   (212) 999-5899
14

15                                       *Counsel for Defendants InterDigital
                                         Communications, Inc., InterDigital Technology
16                                       Corporation, IPR Licensing, Inc., and InterDigital
                                         Holdings, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28