1   Brian Nester (*pro hac vice*)                Richard A. Cederoth (*pro hac vice*)
    bnester@sidley.com                           rcederoth@sidley.com
2   Michael R. Franzinger (SBN 222155)           David C. Giardina (*pro hac vice*)
    mfranzinger@sidley.com                       dgiardina@sidley.com
3   Anna M. Weinberg (*pro hac vice*)            SIDLEY AUSTIN LLP
    aweinberg@sidley.com                         One South Dearborn Street
4   SIDLEY AUSTIN LLP                            Chicago, Illinois 60603
    1501 K Street, N.W.                          Telephone (312) 853-7000
5   Washington, D.C. 20005                       Facsimile: (312) 853-7036
    Telephone: (202) 736-8000
6   Facsimile: (202) 736-8711

7

8   Mike Bettinger (SBN 122196)
    mbettinger@sidley.com
9   SIDLEY AUSTIN LLP
    555 California Street
    Suite 2000
10  San Francisco, CA 94104
    Telephone: (415) 772-1200
11  Facsimile: (415) 772-7400

12  Attorneys for Plaintiffs
    ASUS COMPUTER INTERNATIONAL,
13  ASUSTEK COMPUTER INCORPORATED

14                       UNITED STATES DISTRICT COURT

15                     NORTHERN DISTRICT OF CALIFORNIA

16                            SAN JOSE DIVISION

17
    ASUS COMPUTER INTERNATIONAL; and       Case No. 15-cv-01716-BLF
18  ASUSTEK COMPUTER INCORPORATED,
                                            **JOINT STATEMENT RE: PLAINTIFFS'**
19                  Plaintiffs,             **MOTION FOR LEAVE TO SUPPLEMENT**
                                            **FACT AND EXPERT DISCOVERY**
20          vs.
                                            Hearing Date: August 22, 2018
21  INTERDIGITAL, INC.; INTERDIGITAL       Time: 1:00 p.m.
    COMMUNICATIONS, INC.; INTERDIGITAL     Location: Courtroom 5, 4th Floor
22  TECHNOLOGY CORPORATION; IPR            Judge: Hon. Nathanael Cousins
    LICENSING, INC. and INTERDIGITAL
23  PATENT HOLDING, INC.,                  **REDACTED VERSION OF DOCUMENT**
                                           **SOUGHT TO BE SEALED**
24                  Defendants.

25

26

27

28

─────────────────────────────────────────────────────────────
         JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
                    CASE NO. 5:15-CV-01716-BLF

1    **ASUS's Position:**  A key issue in this case is whether InterDigital ("IDC") met its obligation

2    to license its declared standard-essential patents on fair, reasonable, and nondiscriminatory

3    ("FRAND") terms and conditions. IDC's witnesses testified that ████████████████████████

4    ████████████████████████████████████████████████. Throughout fact discovery,

5    IDC claimed privilege over ████████████████ and related testimony. In response to a motion to

6    compel, IDC agreed to produce ████████████████████████████████████████████████

7    or communications—without waiving privilege. But four weeks after fact discovery ended and days

8    after maintaining general privilege assertions over its ████████ IDC unilaterally produced ████

9    ████████████████████████████. IDC's economic experts Jonathan Putnam and

10   Anne Layne-Farrar opined extensively on these documents in their rebuttal reports. The

11   advantageous, selective disclosure of ████████████████████████████████ violates the

12   sword/shield rule. *See Century Aluminum Co. v. AGC S Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D.

13   Cal. 2012). The untimely introduction of both documents also contravenes the scheduling order.

14   ASUS has moved to strike IDC's experts' reliance on the untimely produced evidence (ECF No.

15   220), and it maintains that request. In the alternative, and as the focus of the present brief, ASUS

16   seeks an order requiring IDC to produce ████████████████████ and to provide depositions of

17   Anthony Grewe, Ranae McElvaine, and Bill Merritt (all of whom previously testified on IDC's

18   licensing correspondence and discounting practices but were instructed not to answer questions

19   involving ████████████) and a Rule 30(b)(6) witness on ████████████████████. ASUS also seeks

20   leave to serve a supplemental report from its economic expert witness on these topics.

21       Because the ████████████████████ were produced after the close of fact discovery, ASUS

22   has not had the opportunity to depose any of IDC's fact witnesses about them. With its post-fact-

23   discovery ████████████, IDC proffers trial by ambush. The Federal Rules of Civil Procedure

24   "'contemplate… full and equal discovery so as to prevent surprise, prejudice and perjury' during

25   trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008). The requested

26   depositions would lessen the prejudice IDC imposes and avoid subverting the full and fair

27   examination that discovery intends. Certainly, IDC's expert illustrates the importance of this

28   discovery by extensively ████████████████████████████████████████████████

JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
CASE NO. 5:15-CV-01716-BLF

1   ████████████ to analyze FRAND compliance.

