1  DAVID S. STEUER, State Bar No. 127059
   dsteuer@wsgr.com
2  MICHAEL B. LEVIN, State Bar No. 172329
   mlevin@wsgr.com
3  MAURA L. REES, State Bar No. 191698
   mrees@wsgr.com
4  MATTHEW R. REED, State Bar No. 196305
   mreed@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  650 Page Mill Road
   Palo Alto, California 94304-1050
7  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
8
   LUCY YEN, State Bar No. 224559
9  lyen@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue of the Americas, 40th Floor
11 New York, New York 10019-6022
   Telephone:  (212) 999-5800
12 Facsimile:   (212) 999-5899

13 Attorneys for Defendants
   *InterDigital, Inc.; InterDigital Communications, Inc.;*
14 *InterDigital Technology Corporation; IPR Licensing, Inc.;*
   *and InterDigital Patent Holdings, Inc.*

15

                   **UNITED STATES DISTRICT COURT**
16
                  **NORTHERN DISTRICT OF CALIFORNIA**
17
                        **SAN JOSE DIVISION**
18

19 ASUS COMPUTER INTERNATIONAL; and      )  Case No.: 15-cv-1716 (BLF)
   ASUSTEK COMPUTER INCORPORATED         )
                                         )  **DEFENDANTS' NOTICE OF**
20              Plaintiffs,              )  **MOTION AND MOTION TO**
                                         )  **EXCLUDE OPINIONS AND**
21         v.                            )  **TESTIMONY OF:**
                                         )  **1.  APOSTOLOS K. "PAUL"**
22 INTERDIGITAL, INC.; INTERDIGITAL     )      **KAKAES;**
   COMMUNICATIONS, INC.;                 )  **2.  FIONA M. SCOTT MORTON;**
23 INTERDIGITAL TECHNOLOGY              )      **AND**
   CORPORATION; IPR LICENSING, INC.; and )  **3.  GREGORY K. LEONARD**
24 INTERDIGITAL PATENT HOLDINGS, INC.,  )
                                         )  Hearing date:  February 14, 2019
25              Defendants.             )  Time:  9:00 a.m.
                                         )  Judge:  Hon. Beth Labson Freeman
26 _____)

27                          **PUBLIC**

28    **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1

# TABLE OF CONTENTS

2
                                                                                                    **Page**

3  I.      INTRODUCTION ................................................................................................1

4  II.     APPLICABLE LAW ...........................................................................................3

5  III.    THE COURT SHOULD EXCLUDE DR. KAKAES' FLAWED OPINIONS .................5

6         A.    Dr. Kakaes Offers Fatally Flawed Opinions on Two Topics ....................5

7               1.    ███████████████████████████████ ..........5

8               2.    ███████████████████████ ........................7

9         B.    Both of Dr. Kakaes' Opinions Are Unreliable and Should Be Excluded .............8

10              1.    Dr. Kakaes' Opinions on ████████████████
                      ████ Lack Foundation and Are Unreliable ...............................8

11
                      a)    Dr. Kakaes did not perform ████████████
12                          analysis and did not supervise much of ████ work. .................8

13                    b)    ████ essentiality analysis is un-reproducible. ........................10

14                    c)    Dr. Kakaes fails to provide "the basis and reasons" for his
                            census and essentiality opinions as well as ████████
15                          ██████████, as required by Rule 26(a)(2)(B)(i). .............................11

16              2.    Dr. Kakaes' Opinions Regarding ████████████████
                      ████████ Lack Basis and Are Unreliable .................................13

17
   IV.    THE COURT SHOULD EXCLUDE DR. SCOTT MORTON'S IMPROPER
18         LEGAL OPINIONS ...........................................................................................15

19        A.    Dr. Scott Morton's Legal Conclusions Regarding ASUS's Breach of
20              Contract Claims Should Be Excluded ....................................................15

21        B.    Dr. Scott Morton's Legal Conclusions Regarding ASUS's Sherman Act
                Claim Should Be Excluded ...................................................................17

22 V.      THE COURT SHOULD EXCLUDE DR. LEONARD'S IMPROPER LEGAL
           OPINIONS .......................................................................................................18
23
24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*Abrams v. Ciba Specialty Chemicals Corp.*, No. 08-cv-0068-WS-B., 2010 WL 779283 (S.D. Ala. Mar. 2, 2010)..................................................................9

*Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443 (9th Cir. 1992) ...................5

*Arista Networks, Inc. v. Cisco Sys. Inc.*, Case 5:16-cv-00923-BLF, Dkt. 334 (N.D. Cal. June 15, 2018)...................................................................18

*BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD, 2018 WL 1611835 (N.D. Cal. Apr. 3, 2018).................................................................3

*Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534 (C.D. Cal. 2012) ...........................9, 10

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)...............................................1, 3, 10

*Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311 (9th Cir. 1995) ..........................................14

*Eveler v. Ford Motor Co.*, No. 16-14776, 2017 WL 3382460 (E.D. La. Aug. 7, 2017)........................................................................10

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)...............................................................3, 14

*Hangartner v. Provident Life and Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004).....................4

*In re Delta/AirTran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343 (N.D. Ga. Mar. 28, 2017), *aff'd*, 714 F. App'x 986 (11th Cir. 2018) .........................................4

