Brian Nester (*pro hac vice)*
bnester@sidley.com
Michael R. Franzinger (SBN 222155)
mfranzinger@sidley.com
Anna M. Weinberg (*pro hac vice*)
aweinberg@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Richard A. Cederoth (*pro hac vice*)
rcedertoth@sidley.com
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone (312) 853-7000
Facsimile: (312) 853-7036

Mike Bettinger (SBN 122196)
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Plaintiffs
ASUS COMPUTER INTERNATIONAL,
ASUSTEK COMPUTER INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER INCORPORATED,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION; IPR LICENSING, INC. and INTERDIGITAL PATENT HOLDING, INC.,<br><br>Defendants. | Case No. 15-cv-01716-BLF<br><br>**ASUS'S UPDATE RE: MOTION TO STRIKE PORTIONS OF EXPERT REPORTS**<br><br>Hearing Date: January 17, 2019<br>Time: 9:00 a.m.<br>Location: Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Pursuant to the Court's Orders on August 6 and 31, 2018 (ECF Nos. 226, 255), Plaintiffs ("ASUS") provide this update to their Motion to Strike Portions of Expert Reports or, in the Alternative, to Supplement Fact and Expert Discovery ("Motion"), filed August 2, 2018 (ECF No. 220). The Court referred ASUS's alternative request to supplement fact and expert discovery to Magistrate Judge Cousins, while retaining jurisdiction over any issues that remained after he ruled on the alternative relief. (ECF No. 226.) Magistrate Judge Cousins granted ASUS leave to supplement expert reports but denied supplemental fact discovery (document production and depositions). (ECF No. 247.) The portion of ASUS's Motion relating to InterDigital's "unwilling licensee" defense has been resolved by agreement between the parties. There remains one issue for the Court to decide, namely whether to strike the references to a pair of documents produced after the close of fact discovery in two expert reports served by Defendants ("InterDigital").

The remaining issue in this Motion presents a simple and straightforward question: whether a party's experts should be permitted to rely on significant new documents the party injected into the case after the fact discovery cutoff date. The simple and straightforward answer is no. Courts routinely preclude parties from relying on documents they introduced after the fact discovery cutoff, including where the party did not create the documents until after the cutoff. *See, e.g.*, *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 678, 683 (N.D. Cal. 2015); *see also TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, No. SACV1400341JVSANX, 2016 WL 6921126, at *3 (C.D. Cal. May 24, 2016) (rejecting producing party's attempt to rely on new alleged FRAND offer made two months *before* the fact discovery cutoff).

The documents at issue are InterDigital's license offer letter and corresponding internal financial model dated April 12, 2018. InterDigital's counsel represented to Magistrate Judge Cousins that it intends these documents to be an important part of its case. (ECF No. 242, audio file at 7:36-7:39.) By creating and producing the documents after fact discovery ended and during the expert discovery period, InterDigital alters the case's foundation, when it is too late for ASUS to take the discovery it is entitled to. InterDigital chose to introduce these documents into the litigation record nearly a month after the March 16 fact discovery cutoff, and it has done nothing to justify the untimeliness of these documents. *See* ECF No. 142 (setting fact discovery cutoff date). It was

1  entirely within InterDigital's capabilities to craft this offer letter and model while fact discovery was
2  ongoing, if it wanted to make them a part of this case. Whether InterDigital's motive was to shield
3  itself from discovery, to drag out negotiations while it continues to collect royalties, or both,
4  InterDigital's strategic delay should not be rewarded.

5        Expert discovery is supposed to be conducted on a "locked-in … factual record" for which
6  the parties have had the opportunity to "test the factual basis[.]" *See Apple, Inc. v. Samsung Elecs.*
7  *Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012). ASUS has not had
8  the opportunity to "test the factual basis" of this important portion of InterDigital's case. Had the
9  documents been produced on time, ASUS could have asked InterDigital fact witnesses about them
10 during their depositions. Instead, ASUS will now be surprised by what the fact witnesses say about
11 these documents at trial. Especially now that ASUS's request to take follow-up fact discovery has
12 been denied (ECF No. 247), striking the late-produced documents and the experts' reliance on them
13 is a matter of fundamental fairness and orderly trial preparation. The parties may continue their
14 negotiations toward a possible resolution of their dispute, but the negotiations over which this case
15 will be litigated need a reasonable end point, which the fact discovery cutoff provides.

16       To be clear, ASUS does not believe InterDigital's new documents cure, or even mitigate, its
17 ongoing breach of contract and other violations. But they do affect the arguments about how those
18 violations occurred. Even with a chance to supplement expert reports, ASUS never got the
19 opportunity to cover these documents in its fact depositions, interrogatories, or follow-up document
20 requests. Moreover, allowing the documents in would reward InterDigital's selective application and
21 waiver of privilege. *See* Motion at 6-7 (ECF No. 220); Joint Statement Re: Plaintiffs' Motion for
22 Leave to Supplement Fact and Expert Discovery at 1-3 (ECF No. 237). InterDigital's tactic of
23 withholding models and deposition answers about them as privileged, then producing a selected one
24 tailored to the case it wants to present after there is no longer an opportunity to depose witnesses on
25 it, deprives ASUS of a fair opportunity to fully litigate the issues raised by the documents.

26       For the reasons stated above and in the Motion, ASUS respectfully requests that the Court
27 strike opinions connected to the letter and licensing model produced after the close of fact discovery.
28 *See* Motion at 3:21-24, 3:27-28 (listing the portions of reports ASUS seeks to strike).

DATED: October 1, 2018

By: */s/ Michael R. Franzinger*
Brian Nester (*pro hac vice*)
Michael R. Franzinger
Anna M. Weinberg (*pro hac vice*)
Mike Bettinger
Richard A. Cederoth (*pro hac vice*)
David C. Giardina (*pro hac vice*)

*Attorneys for Plaintiffs*
ASUS COMPUTER INTERNATIONAL, and
ASUSTEK COMPUTER INCORPORATED