UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01716-BLF<br><br>**OMNIBUS ORDER RE: SEALING MOTIONS AT ECF 258 AND ECF 290**<br><br>[Re: ECF 258, 290] |

Before the Court are Defendants' administrative motions to file under seal portions of their opposition brief and exhibits, and reply brief and exhibits, in connection with the parties' motions for summary judgment. ECF 258, 290. For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

1  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2  highlighting or other clear method, the portions of the document that have been omitted from the

3  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative

4  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

5  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendants' sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below.

### A. ECF 258 (Defendants' Motion as to Defendants' Opposition and Exhibits)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 258-4 | A: Opposition to Plaintiffs' Motion for Summary Judgment | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing agreements. Miller Decl. ¶ 5 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-6 | B: Declaration of Anne Layne-Farrar | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 6 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-7 | C: Excerpts from the deposition transcript of Jacky Lu, dated March 13, 2018 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 7 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-8 | D: Document produced by ASUS, bearing the production number ASUS_0149276 | GRANTED. | Contains confidential information relating to the parties' licensing agreements. Miller Decl. ¶ 8 at ECF 258-1. Disclosure of such information would harm |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Defendants. *Id.* |
| 258-9 | E: Excerpts from the deposition transcript of Marvin Hsu, dated March 12, 2018 | GRANTED. | Contains confidential information relating to Plaintiffs' business strategies, customer base, and competitive rationales. Weinberg Decl. ¶ 7, ECF 272. Disclosure of such information would cause harm to Plaintiffs, the designating party. *Id.* |
| 258-10 | F: Document produced by ASUS, bearing the production number ASUS_0008537 | GRANTED. | Contains confidential information relating to Plaintiffs' license with a third party. Weinberg Decl. ¶ 8, ECF 272. Disclosure of such information would cause harm to Plaintiffs, the designating party. *Id.* |
| 258-11 | G: Document produced by ASUS, bearing the production number ASUS_0014106 | GRANTED. | Contains confidential information relating to Plaintiffs' license with a third party. Weinberg Decl. ¶ 9, ECF 272. Disclosure of such information would cause harm to Plaintiffs, the designating party. *Id.* |
| 258-13 | H: Declaration of Bertram Huber | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 12 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-15 | I: Declaration of Ranae McElvaine | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 13 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-17 | J: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0196808 | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 14 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 258-19 | K: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0108796 | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 15 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-21 | L: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0109274 | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 16 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-22 | M: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0110392 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 17 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-23 | N: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0108736 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 18 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-25 | O: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0113584 | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 19 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-27 | P: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0114692 | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 20 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-29 | Q: Document produced by InterDigital, bearing the production number | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications and |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | IDC-ASUS-1716-0110741 | | highly sensitive royalty terms. Miller Decl. ¶ 21 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-30 | R: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0117560 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 22 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-31 | S: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0117576 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 23 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-33 | T: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0117586 | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 24 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-34 | U: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0121582 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 25 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-35 | V: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0234044 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 26 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-36 | W: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0236040 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 27 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 258-37 | X: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0333364 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 28 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-38 | Y: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0336753 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 29 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-39 | Z: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0336749 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 30 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-40 | AA: Email from IDC's Counsel to ASUS's counsel, dated April 4, 2018 | GRANTED. | Contains confidential information relating to Defendants' licensing practices. Miller Decl. ¶ 31 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-42 | BB: Declaration of William J. Merritt | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications and highly sensitive royalty terms. Miller Decl. ¶ 32 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-43 | CC: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0202010 | GRANTED. | Contains confidential information relating to Defendants' highly sensitive business information, including terms of a license with a third party. Miller Decl. ¶ 33 at ECF 258-1. Disclosure of such information would harm Defendants. *Id.* |
| 258-44 | DD: Document produced by InterDigital, bearing | GRANTED. | Contains confidential information relating to Defendants' highly |

