# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC., et al., <br><br> Defendants. | Case No. 15-cv-01716-BLF <br><br> **OMNIBUS ORDER RE: SEALING MOTIONS AT ECF 276, 278, 326, 327, 336, AND 350** <br><br> [Re: ECF 276, 278, 326, 327, 336, 350] |

Before the Court are Defendants' and Plaintiffs' administrative motions to file under seal portions of their motions and exhibits, oppositions and exhibits, and replies and exhibits in connection with the parties' *Daubert* motions. ECF 276, 278, 326, 327, 336, 350. For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

2

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated good cause and compelling reasons to seal certain portions of the submitted documents. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below.

### A. ECF 276 (Defendants' Motion as to Defendants' Motion to Exclude Opinions and Testimony and Exhibits ("*Daubert* Motion"))

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 276-4 | A: *Daubert* Motion | DENIED as to portions quoting or substantively citing exhibits below or portions thereof that are non-sealable.<br><br>GRANTED as to remaining highlighted portions. | Cites sealable material in exhibits, as discussed below, and contains confidential information relating to the parties' licensing negotiations, Defendants' licenses, and Defendants' and Plaintiffs' technical analyses of Defendants' patents. Weinberg Decl. ISO Mot. ¶ 4 ("Weinberg Def. Mot. Decl."), ECF 295; Reed Decl. ISO Mot. ¶ 5 ("Reed Mot. Decl."), ECF 276-1. Disclosure of such information could cause harm to both parties. *Id.*<br><br>To the extent the redacted portions quote or substantively cite exhibits or portions thereof that this Court has determined are unsealable, the request is DENIED.<br><br>Plaintiffs are ORDERED to file a partially redacted version of this document in the public record no |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | earlier than 4 days and no later than 10 days from the date of this order. |
| 276-6 | B: Expert Report of Apostolos K. "Paul" Kakaes | GRANTED as to ¶¶ 191, 193, 203–206. | Contains confidential information relating to the parties' licensing negotiations and subject to a non-disclosure agreement between the parties. Weinberg Def. Mot. Decl. ¶¶ 3, 5. Disclosure of the information in these paragraphs could cause harm to the parties.<br><br>Because Plaintiffs, the designating parties, do not seek to seal the remainder, Defendants are ORDERED to file a redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 276-8 | C: Corrected Expert Report of Fiona M. Scott Morton, Ph.D. | GRANTED. | Contains confidential information relating to the parties' licensing negotiations, Defendants' licenses and negotiations with third parties, and Plaintiffs' internal financial and business strategies. Weinberg Def. Mot. Decl. ¶ 6; Reed Mot. Decl. ¶ 7. Disclosure of such information could cause harm to both parties. *Id.* |
| 276-9 | D: Supplemental Expert Report of Fiona M. Scott Morton, Ph.D. | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and Defendants' internal licensing practices. Reed Mot. Decl. ¶ 8. Disclosure of such information could cause harm to Defendants. *Id.* |
| 276-10 | E: Corrected Expert Report of Dr. Gregory K. Leonard | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and Defendants' licenses, including confidential royalty and financial terms. Weinberg Def. Mot. Decl. ¶ 7; Reed Mot. Decl. ¶ 9. Disclosure |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | of such information could cause harm to both parties. *Id.* |
| 276-11 | F: Second Supplemental Expert Rebuttal Report of Dr. Gregory K. Leonard | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and Defendants' internal licensing practices. Reed Mot. Decl. ¶ 10. Disclosure of such information could cause harm to both parties. *Id.* |
| 276-12 | G: Excerpts from the Deposition Transcript of Sachin Sinha | GRANTED as to lines 17:4-11, 18:7-19:25, 21:1-22:25, 30:2-32:13, 36:1-37:17, 38:14-39:25, 45:4-49:25, 63:15-18, 74:1-75:25, 78:2-79:25, 81:8-25, 98:2-24, 117:1-25.<br><br>DENIED as to remainder. | Contains confidential information relating to a confidential arbitration and consultation that Mr. Sinha conducted at the direction and request of Sidley Austin and other confidential parties. Weinberg Def. Mot. Decl. ¶ 8. Disclosure of such information could cause harm to Plaintiffs and third parties.<br><br>Because Plaintiffs, the designating parties, do not seek to seal the remainder, Defendants are ORDERED to file a redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 276-13 | H: Excerpts from the Deposition Transcript of Apostolos Kakaes | GRANTED as to lines 60:10-25, 70:8-72:3, 72:9-73:16, 74:6-25, 85:7-25, 130:12-25, 132:1-25, 193:9-25, 200:18-201:2.<br><br>DENIED as to remainder. | Contains confidential information relating to a confidential arbitration and consultation conducted at the direction and request of Sidley Austin and other confidential parties. Weinberg Def. Mot. Decl. ¶ 9. Disclosure of such information could cause harm to Plaintiffs and third parties.<br><br>Because Plaintiffs, the designating parties, do not seek to seal the remainder, Defendants are ORDERED to file a redacted version of this document in the public record no earlier than 4 |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | days and no later than 10 days from the date of this order. |
| 276-14 | I: Excerpts from the Deposition Transcript of Nitin Agrawal | GRANTED. | Contains confidential information relating to a confidential arbitration and consultation conducted at the direction and request of Sidley Austin and other confidential parties. Weinberg Def. Mot. Decl. ¶ 10. Disclosure of such information could cause harm to Plaintiffs and third parties. |
| 276-15 | J: Excerpts from the Corrected Rebuttal Expert Report of Branimir Vojcic | GRANTED. | Contains confidential information relating to Defendants' and Plaintiffs' technical analyses of Defendants' patents. Reed Mot. Decl. ¶ 14. Disclosure of such information could cause harm to Defendants. *Id.* |
| 276-16 | K: Excerpts from the Corrected Rebuttal Expert Report of Wayne Stark, Ph.D. | GRANTED. | Contains confidential information relating to Defendants' and Plaintiffs' technical analyses of Defendants' patents. Reed Mot. Decl. ¶ 15. Disclosure of such information could cause harm to Defendants. *Id.* |
| 276-17 | L: Appendix A of the Expert Report of Apostolos K. "Paul" Kakaes, bearing Bates number ASUS_0080579 | DENIED. | Because Plaintiffs, the designating parties, do not seek to seal this document, Defendants are ORDERED to file an unredacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 276-18 | M: Excerpts from the Deposition Transcript of Philippe Stoffel-Munck | DENIED. | Because Plaintiffs, the designating parties, do not seek to seal this document, Defendants are ORDERED to file an unredacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 276-19 | N: Appendix B of the Expert Report of | DENIED. | Because Plaintiffs, the designating parties, do not seek to seal this |