2       IDC's untimely waiver of privilege also prejudices ASUS because it forced ASUS to conduct

3   fact discovery without ████████. IDC's expert contends the ████████ are consistent

4   with ████████, but ASUS cannot test this assertion because IDC withholds many other

5   ████ as privileged. With the new ████████, IDC tries to present a carefully groomed,

6   limited set of facts, while avoiding discovery on central evidence. IDC's untimely production of and

7   reliance on the ████████████████████, is the kind of

8   selective use that the subject matter waiver rule is intended to prevent. *See* Fed. R. Evid. 502(a);

9   *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996). IDC's reversal on privilege

10  warrants production of, and deposition questioning on, ████████.

11      The parties resolved an earlier "privilege" dispute by agreeing that ████████

12  ████████████████████████████

13  ████████████████████████

14  ████████████████████████

15  ████████████████████████

16  ████████████████████████

17  ████████████████████████

18  ████████████████████████

19  ████████ (*See* ECF No. 220, Exs. 8-17). IDC cannot justify its decision to produce █

20  ████████ only after the close of discovery and nearly 3.5 years after this suit commenced.

21  Context should not be lost. ████████████████

22  ████████████████████████████

23  ████████████████████████

24  ████████ absent striking the untimely produced evidence.

25      During the parties' teleconferences on ASUS's motion, ASUS proposed a compromise

26  whereby IDC would produce the final versions of its ████████, provide just one

27  deposition on ████ under Rule 30(b)(6), and accept a supplemental expert report from Dr.

28  Leonard on the subject matter at issue. IDC also raised a claim that ASUS's motion is untimely, but

JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
CASE NO. 5:15-cv-01716-BLF

1   that claim is baseless. It is not a motion to compel expert discovery. Regardless, ASUS raised this

2   objection before expert depositions were completed. And it is IDC who chose to wait until long after

3   discovery closed to waive privilege, producing and relying on discovery that IDC itself created.

4   Moreover, ASUS's motion is timely. ASUS filed its motion 2 weeks after Dr. Putnam's July 18

5   deposition, in which he testified about ███████████████████████████████████

6   ████████████████████. Further, IDC's untimeliness claim fails to acknowledge the effort IDC

7   imposed on ASUS by holding back nearly all of its expert evidence until the rebuttal round, serving

8   7 of its 10 reports on June 12 (with corrected versions up to 15 days later). Between June 13 and July

9   20, ASUS analyzed Dr. Putnam's rebuttal expert report, which was 464 pages long, prepared and

10   took his deposition, and met and conferred with IDC to attempt to resolve amicably the parties'

11   dispute. In that same period, ASUS prepared and defended the depositions of 8 of its own experts. In

12   addition, ASUS analyzed the other IDC expert reports, totaling thousands of pages of opinion, and

13   deposed several of IDC's experts. This case has been pending for nearly three and a half years and

14   there is no justification for IDC's untimely production and post-discovery waiver of privilege.

15        **InterDigital's Position:**  ASUS's request is a belated and improper attempt to backtrack on

16   an agreement between the parties resolving ASUS's March 2, 2018 motion seeking "economic

17   analysis and valuations of [InterDigital's] licenses."  ECF No. 146 at 1.  The parties resolved that

18   dispute by ███████████████████████████████████████████

19   ██████████████████████████████████████

20   ███████████████████████████████████████

21   ████████████████████████  ASUS subsequently withdrew its discovery dispute

22   on March 28, 2018.  ECF No. 181.  Now, four months later, ASUS seeks an order requiring

23   production of ████████████████████████; *four* additional depositions, including a Rule

24   30(b)(6) witness; *and* leave to supplemental a report from an ASUS economic expert.  ASUS's

25   overreaching request after the close of fact and expert discovery is improper and should be denied.

26        As a preliminary matter, ASUS's motion is untimely, as it relates to issues ASUS initially

27   raised *over six months ago*, and discovery has since closed.  The deadline for filing motions to

28   compel fact and expert discovery were March 23, 2018 and July 20, 2018, respectively.  *See* Civil

3

JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
CASE NO. 5:15-cv-01716-BLF

L.R. 37-3; ECF No. 142.  Courts in this district routinely deny motions to compel discovery for failure to comply with this Rule.  *See, e.g.*, *Cornerstone Staffing Solutions, Inc. v. James*, Case No. 12-cv-01527, 2015 WL 13037133, at *1 (N.D. Cal. June 8, 2015); *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912, 2012 WL 2838431, at *2 (N.D. Cal. July 10, 2012).

 While ASUS contends that InterDigital's post-discovery production justifies its belated filing,[1] the motion is untimely even under that basis.  ASUS admits that "[t]he dispute that is the subject of the Motion arose as a result of the production by [InterDigital] ███████████

██████████████████████████  *See* ECF No. 219-6 at 3 (emphasis added). But ASUS offers no explanation why it waited *almost four months* to file a motion seeking additional discovery allegedly prompted by InterDigital's April 12 production (ECF No. 220, filed Aug. 2, 2018); nor did ASUS even raise this issue with InterDigital until a meet and confer call on July 17.  ECF No. 219-6 at 6.  Rather than objecting at the time of production, upon receipt of InterDigital's expert reports, or even during expert depositions, ASUS waited until after the close of discovery to seek the "drastic remedy of striking an expert report."  ECF No. 226.  As this Court found previously, ASUS's pursuit of this discovery "after the end of fact discovery" shows "a lack of diligence."  ECF No. 175 (citing ASUS's "tardy meet and confer" in finding ASUS had "not shown this requested discovery is proportional to the needs of the case under Fed. R. Civ. P. 26").[2]