*In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC, 2018 WL 3368534 (N.D. Cal. July 10, 2018) .................................................................3, 8

*In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 318 F. Supp. 2d 879 (C.D. Cal. 2004) .........................................................................3

*In re W. Liquid Asphalt Cases*, 487 F.2d 191 (9th Cir. 1973)............................................18

*K&N Eng'g, Inc. v. Spectre Performance*, No. EDCV 09-1900VAP, 2011 WL 13131157 (C.D. Cal. May 12, 2011) .................................................................10

*Karum Holdings LLC v. Lowe's Cos.*, No. 15 C 380, 2017 U.S. Dist. LEXIS 192269 (N.D. Ill. Nov. 21, 2017) .................................................................9

*Kilpatrick v. Breg, Inc.*, 613 F.3d 1329 (11th Cir. 2010).................................................13

*Lawrence v. Raymond Corp.*, No. 09-cv-1067, 2011 U.S. Dist. LEXIS 85798 (N.D. Ohio Aug. 4, 2011), *aff'd*, 501 F. App'x 515 (6th Cir. 2012)........................................13

*Mannick v. Kaiser Found. Health Plan, Inc.*, No. C 03-5905, 2006 WL 1626909 (N.D. Cal. June 9, 2006).......................................................................4

-ii-

*Microsoft Corp. v. Motorola, Inc.*, No. C10-1823, 2013 WL 4008822 (W.D. Wash. Aug. 5, 2013) ............................................................................................... 4, 5, 16, 18, 19

*Nationwide Trans. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008) ........................... 4

*Nimely v. City of N.Y.*, 414 F.3d 381 (2d Cir. 2005) ................................................. 4

*Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. Cir. 2017) ................................................. 4

*Pac. Shores Props., Ltd. Liab. Co. v. City of Newport Beach*, 730 F.3d 1142 (9th Cir. 2013) ............................................................................................... 18

*Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984) ......................... 3

*TCL Commc'n Tech. Holdings, Ltd., et al. v. Telefonaktiebolaget LM Ericsson, et al.*, Case No. 8:14-cv-00341 (C.D. Cal. Sept. 14, 2018) ................................... 14

*Turpin v. Merrell Dow Pharms., Inc.*, 959 F.2d 1349 (6th Cir. 1992) ......................... 14

*United States v. Hermanek*, 289 F.3d 1076 (9th Cir. 2002) ......................................... 10

*United States v. Johnson*, 875 F.3d 1265 (9th Cir. 2017) ......................................... 13

*United States v. Shafi*, No. 15-cr-00582-WHO-1, 2018 WL 3159769 (N.D. Cal. June 28, 2018) ............................................................................................... 4, 13

*Wilderness Dev., LLC v. Hash*, No. CV 08-54-M-JCL., 2009 WL 564224 (D. Mont. Mar. 5, 2009) ............................................................................................... 11

**RULES**

Fed. R. Civ. P. 26 ............................................................................................... 9, 11, 12

-iii-

**Table of Abbreviations**

| InterDigital | Defendants InterDigital, Inc., InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc. |
|---|---|
| ASUS | Plaintiffs ASUS Computer International and Asustek Computer Incorporated |
| ETSI | European Telecommunications Standards Institute, a standards development organization |
| FRAND | Fair, Reasonable and Non-Discriminatory |
| SEP | Standards Essential Patent |
| UE | User Equipment (*e.g.*, mobile devices like cellular phones) |
| 2G | Second Generation (of cellular technology) |
| 3G | Third Generation (of cellular technology) |
| 4G | Fourth Generation (of cellular technology) |

Exhibits cited as "Ex. ___" are exhibits to the Declaration of Matthew R. Reed, filed concurrently herewith.

1    PLEASE TAKE NOTICE that on February 14, 2019 at 9:00 am in the U.S. District Court

2  for the Northern District of California, Courtroom 3, 280 South First Street, San Jose, InterDigital

3  shall and hereby does move for an order excluding certain opinions and testimony of ASUS

4  experts Apostolos K. "Paul" Kakaes, Fiona M. Scott Morton and Gregory K. Leonard.

5    Issue to be decided:  Whether certain opinions and testimony of ASUS's experts meet the

6  standards set by the Federal Rules of Evidence and the Supreme Court in *Daubert v. Merrell Dow*

7  *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1]

8  **I.    INTRODUCTION**

9    InterDigital respectfully requests that this Court exercise its gatekeeping authority as

10 outlined in Federal Rule of Evidence 702 and *Daubert* to exclude certain opinions and testimony

11 of three of ASUS's experts:  (1) Apostolos K. "Paul" Kakaes; (2) Fiona M. Scott Morton; and

12 (3) Gregory K. Leonard.  District courts rightfully exclude an expert's opinions where, among

13 other things, the expert:  has not done his or her own analysis (or even supervised the analysis),

14 but instead parrots the opinions of others; proffers opinions that lack sufficient basis to be reliable;

15 makes conclusory and unsupported extrapolations from a small, non-representative sample; or

16 offers legal opinions under the guise of expert opinions, seeking to testify as to ultimate issues in

17 the case.