7

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | the production number IDC-ASUS-1716-0217716 | | sensitive business information, including terms of a license with a third party.  Miller Decl. ¶ 34 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-45 | EE: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0268770 | GRANTED. | Contains confidential information relating to Defendants' highly sensitive business information, including terms of a license with a third party.  Miller Decl. ¶ 35 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-46 | FF: Document produced by InterDigital, bearing the production number IDC-ASUS-1716-0324555 | GRANTED. | Contains confidential information relating to Defendants' highly sensitive business information, including terms of a license with a third party.  Miller Decl. ¶ 36 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-48 | GG: Declaration of Jorge Padilla | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications.  Miller Decl. ¶ 37 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-49 | HH: Excerpts from the deposition transcript of Marvin Hsu, dated March 12, 2018 | GRANTED. | Contains confidential information relating to Plaintiffs' business strategies, customer base, and competitive rationales.  Weinberg Decl. ¶ 11, ECF 272.  Disclosure of such information would cause harm to Plaintiffs, the designating party.  *Id.* |
| 258-51 | II: Declaration of Dr. Jonathan D. Putnam | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications.  Miller Decl. ¶ 39 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-52 | JJ: Excerpts from the | GRANTED. | Contains confidential information |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Expert Report of Dr. Gregory K. Leonard | | relating to Defendants' highly sensitive business information, including terms of licenses with third parties.  Miller Decl. ¶ 40 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-53 | KK: Excerpts from Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories | GRANTED. | Contains confidential information relating to Defendants' highly confidential business information.  Miller Decl. ¶ 41 at ECF 258-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 258-54 | LL: Excerpts from the deposition transcript of Philippe Stoffel-Munck, Ph.D., dated July 14, 2018 | DENIED. | Plaintiffs, the designating party, do not seek to seal the document.  Weinberg Decl. ¶ 13, ECF 272. |

**B.   ECF 290 (Defendants' Motion as to Defendants' Reply and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 290-4 | A: Reply In Support of Motion for Summary Judgment | GRANTED as to highlighted portions. | Contains confidential information relating to the parties' licensing negotiation communications.  Miller Decl. ¶ 5 at ECF 290-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 290-5 | B: Excerpts from the transcript of the May 12, 2016 Arbitration Hearing | GRANTED. | Contains confidential information relating to the parties' arbitration proceedings.  Miller Decl. ¶ 6 at ECF 290-1.  Disclosure of such information would harm Defendants.  *Id.* |
| 290-6 | C: Excerpts from ASUS's Application to Dismiss All Claims and Counterclaims for Lack of Jurisdiction | GRANTED. | Contains confidential information relating to the parties' negotiation history and arbitration proceedings.  Miller Decl. ¶ 7 at ECF 290-1.  Disclosure of such information would harm Defendants.  *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 290-7 | D: Excerpts from the deposition transcript of ASUS's expert Fiona M. Scott Morton, dated July 9, 2018 | GRANTED. | Contains confidential information relating to the parties' licensing agreement. Miller Decl. ¶ 8 at ECF 290-1. Disclosure of such information would harm Defendants. *Id.* |
| 290-8 | E: Chart with excerpts of opinions submitted by ASUS's experts | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 9 at ECF 290-1. Disclosure of such information would harm Defendants. *Id.* |
| 290-9 | F: Excerpts from the Corrected Expert Witness Statement of Matthew R. Lynde, dated January 5, 2017 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 10 at ECF 290-1. Disclosure of such information would harm Defendants. *Id.* |
| 290-10 | G: Excerpts from the deposition transcript of ASUS's expert Apostolos K. Kakaes, dated July 13, 2018 | DENIED. | Plaintiffs, the designating party, do not seek to seal the document. Weinberg Decl. ¶ 6, ECF 300. |
| 290-11 | H: Excerpts from the Corrected Rebuttal Expert Witness Statement of Jonathan D. Putnam, dated December 22, 2016 | GRANTED. | Contains confidential information relating to the parties' licensing negotiation communications. Miller Decl. ¶ 12 at ECF 290-1. Disclosure of such information would harm Defendants. *Id.* |
| 290-12 | I: Excerpts from the Expert Report of Apostolos K. "Paul" Kakaes | DENIED. | Plaintiffs, the designating party, do not seek to seal the document. Weinberg Decl. ¶ 7, ECF 300. |

## III.   ORDER

For the foregoing reasons, Defendants' motion at ECF 258 is GRANTED IN PART and DENIED IN PART. Defendants' motion at ECF 290 is GRANTED IN PART and DENIED IN PART. For any request that has been denied, if the designating party has not already publicly submitted the properly redacted version of the documents, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later

than 10 days from the filing of this order.  *See* Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: October 11, 2018

_____
BETH LABSON FREEMAN
United States District Judge