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| | Apostolos K. "Paul" Kakaes, produced by ASUS, bearing Bates number ASUS_0080580 | | document, Defendants are ORDERED to file an unredacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |

**B.     ECF 278 (Plaintiffs' Motion as to Plaintiffs' Motion to Exclude Defendants' Experts' Improper Testimony and Exhibits ("*Daubert* Motion")**

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 278-3 | A: *Daubert* Motion | DENIED as to portions quoting or substantively citing exhibits below or portions thereof that are non-sealable.<br><br>GRANTED as to remaining highlighted portions. | Cites sealable material in exhibits, as discussed below, and otherwise contains confidential information relating to the parties' licensing negotiations, Plaintiffs' and Defendants' licensing strategies and licenses and negotiations with third parties, and the confidential arbitration between the parties. Weinberg Decl. ISO Mot. ¶ 2 ("Weinberg Pl. Mot. Decl."), ECF 280; Rees Decl. ISO Mot. ¶ 4 ("Rees Decl."), ECF 296. Disclosure of such information could cause harm to both parties. *Id.*<br><br>To the extent the redacted portions quote or substantively cite exhibits or portions thereof that this Court has determined are unsealable, the request is DENIED.<br><br>Plaintiffs are ORDERED to file a partially redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 278-5 | C: Exh 1 - excerpts from the deposition transcript of Defendants' expert | GRANTED as to all orange highlighted portions in ECF 297. | Contains confidential information relating to the parties' licensing negotiations and Plaintiffs' and |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
|  | Anne Layne-Farrar |  | Defendants' licenses and negotiations with third parties. Rees Decl. ¶ 5; Weinberg Pl. Mot. Decl. ¶ 4. Disclosure of such information could cause harm to both parties. *Id.* |
| 278-6 | D: Exh 2 - excerpts from the Corrected Rebuttal Expert Report of Defendants' expert Anne Layne-Farrar | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and Plaintiffs' and Defendants' licenses and negotiations with third parties, and the arbitration between the parties. Rees Decl. ¶ 6; Weinberg Pl. Mot. Decl. ¶ 5. Disclosure of such information could cause harm to both parties. *Id.* |
| 278-7 | E: Exh 4 – excerpts from the deposition testimony of Defendants' expert Bertram Huber | GRANTED as to all orange highlighted portions in ECF 297-1. | Contains confidential information relating to third parties' licensing negotiations and licenses. Rees Decl. ¶ 7. |
| 278-9 | G: Exh. 5 - excerpts from the Opening Expert Report of Defendants' expert Dr. Bertram Huber | DENIED. | Because Defendants, the designating parties, do not seek to seal this document, Plaintiffs are ORDERED to file an unredacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 278-10 | H: Exh. 6 - excerpts from the Rebuttal Expert Report of Defendants' expert Dr. Bertram Huber | GRANTED as to all orange highlighted portions in ECF 297-2. | Contains confidential information relating to the parties' licensing negotiations and Plaintiffs' and Defendants' licenses and negotiations with third parties. Rees Decl. ¶ 9; Weinberg Pl. Mot. Decl. ¶ 9. Disclosure of such information could cause harm to both parties. *Id.* |
| 278-11 | I: Exh. 7 – excerpts from the Corrected Rebuttal Expert Report of Defendants' expert Jonathan D. Putnam | GRANTED as to ¶¶ 315-316, 335-336, and 360. | ¶¶ 315-316, 335-336, and 360, which Plaintiffs seek to seal, contain confidential information relating to the parties' licensing negotiations and Plaintiffs' and Defendants' licenses and |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | DENIED WITHOUT PREJUDICE as to remainder. | negotiations with third parties. Rees Decl. ¶ 10; Weinberg Pl. Mot. Decl. ¶ 10. Disclosure of such information could cause harm to both parties. *Id.