 ASUS's request is also improper because the parties already resolved their disputes concerning the production of ██████████████████████████████████████

█████████████████████████████████████

██████  *See* ECF No. 146.  ASUS "should not be permitted to renege on a compromise of a discovery dispute, particularly where it has already made a representation on the record to the Court that an agreement had been reached."  *Soto v. Commercial Recovery Sys., Inc.*, No. C-09-02842,

---

[1] InterDigital's April 12 production was appropriate, as it could not have been made earlier.  ASUS's claim that InterDigital contravened the scheduling order is disingenuous, as ASUS itself produced hundreds of documents after the close of fact discovery, and argued against reopening fact discovery to permit InterDigital to assert a new claim based in part on such documents.  *See* ECF No. 199 at 9.
[2] Moreover, ASUS fails to meet (or even address) the standard set by Rule 16(b)(4) requiring a party to demonstrate "good cause" for modifying the scheduling order.  *See Thomason v. City of Fowler*, No. 1:13-CV-00336, 2014 WL 4436385, at *6 (E.D. Cal. Sept. 9, 2014) ("[B]elated attempt to conduct or compel discovery . . . does not constitute good cause to modify the scheduling order.").

1  2011 WL 1298697, at *2 (N.D. Cal. Apr. 4, 2011); *see* ECF No. 181 (stipulating that parties "have
2  reached agreements to resolve all of the disputes currently pending before the Court").

3          In response to ASUS's March 2 motion, InterDigital explained that it had already produced
4  many potentially responsive documents, that some of the materials sought were subject to privilege,
5  and that InterDigital would continue to perform a document-by-document privilege review and
6  produce responsive materials accordingly.  *See* ECF No. 146 at 4-5.  Prior to the motion hearing, this
7  Court "encourage[d] the parties to communicate with each other on [] remaining discovery
8  disputes."  ECF No. 175.  After the parties met and conferred, the parties resolved their disputes,
9  ASUS withdrew its motion, and InterDigital agreed to and did provide ASUS ███████████
10 ████████████████████████████████████████████████████████████████
11 ███████████████████████

12          Given the parties' express agreement of non-waiver, ASUS's arguments concerning subject
13 matter waiver are unfounded, and its cited case law is inapposite.  *Cf. Century Aluminum Co. v. AGC*
14 *S Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012) (no non-waiver agreement).  Additionally,
15 ASUS ignores that ████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████
17 █████████████████████████████████████████████████
18 ██████████████████████████████████████████████████
19 ████████████████████████████████████████.  Similarly
20 groundless is ASUS's claim █████████████████████████████████████
21 ████████████████████████████████████████████████████████████
22 ███████████████████████████████████████

23          Finally, ASUS suffered no prejudice.  ████████████████████████ were
24 provided to ASUS prior to opening expert reports, two months before rebuttal reports, and three
25 months before the close of expert discovery.  ASUS had time to analyze and address ██████████
26 ████  during expert discovery, but chose not to.  Nonetheless, in an attempt to resolve this dispute,
27 on August 8, 2018, InterDigital made a reasonable offer to allow ASUS to serve a supplemental
28 report from its economic expert to address █████████████, which ASUS declined.

JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
CASE NO. 5:15-cv-01716-BLF

DATED: August 17, 2018

By: */s/ Michael R. Franzinger*
Brian Nester (*pro hac vice*)
Michael R. Franzinger
Anna M. Weinberg (*pro hac vice*)
Mike Bettinger
Richard A. Cederoth (*pro hac vice*)
David C. Giardina (*pro hac vice*)

*Attorneys for Plaintiffs*
ASUS COMPUTER INTERNATIONAL, and
ASUSTEK COMPUTER INCORPORATED

Dated: August 17, 2018

By: */s/ Michael B. Levin*
Michael B. Levin

David S. Steuer
Michael B. Levin
Maura L. Rees
Matthew R. Reed
WILSON SONSINI GOODRICH &
ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Lucy Yen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899

*Counsel for Defendants InterDigital Communications,
Inc., InterDigital Technology Corporation, IPR
Licensing, Inc., and InterDigital Holdings, Inc.*

JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
CASE NO. 5:15-cv-01716-BLF

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

DATED: August 17, 2018

By: */s/ Michael R. Franzinger*
Brian Nester (*pro hac vice*)
Michael R. Franzinger
Anna M. Weinberg (*pro hac vice*)
Mike Bettinger
Richard A. Cederoth (*pro hac vice*)
David C. Giardina (*pro hac vice*)

*Attorneys for Plaintiffs*
ASUS COMPUTER INTERNATIONAL, and
ASUSTEK COMPUTER INCORPORATED

JOINT STATEMENT RE: MOTION TO SUPPLEMENT DISCOVERY,
CASE NO. 5:15-cv-01716-BLF