18    Dr. Kakaes offers flawed opinions on two topics which should be stricken:  █████████

19 ███████████████████████████████████████████████████████████

20 ███████████████████████████████████████████████████████████

21 █████   For the first topic, Dr. Kakaes did not perform any of the essentiality analysis himself,

22 and did not even supervise a large portion of it.  █████████████████████████

23 ████████████████████████████████████████████████

24 █████   Further, the proffered analysis is unreliable because it is not repeatable; █████████

25 ███████████████████████████████████████████████   And

26  ───────────────────────

27   [1] Attached as Exhibits 1-5 are versions of the expert reports that are the subject of this
   motion, with blue and green highlights indicating the portions of the reports that InterDigital
28 requests be excluded.

1    Dr. Kakaes failed to provide the basis and reasons for the conclusions █████████

2    ████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████

6    █████████████████████████████████████████████████

7    ███████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████

10   █████████████████

11        Dr. Scott Morton offers improper opinions reflecting her legal conclusions relating to

12   ASUS's antitrust and breach of contract claims against InterDigital.  Specifically, she opines

13   (1) ██████████████████████████████████████████████████████████████

14   (2) that InterDigital has violated the "fair" and "reasonable" components of InterDigital's

15   commitments to the European Telecommunications Standardization Institute ("ETSI") regarding

16   licensing standards essential patents ("SEPs") on FRAND terms and conditions; (3) that

17   InterDigital has discriminated against ASUS in violation of its FRAND commitments to ETSI;

18   (4) that ASUS is a "willing licensee"; (5) that InterDigital has acquired monopoly power in the

19   Cellular Technology Markets; (6) that InterDigital's conduct has caused anticompetitive harm to

20   ASUS and consumers; and (7) ██████████████████████████████████ Such

21   subject matters, which concern legal opinions and ultimate issues for the jury to resolve, are

22   solely within the province of the Court, are not the proper subject of expert testimony, and should

23   be excluded under Rule 702.

24        Dr. Leonard similarly offers improper legal opinions and conclusions concerning

25   InterDigital's compliance with FRAND obligations. ███████████████████████

26   ████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████

28   ██████████████████████████████████████ This proposed testimony

-2-

should be excluded, as it goes to ultimate issues for the jury and thus invades the province of the Court.

## II.    APPLICABLE LAW

Before an expert may testify before a jury, the district court must act as a "gatekeeper" and screen the expert's testimony under the standards set by the Federal Rules of Evidence and the Supreme Court's decision in *Daubert*.  To be admissible under Federal Rule of Evidence 702, an expert's opinion testimony must be "based on sufficient facts or data," and be "the product of reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case." *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC, 2018 WL 3368534, at *4 (N.D. Cal. July 10, 2018) (citation omitted).  There are two key questions "at the heart of the admissibility determination:  whether the testimony is relevant and whether it is reliable." *Id.*; *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 318 F. Supp. 2d 879, 890 (C.D. Cal. 2004).  "The focus of the reliability inquiry is on the principles and methodology an expert uses in forming his opinions rather than the expert's conclusions." *In re Roundup*, 2018 WL 3368534, at *5.  The goal here is to "prevent[] shoddy expert testimony and junk science from reaching the jury." *BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD, 2018 WL 1611835, at *1 (N.D. Cal. Apr. 3, 2018) (citation omitted).  The Court must also consider whether, for a given conclusion, "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.*  "In short, both unsound methods and unjustified extrapolations from existing data can require the Court to exclude an expert." *In re Roundup*, 2018 WL 3368534, at *5.

While "Rule 703 permits . . . hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion," "[i]t does not allow the admission of the reports to establish the truth of what they assert." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984).  In other words, "[a]n expert may not serve 'simply as a conduit for introducing hearsay under the guise that the testifying expert used

1 the hearsay as the basis of his testimony.'" *United States v. Shafi*, No. 15-cr-00582-WHO-1,

2 2018 WL 3159769, at \*5 (N.D. Cal. June 28, 2018) (quoting *Owens v. Republic of Sudan*, 864

3 F.3d 751, 789 (D.C. Cir. 2017)).

4       Under Federal Rule of Evidence 702, "an expert witness cannot give an opinion as to her

5 legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to

6 the applicable law is the distinct and exclusive province of the court."  *Nationwide Trans. Fin. v.*

7 *Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangartner v. Provident Life*

8 *and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *see also Mannick v. Kaiser Found.*

9 *Health Plan, Inc.*, No. C 03-5905, 2006 WL 1626909, at \*17 (N.D. Cal. June 9, 2006) (an

10 expert's testimony may not "interpret[] the law for the court or . . . advis[e] the court about how

11 the law should apply to the facts of a particular case").  Such expert testimony "usurps either the

12 role of the trial judge in instructing the jury as to the applicable law or the role of the jury in

13 applying that law to the facts before it," *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005)

14 (citation omitted), and "by definition does not aid the jury in making a decision; rather, it

15 undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's

16 judgment for the jury's." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d

17 1343, 1362-63 (N.D. Ga. Mar. 28, 2017), *aff'd*, 714 F. App'x 986 (11th Cir. 2018) (citation

18 omitted).