* <br><br> Defendants seek to seal the entire document, but this request is DENIED WITHOUT PREJUDICE because it is not narrowly tailored. There are many paragraphs throughout the report that are not specific to Defendants and do not contain confidential, sensitive information. <br><br> Plaintiffs are ORDERED to file a partially redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 278-12 | J: Exh. 10 – excerpts from the deposition testimony of Defendants' expert Jonathan D. Putnam | GRANTED as to all orange highlighted portions in ECF 297-3. | Contains confidential information relating to the parties' licensing negotiations and Plaintiffs' and Defendants' licenses and negotiations with third parties, and the arbitration between the parties. Rees Decl. ¶ 11; Weinberg Pl. Mot. Decl. ¶ 11. Disclosure of such information could cause harm to both parties. *Id.* |
| 278-13 | K: Exh. 13 – excerpts from the transcript of the arbitration proceeding between the parties produced by ASUS bearing Bates stamps IDC-ASUS-1716-0225382 – 437 | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and the arbitration between the parties. Rees Decl. ¶ 12; Weinberg Pl. Mot. Decl. ¶ 12. Disclosure of such information could cause harm to both parties. *Id.* |

## C. ECF 326 (Defendants' Motion as to Defendants' Opposition to Plaintiffs' Motion to Exclude Defendants' Experts' Testimony and Exhibits)

| ECF No. | Document to be Sealed: | Result | Reasoning |
| --- | --- | --- | --- |
| 326-4 | A: Defendants' Opposition to Plaintiffs' *Daubert* Motion | DENIED as to portions quoting or substantively citing exhibits below or portions thereof that are non-sealable.<br><br>GRANTED as to remaining highlighted portions. | Cites sealable material in exhibits, as discussed below, and otherwise contains confidential information relating to the parties' licensing negotiations, Plaintiffs' and Defendants' licensing strategies and licenses and negotiations with third parties, and the arbitration between the parties. Miller Decl. ISO Mot. ¶ 5 ("Miller Decl."), ECF 326-1; Franzinger Decl. ISO Mot. ¶ 4 ("Franzinger Decl."), ECF 332. Disclosure of such information could cause harm to both parties. *Id.*<br><br>To the extent the redacted portions quote or substantively cite exhibits or portions thereof that this Court has determined are unsealable, the request is DENIED.<br><br>Plaintiffs are ORDERED to file a partially redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 326-5 | B: Excerpts from the Corrected Expert Report of Dr. Anne Layne-Farrar | GRANTED. | Contains confidential information relating to the parties' licensing negotiations, Defendants' licensing strategies and licenses and negotiations with third parties, and the arbitration between the parties. Miller Decl. ¶ 6; Franzinger Decl. ¶ 5. Disclosure of such information could cause harm to both parties. *Id.* |
| 326-6 | C: Excerpts from the Corrected Rebuttal Expert Report of Jonathan D. Putnam, | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and Defendants' and Plaintiffs' licensing strategies and licenses and negotiations with |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | third parties. Miller Decl. ¶ 7; Franzinger Decl. ¶ 6. Disclosure of such information could cause harm to both parties. *Id.* |
| 326-7 | D: Excerpts from the Opening Expert Report of Dr. Bertram Huber. | GRANTED. | Contains confidential information relating to the parties' licensing negotiations and Defendants' licensing and negotiating strategies. Miller Decl. ¶ 8. |
| 326-8 | E: Excerpts from the deposition transcript of ASUS's expert Fiona M. Scott Morton | DENIED. | Because Plaintiffs, the designating parties, do not seek to seal this document, Defendants are ORDERED to file an unredacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 326-9 | F: Excerpts from the deposition transcript of ASUS's expert Philippe Stoffel-Munck | DENIED. | Because Plaintiffs, the designating parties, do not seek to seal this document, Defendants are ORDERED to file an unredacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |

**D. ECF 327 (Plaintiffs' Motion as to Plaintiffs' Opposition to Defendants' Motion to Exclude Opinions and Testimony and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 327-4 | A: Opposition to Defendants' *Daubert* Motion | DENIED as to portions quoting or substantively citing exhibits below or portions thereof that are non-sealable.<br><br>GRANTED as to remaining highlighted portions. | Cites sealable material in exhibits, as discussed below, and otherwise contains confidential information relating to the parties' licensing negotiations, Plaintiffs' and Defendants' licensing strategies and licenses and negotiations with third parties. Franzinger Decl. ISO Mot. ("Franzinger Opp. Decl.") ¶ 2, ECF 327-1; Rees Decl. ISO Mot. ("Rees Opp. |

11

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Decl.") ¶ 4, ECF 333. Disclosure of such information could cause harm to both parties. *Id.*<br><br>To the extent the redacted portions quote or substantively cite exhibits or portions thereof that this Court has determined are unsealable, the request is DENIED.<br><br>Plaintiffs are ORDERED to file a partially redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 327-5 | B: Exh 1 – Corrected Expert Report of Dr. Anne Layne-Farrar | GRANTED as to all green highlighted portions in ECF 333-2.<br><br>DENIED as to remainder. | Contains confidential information relating to the parties' licensing negotiations, Defendants' licensing strategies, and licenses and negotiations with third parties. Rees Opp. Decl. ¶ 5; Franzinger Opp. Decl. ¶ 3. Disclosure of such information could cause harm to both parties. *Id.*<br><br>Because neither party seeks to seal the remainder of the document, Plaintiffs are ORDERED to file an appropriately redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 327-6 | C: Exh 2 – Corrected Rebuttal Expert Report of Jonathan D. Putnam | GRANTED. | Contains confidential information relating to the parties' licensing negotiations, Defendants' licensing strategies, and licenses and negotiations with third parties. Rees Opp. Decl. ¶ 6; Franzinger Opp. Decl. ¶ 4. Disclosure of such information could cause harm to both parties. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 327-8 | D: Exh 3 – excerpts of Dr. Apostolos Kakaes's Deposition Transcript | GRANTED as to entire document. | Contains confidential information relating to technical analyses of Defendants' patents, the parties' licensing negotiations, and Defendants' licensing and negotiation strategies. Franzinger Opp. Decl. ¶ 5; Rees Opp. Decl. ¶ 7. Disclosure of such information could cause harm to both parties. *Id.* |
| 327-10 | E: Exh. 4 - excerpt of Sachin Kumar Sinha's Deposition Transcript | DENIED. | Defendants do not seek to seal this document, and no good cause exists to seal the information therein based on Plaintiffs averments. Plaintiffs are ORDERED to file this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 327-12 | F: Exh. 5 – excerpts of Dr. Jonathan D. Putnam's Deposition Transcript | GRANTED as to entire document. | Contains confidential information relating to technical analyses of Defendants' patents, the parties' licensing negotiations, and Defendants' licensing and negotiation strategies. Rees Opp. Decl. ¶ 8. Disclosure of such information could cause harm to both parties. *Id.* |
| 327-14 | G: Exh. 7 – excerpts of Nitin Agrawal's Deposition Transcript | DENIED. | Defendants do not seek to seal this document, and no good cause exists to seal the information therein based on Plaintiffs averments. Plaintiffs are ORDERED to file this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 327-15 | H: Exh. 9 – excerpts of Dr. Jorge Padilla Expert Report | GRANTED. | Contains confidential information relating to the parties' licensing negotiations, Defendants' |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | licensing strategies, and licenses and negotiations with third parties. Rees Opp. Decl. ¶ 9; Franzinger Opp. Decl. ¶ 9. Disclosure of such information could cause harm to both parties. *Id.* |