19       While Federal Rule of Evidence 704 provides that "[a]n opinion is not objectionable just

20 because it embraces an ultimate issue," the Ninth Circuit has made clear that testimony that

21 "merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be

22 admissible."  *Nationwide Trans. Fin.*, 523 F.3d at 1060; *see also Microsoft Corp. v. Motorola,*

23 *Inc.*, No. C10-1823, 2013 WL 4008822, at \*12 (W.D. Wash. Aug. 5, 2013) ("Where the jury is

24 in as good a position as the expert to draw conclusions from the evidence, and is capable of

25 drawing its own inferences, the expert's ultimate issue testimony is not helpful and should be

26 excluded.").

27       Moreover, expert testimony consisting of legal conclusions regarding "the parties'

28 [F]RAND obligations and duties is solely within the province of the court."  *Microsoft*, 2013 WL

1   4008822, at *20; *see also Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443,

2   447 (9th Cir. 1992) (upholding district court's determination that expert testimony relating to

3   contract interpretation would be "utterly unhelpful" and inadmissible).

**III.    THE COURT SHOULD EXCLUDE DR. KAKAES' FLAWED OPINIONS**

5          ASUS accuses InterDigital of offering licenses to its SEPs that do not comply with

6   InterDigital's FRAND commitments.  To establish what it believes a FRAND offer from

7   InterDigital should be, ASUS advances ███████████████████████████████

8   ████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████

11  ██████████████████████████  *See* Ex. 4 ¶¶ 206-215.

12         In support of this ██████  approach, ASUS economic expert Dr. Leonard relies on ██

13  ████████████████████████████████████████████████████████████

14  ██████████████  Ex. 4 ¶ 63 and Table 2.  However, Dr. Kakaes' opinions regarding

15  ██████████████████████████████  as well as his opinions regarding ███████████

16  ███████████████████████████████  should be excluded.

**A.    Dr. Kakaes Offers Fatally Flawed Opinions on Two Topics**

18                  ███  ██████████████████████████████████████

19         ██████████████████████████████████████████████████

20  ███████████████████████████████████████████████  is a company

21  based in India that provides consulting services, including patent review services. ███████

22  ██████████████████████████████████████████████████

23  █████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████

26  _____

27  [2]  ██████████████████████████████████████████████████

28  ███████████████████████████████████████

-5-

1

2

3

4

5

6

7    In sum,

8    Dr. Kakaes did not make any of the determinations that are reflected in the

9    analysis, did not derive any of the results of the    analysis,

10   and did not lead or supervise a large portion of the work that led to those results.

11   Ex. 1 ¶¶ 180-190.  However, Dr. Kakaes

12   did not keep a record of the patents he reviewed, nor did he set forth anywhere the results of his

13   own    analysis

14

15   Dr. Kakaes' opinions about

16   , and they are nevertheless likewise excludable.

17

18   although court proceedings are not a subject matter within his claimed area of expertise.

19

20   but presents no substantive analysis

21   whatsoever of that review—

22

23

24

25

26

27

28

1 ███████████████████████████████████████████████████████

2 ███████████████

3 ██████████████████████████████████████████████████████

4 ██████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ███████████████████████████████████████

7 ████████████████████████████████████████████████████████

8 ███████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 █████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ██████████████████████

14    **B.**     **Both of Dr. Kakaes' Opinions Are Unreliable and Should Be Excluded**

15       **1.**     **Dr. Kakaes' Opinions on** ████████████████████
           ██████  **Lack Foundation and Are Unreliable**

16    Dr. Kakaes' opinions related to ██████████████████████████████████

17 ████████████████████████████████ are inadmissible because: (1) ████████████████████████████████ (2) ████████ methodology is not reproducible; and (3) the basis and reasons for ████████ and Dr. Kakaes' analyses have not been provided.  Each of these problems alone provides a basis to exclude Dr. Kakaes' opinions; taken together, they more than warrant exclusion.  *Cf. In re Roundup*, 2018 WL 3368534, at *31 (excluding expert's opinion where each problem was insufficient on its own to justify exclusion but, in combination, "the problems . . . le[d] the Court to conclude that his opinion is not sufficiently reliable to be admissible.").

          *a)*     ***Dr. Kakaes did not perform the*** ████████████████
                   ***analysis and did not supervise much of*** ████████ ***work.***

    Not only did Dr. Kakaes fail to include in his report his own analysis of ████████████

28 ███████████████████████████████████████████████████████

1 ██████████████████████████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████████████████████████████

4 ███   Because an expert must "apply *his* knowledge to the facts and form *his* own opinion,"

5 *Abrams v. Ciba Specialty Chemicals Corp.*, No. 08-cv-0068-WS-B., 2010 WL 779283, at *4 (S.D.

6 Ala. Mar. 2, 2010) (emphasis added), this is improper.  In effect, Dr. Kakaes is merely serving as

7 a "mouthpiece" for ████████ with respect to ██████████ *Cholakyan v. Mercedes-Benz USA,*

8 *LLC*, 281 F.R.D. 534, 547 (C.D. Cal. 2012), leaving the Court no opportunity to review the

9 methodology or the reliability of ████████ work.[4]  *Karum Holdings LLC v. Lowe's Cos.*, No. 15 C

10 380, 2017 U.S. Dist. LEXIS 192269, at *15-16 (N.D. Ill. Nov. 21, 2017) (excluding expert

11 testimony on a damages model where the model was not built or supervised by the expert).