**E.  ECF 336 (Defendants' Motion as to Defendants' Reply in support of Defendants' Motion to Exclude Opinions and Testimony and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 336-4 | A: Reply in support of Defendants' *Daubert* Motion | DENIED as to portions quoting or substantively citing exhibits or portions of briefs the Court has determined in this Order are non-sealable.<br><br>GRANTED as to remaining highlighted portions. | Cites sealable material in exhibits, as discussed below, and otherwise contains confidential information relating to the parties' licensing negotiations, Plaintiffs' and Defendants' licensing strategies and licenses and negotiations with third parties, and the confidential arbitration between the parties. Lee Decl. ISO Reply ¶ 2, ECF 336-1; Rees Decl. ISO Reply ¶ 4, ECF 347. Disclosure of such information could cause harm to both parties. *Id.*<br><br>To the extent the redacted portions quote or substantively cite exhibits or briefs or portions thereof that this Court has determined are unsealable, the request is DENIED.<br><br>Defendants are ORDERED to file a partially redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |

## F. ECF 350 (Plaintiffs' Motion as to Plaintiffs' Reply in support of Plaintiffs' Motion to Exclude Opinions and Testimony and Exhibits)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 350-4 | A: Reply in support of Defendants' *Daubert* Motion | DENIED as to portions quoting or substantively citing exhibits or portions of briefs the Court has determined in this Order are non-sealable.<br><br>GRANTED as to remaining highlighted portions. | Cites sealable material in exhibits, as discussed below, and otherwise contains confidential information relating to the parties' licensing negotiations, Plaintiffs' and Defendants' licensing strategies, licenses and negotiations with third parties, the confidential arbitration between the parties, and confidential legal consultations. Miller Decl. ISO Reply ¶ 5, ECF 350-1; Franzinger Decl. ISO Pl. Reply ¶¶ 3–4, ECF 354. Disclosure of such information could cause harm to both parties. *Id.*<br><br>To the extent the redacted portions quote or substantively cite exhibits or briefs or portions thereof that this Court has determined are unsealable, the request is DENIED.<br><br>Defendants are ORDERED to file a partially redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 350-5 | B: Reed Decl., Ex. 16 – Excerpts from the deposition transcript of ASUS's expert Sachin Kumar Sinha, dated July 10, 2018 | GRANTED as to lines 46:7-23, 51:8-20, 52:16-19, 67:16-25, 68:1-8, 151:8-22.<br><br>DENIED as to remainder. | Contains confidential information relating to a confidential arbitration and consultation that Mr. Sinha conducted at the direction and request of Sidley Austin and other confidential parties. Franzinger Decl. ¶¶ 5. Disclosure of such information could cause harm to Plaintiffs and third parties.<br><br>Because Plaintiffs, the designating |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | parties, do not seek to seal the remainder, Defendants are ORDERED to file a redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 350-6 | C: Reed Decl., Ex. 19 – Excerpts from the deposition transcript of ASUS's expert Apostolos Kakaes, dated July 13, 2018 | GRANTED as to lines 76:6-77:12, 79:9-80:1, and Exhibit 6 at pages 1-3.<br><br>DENIED as to remainder. | Contains confidential information relating to a confidential arbitration and a confidential consultation that Mr. Kakaes conducted at the direction and request of third parties and/or law firms in a prior matter. Franzinger Decl. ¶ 6. Disclosure of such information could cause harm to Plaintiffs and third parties.<br><br>Because Plaintiffs, the designating parties, do not seek to seal the remainder, Defendants are ORDERED to file a redacted version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |

## III. ORDER

For the foregoing reasons, the motions at ECF 276, 278, 326, 327, 336, and 350 are GRANTED IN PART and DENIED IN PART. For any request that has been denied, if the designating party has not already publicly submitted the properly redacted version of the documents, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. *See* Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: January 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge

16