12 ASUS cannot argue that ████████ results can be attributed to Dr. Kakaes because ███

13 ███████████████████████████████████████████████████████████████████████████

14 █████████████████████████████████████████████████████████████████████████

15 ████████████████████████████████ Ex. 1 ¶¶ 180-190.  However, Dr. Kakaes did not

16 keep a record of the patents he reviewed, nor did he set forth anywhere the results of his own

17 analysis of ████████████  He should not be allowed to rely upon ████████ judgment rather

18 than setting forth his own.  *Abrams*, 2010 WL 779283, at *4; *Cholakyan*, 281 F.R.D. at 546.

19 Further, ASUS cannot argue that ████████ opinions can be attributed to Dr. Kakaes

20 because ████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████████████.

25

_____

26 [4] Indeed, ASUS did not proffer the ████████ reviewers as experts:  ASUS did not disclose the
████████ reviewers as expert witnesses who would testify at trial (Fed. R. Civ. P. 26(a)(2)(A)) and
27 did not provide expert reports from them (Fed. R. Civ. P. 26(a)(2)(B)).  ASUS did not establish
that the ████████ reviewers are sufficiently qualified in the relevant fields to act as experts.

28

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████████████████████████████ Dr. Kakaes improperly seeks to serve as a

4 "mouthpiece" for those experts, shielding them from cross-examination or critical analysis.

5 *Cholakyan*, 281 F.R.D. at 547; *Eveler v. Ford Motor Co.*, No. 16-14776, 2017 WL 3382460, at *9

6 (E.D. La. Aug. 7, 2017); *K&N Eng'g, Inc. v. Spectre Performance*, No. EDCV 09-1900VAP

7 (DTBx), 2011 WL 13131157, at *10 (C.D. Cal. May 12, 2011).

8       The numbers Dr. Kakaes presents in his report purporting to set forth ███████████

9 ███████████████████████████████████—are likewise not his own.

10 ███████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████████

12 ███████████████████████████████████████████████████████

13 ███████████████████████████████████████████████████████

14 ███████████████████████████████████████████████████████

15 ████████████████████████████ Again, Dr. Kakaes is improperly serving

16 as the "mouthpiece" of others. *Cholakyan*, 281 F.R.D. at 547.

17              ***b)***       ███████ ***essentiality analysis is un-reproducible.***

18       The lack of reproducibility of the essentiality analysis is an independent ground to exclude

19 Dr. Kakaes' opinions.  The opinions ██████████████████████████████

20 ██████████████████████ are inconsistent from one case to another.  These inconsistent

21 results are an indicator of unreliability.  *See United States v. Hermanek*, 289 F.3d 1076, 1098 (9th

22 Cir. 2002) ("Inconsistent results may be an indicator of unreliability") (citing *Daubert*, 509 U.S.

23 at 590 n.9)).

24       The reviewers at ██████ previously conducted a patent census and performed an

25 essentiality analysis for a different case, *TCL Commc'n Tech. Holdings, Ltd., et al. v.*

26 *Telefonaktiebolaget LM Ericsson, et al.*, Case No. 8:14-cv-00341 (C.D. Cal.).  ███████████

27 ████████████████████████ That work was partly supervised by

28 Dr. Kakaes and partly by another expert, Dr. Ding.  Ex. 9 ¶ 312.  █████████████████

-10-

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ███████████████████████████████████████████████████

5 ██████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ███████████████████  These inconsistencies illustrate the highly subjective nature of the

8 inquiry regarding essentiality, as well as the un-reproducibility, and thus unreliability, of ████████

9 analysis here.[5]

10              *c)*      ***Dr. Kakaes fails to provide "the basis and reasons" for his*** ███████

███████████████ ***opinions as well as*** ███████████,

11         ***as required by Rule 26(a)(2)(B)(i).***

12        Another independent ground on which the Court should exclude Dr. Kakaes' opinions on

13 ████████████████████████████████████████ is his failure to provide "the basis

14 and reasons for" the opinions.  "Bald conclusions of an expert witness, or brief statements of

15 ultimate conclusions with no explanation of the basis and reasons therefore, or the absence of a

16 statement of how the facts support the conclusions, do not satisfy the Rule 26(a)(2)(B)

17 requirements."  *Wilderness Dev., LLC v. Hash*, No. CV 08-54-M-JCL., 2009 WL 564224, at *5

18 (D. Mont. Mar. 5, 2009) (citations omitted).  ████████████████████████████████

19 ███████████████████████████████████████████████████

20 █████████████████████████████████████████████

21 ████████████████████████████████████████████

22 █████████████████████████████████████████████

23 ██████████████████████

24 _____

25      [5] In *TCL v. Ericsson*, Dr. Kakaes attempted to explain these discrepancies by asserting that
they were caused by "information asymmetry" because he and Dr. Jayant considered different
standards than Concur and considered the patent file histories whereas Concur did not.  Ex. 9

26 ¶¶ 345-348. ████████████████████████████████████████████████████████

27 ███████████████████████████████████████████.  The proper approach
to remedying an information asymmetry is not to ignore relevant information, as Dr. Kakaes
appears to have done here.

28

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████ Compliance with Federal Rule of Civil Procedure 26 would have

5 required ██████ to provide the reasons it reached the conclusions it did *somewhere*, ███████████

6 █████████████████████████████████████████████ But that did not happen.

7 ████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████ absolutely no basis or reasoning has been

10 provided for ██████████████████████████████ In the absence of any basis,

11 it is not clear that these patents were reviewed at all.

12    As for Dr. Kakaes' ███████████████[6] Dr. Kakaes notably never disclosed the analysis or

13 result of any assessment regarding essentiality that he did for a single patent—███████████

14 ████████████████████ ██████████████████████████████████

15 ██████████████████████████████████████████████████████

16 █████████████████████████████████████████████████████████

17 ████████████████████████ As such, any opinions that Dr. Kakaes may provide at trial

18 regarding likely essentiality would be made without personal knowledge.  Because the Court

19 cannot "see the mechanisms in order to determine if they are reliable and helpful," Dr. Kakaes'

---

20 _____

21 [6] ████████████████████████████████████████████████

22 ██████████████████████████████████████████████████

23 ████████████████████████████████████████████

24 [7] ████████████████████████████████████████████████

25 ██████████████████████████████████████████████████

26 ██████████████████████████████████████████████████

27 ████████████████████████████████████████████

28

1    opinions should be excluded.  *See Lawrence v. Raymond Corp.*, No. 09-cv-1067, 2011 U.S. Dist.

2    LEXIS 85798, at *20 (N.D. Ohio Aug. 4, 2011), *aff'd*, 501 F. App'x 515 (6th Cir. 2012).[8]

3              **2.    Dr. Kakaes' Opinions Regarding** ██████████████████████

4                    **██████████ Lack Basis and Are Unreliable**

5         In his second set of opinions, Dr. Kakaes opines ████████████████████████

6    ██████████████████████████████████ Like his first set of opinions, these

7    opinions lack reliability and are without basis. ██████████████████████████

8    ████████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████████████████

10   ██████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████████████

13   ████████████████████████████████ Dr. Kakaes does not, however, establish that

14   these ████ patents are representative of InterDigital's portfolio of likely essential patents.

15        Dr. Kakaes' failure to include any statistical analysis or any explanation of how it was

16   statistically meaningful to extrapolate an opinion from his review of ██████████████

17   ██████████████████████ makes his opinions about InterDigital's patents unreliable.  *See*

18   *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1337 (11th Cir. 2010) (affirming exclusion of expert's

19   reliance on a study where, among other things, the "district court concluded that . . .  the study

20   was unreliable because it did not include any statistical analysis and did not explain whether it

21   was statistically meaningful to extrapolate from such a small sample size").

22        In addition, because Dr. Kakaes did not look at similar data points (*e.g.*, litigation history,

23   claim charts, or patent contributions) for any other patent owners to compare them against

24   _____

25        [8] While an expert may rely on hearsay evidence, an expert may not be a conduit for
     inadmissible hearsay.  *Shafi*, 2018 WL 3159769, at *5.  "Hearsay is an out-of-court statement
26   offered for the truth of the matter asserted."  *United States v. Johnson*, 875 F.3d 1265, 1278 (9th
     Cir. 2017).  ██████████████████████████████████████████—are inadmissible
27   hearsay because they are being proffered to prove ██████████████████████████
     ████████ and do not fall under any of the hearsay exceptions.
28

1   InterDigital's, his conclusion ███████████████████████ lacks any foundation.

2   *Ipse dixit* conclusions can create "too great an analytical gap between the data and the opinion

3   proffered." *See Joiner*, 522 U.S. at 146. ████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████

5   ██████   Without reviewing the litigation history of other patent owners who have asserted likely

6   essential patents, no conclusion can be made as to the relative quality of InterDigital's previously

7   litigated patents in comparison to other patent owners.  Similarly, without performing any

8   analysis of other patent owner's patents discussed in licensing negotiations, he cannot draw any

9   conclusion as to the relative "quality" of InterDigital's patents.  Finally, without performing any

10  analysis of other patent owner's contributions to standard setting organizations, he likewise

11  cannot draw any conclusion about InterDigital's relative contributions.  Dr. Kakaes has done

12  nothing to support or substantiate his ████████████████████████████████████

13  ████████████████   Dr. Kakaes' "[p]ersonal opinion, not science, is testifying here." *Daubert v.*

14  *Merrell Dow Pharms.*, 43 F.3d 1311, 1319 (9th Cir. 1995) (quoting *Turpin v. Merrell Dow*

15  *Pharms., Inc.*, 959 F.2d 1349, 1360 (6th Cir. 1992)).

16       This is not the first time Dr. Kakaes has proffered one-sided and incomplete comparisons.

17  In *TCL v. Ericsson*, the court found that Dr. Kakaes' opinions regarding the importance and

18  contribution of Ericsson's proportional share of likely essential patents were not helpful because

19  TCL's expert—Dr. Kakaes—had not reviewed any other patent owner's likely essential patents

20  and had not considered whether anyone else owned the alleged alternative that he asserted could

21  have been adopted into the standard.  Ex. 10 at 41-42 (*TCL v. Ericsson*, Slip op., Case No. 8:14-

22  cv-00341 (C.D. Cal. Sept. 14, 2018)).  The district court in *TCL* also found Dr. Kakaes'

23  discussion of Ericsson's patent contributions lacking because he had not analyzed "whether

24  alternatives are mutually inconsistent with each other, would perform worse than the standard,

25  would even create a viable, functional standard, or require other patents owned by Ericsson (thus

26  defeating the point of the analysis)." *Id.* at 41.  This is the case here as well.  Dr. Kakaes has not

27  considered InterDigital's contributions in the proper context. ██████████████████████

28  ████████████████████████████████████████████████████████████████████████

-14-

1  ███████████████████████████████████████████████████

2  ██████████████████████████████████ Thus, he repeated the same

3  errors as he committed in *TCL*.

4
5  **IV.  THE COURT SHOULD EXCLUDE DR. SCOTT MORTON'S IMPROPER LEGAL OPINIONS**

6      In support of its breach of contract claims, ASUS alleges that ███████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████ Additionally,

9  ASUS claims that InterDigital has unlawfully used its alleged monopoly power in the "Cellular

10  Markets" to cause harm to ASUS and to competition in violation of Section 2 of the Sherman

11  Act.  *See id.* ¶¶ 13-14; FAC ¶¶ 72-85.

12      ASUS retained Dr. Scott Morton to provide expert opinions concerning, among other

13  things:  (1) ██████████████████████████ (2) whether InterDigital has violated

14  the "fair" and "reasonable" components of InterDigital's FRAND commitments to ETSI;

15  (3) whether InterDigital has discriminated against ASUS in violation of its FRAND

16  commitments to ETSI; (4) whether ASUS is a "willing licensee"; (5) whether InterDigital has

17  acquired monopoly power in the Cellular Technology Markets; (6) whether InterDigital's

18  conduct has caused anticompetitive harm to ASUS and to consumers; and (7) ████████

19  ████████████████████ *See* Ex. 2 ¶¶ 16-17.  With respect to each of these

20  subject areas, Dr. Scott Morton offers improper legal conclusions that warrant exclusion under

21  Rule 702.

22
23      **A.  Dr. Scott Morton's Legal Conclusions Regarding ASUS's Breach of Contract Claims Should Be Excluded**

24      ASUS claims that InterDigital has violated its ETSI FRAND obligations with respect to

25  the 2008 PLA and subsequent licensing offers made to ASUS.  Specifically, ASUS alleges that

26  InterDigital has imposed and demanded "supra-competitive royalties" that are not FRAND.  *See*

27  FAC ¶¶ 50, 97, 105.  Dr. Scott Morton offered two expert reports that set out her views on these

28

-15-

1   questions.  As discussed below, certain aspects of Dr. Scott Morton's proposed testimony are

2   inadmissible under Rule 702.

3        *First*, Dr. Scott Morton's opinions regarding ████████████████████████████

4   ██████████████████████████████████████████████ should be

5   excluded as improper legal conclusions.  *See Microsoft*, 2013 WL 4008822, at *14 (expert

6   witnesses "must be prohibited from opining on the interpretation of the RAND obligation vis-à-

7   vis the rights and obligations of the SEP holder and implementer").  Here, Dr. Scott Morton

8   opines ████████████████████████████████████████████

9   ██████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████ Because "there is little question that statements by an

14  expert witness as to the circumstances under which a patent holder fulfills its RAND obligation

15  is beyond the scope of permissible expert testimony," *Microsoft*, 2013 WL 4008822, at *14,

16  these opinions should be excluded.

17       *Second*, Dr. Scott Morton further concludes that InterDigital has violated the "fair" and

18  "reasonable" components of its ETSI FRAND commitments.  Specifically, ████████████

19  ██████████████████████████████████████████████████

20  ████████████████████████████████ Such testimony is improper,

21  as opinions concerning whether InterDigital has complied with its FRAND commitments

22  constitute legal conclusions.  *See Microsoft*, 2013 WL 4008822, at *15 (excluding testimony

23  regarding whether Motorola met its RAND obligations because it "assumes the law and the

24  parties' obligations or touches on what the law should be").  Moreover, these opinions should be

25  excluded because they address ultimate issues.  Because the jury is capable of determining

26  whether the 2008 PLA and InterDigital's offers were "fair" and "reasonable," Dr. Scott Morton's

27  proposed testimony which purports to make that determination would not be helpful to the jury.

28  *See id.* at *12.

*Third*, ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

Like her proposed testimony concerning whether InterDigital violated the fair and reasonable

components of its FRAND obligations, Dr. Scott Morton's legal conclusion that the terms in the

2008 PLA and subsequent offers from InterDigital are discriminatory goes to an ultimate issue in

the case, would not be helpful to the jury, and should be excluded.

*Fourth*, in support of ASUS's affirmative claim that it is a "willing licensee," Dr. Scott

Morton opines that ASUS ██████████████████████████████████

████████████████████████████████████████   Whether ASUS has been

a "willing licensee" during the course of its license negotiations with InterDigital presents

another ultimate issue.  Because, ████████████████████████████

████████████████████████████████, determining whether ASUS

has behaved as a willing licensee is intertwined with its FRAND-related claims.  It is

inappropriate for an expert to offer a legal conclusion on this ultimate issue, which the jury is

capable of deciding; it is the role of the jury to evaluate the evidence concerning ASUS's

negotiating conduct and conclude whether it is a willing licensee with respect to InterDigital's

SEPs.

**B.     Dr. Scott Morton's Legal Conclusions Regarding ASUS's Sherman Act Claim Should Be Excluded**

In support of its claim that InterDigital's conduct violates Section 2 of the Sherman Act,

ASUS argues that InterDigital has acquired and maintained monopoly power in the Cellular

Technology Markets, abused that alleged monopoly power, and caused harm to ASUS and to

competition as a result.  *See* FAC ¶¶ 72-85.  In addition to offering improper legal conclusions

on these very issues, Dr. Scott Morton also advances the highly inappropriate opinion that

████████████████████████████████████████████████████

Dr. Scott Morton's legal opinions concerning InterDigital's alleged acquisition,

maintenance, and abuse of monopoly power in the Cellular Technology Markets are improper, as

-17-

1  such opinions comprise legal conclusions regarding elements of a Sherman Act claim and thus

2  usurp the role of the jury.  *See, e.g.*, *id.* ¶¶ 114, 174.  Throughout her reports, Dr. Scott Morton

3  additionally offers conclusory legal opinions concerning specific alleged conduct by InterDigital,

4  █████████████████████████████████████████████████████████████████████

5  █████████████████████████████████████████████████████████████████

6  ███████████████████████████  Such statements also relate to ultimate issues for the jury, and

7  should be excluded here.

8  Similarly, Dr. Scott Morton's legal conclusions concerning whether InterDigital's alleged

9  conduct caused anticompetitive harm to ASUS and to consumers constitute improper expert

10  testimony.  *See, e.g.*, *id.* ¶¶ 25, 238.  In particular, her proposed testimony on whether

11  InterDigital's alleged conduct *caused* any injury (to ASUS or competition generally) lacks

12  foundation and usurps the role of the jury, as it concerns a factual question on an ultimate issue.

13  *See In re W. Liquid Asphalt Cases*, 487 F.2d 191, 199 (9th Cir. 1973) ("the problems of damages

14  and causation are questions of fact for the jury"); *Pac. Shores Props., Ltd. Liab. Co. v. City of*

15  *Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013) ("Causation is an intensely factual question

16  that should typically be resolved by a jury").

17  Finally, Dr. Scott Morton's legal conclusion that ████████████████████████████

18  ██████████████████████████████████  is especially improper and should be

19  excluded.  *Id.* ¶ 26.  *See Arista Networks, Inc. v. Cisco Sys. Inc.*, Case 5:16-cv-00923-BLF, Dkt.

20  334 at 9 (N.D. Cal. June 15, 2018) (excluding expert opinions concerning "whether antitrust laws

21  should prohibit specific conduct").

## V.   THE COURT SHOULD EXCLUDE DR. LEONARD'S IMPROPER LEGAL OPINIONS

24  Like Dr. Scott Morton, Dr. Leonard offers improper legal opinions that are inadmissible

25  under Rule 702.  Throughout his Opening Report, Dr. Leonard opines on ████████████████

26  ███████████████████████████████████  *See Microsoft*, 2013 WL 4008822, at *14

27  (prohibiting expert testimony relating to "the interpretation of the RAND obligation").  For

28  example, Dr. Leonard opines that a ██████████████████████████████████████████

-18-

1 ██████████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████████

3 ███████████████ Such opinions regarding what comprises FRAND terms and conditions

4 are improper because they purport to explain how the law should be applied, an inappropriate

5 subject for expert testimony.

6      Indeed, in *Microsoft Corporation v. Motorola, Inc.*, the district court granted a motion to

7 exclude similar testimony offered by Dr. Leonard. *See Microsoft*, 2013 WL 4008822, at *22

8 (finding Dr. Leonard's testimony regarding what RAND requires of SEP owners to be

9 inadmissible legal conclusions). The court went on to explain that "through its jury instructions,"

10 the court would "determine[] the rights and obligations of the parties under the RAND

11 commitment," and that "Dr. Leonard or any other witness must be prohibited from opining on

12 the interpretation of the RAND obligation vis-à-vis the rights and obligations of the SEP holder

13 and implementer." *Id.*

14      Additionally, ████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████

20 ███████████████████████████████████████████████ These legal

21 conclusions, under the guise of economic expert opinions,[9] should similarly be excluded.

22      Dr. Leonard also attempts to apply his version of the law to the facts of the case, offering

23 specific legal conclusions regarding InterDigital's alleged conduct. In both his Opening Report

24 and Second Supplemental Report, Dr. Leonard concludes that █████████████████████

25 ███████████████████████████████████████████████

26 ———————————————————

27 [9] ████████████████████████████████████████████████████████

28 ████████████████████████████████████████

1   ████████████████████████████████████████████████████

2   ████████████████████████████████████████████████

3   ████████████  These legal conclusions should also be excluded.

4        Finally, Dr. Leonard offers the legal conclusion that ██████████████████

5   ██████████████████████████████████████████

6   ████████████████████████████████████████████████████

7   ████████████████████████████████████████

8   ██████████████████████████████████  These legal

9   conclusions not only lack foundation, they also constitute inadmissible expert testimony and

10  should be excluded.

11       /  /  /