# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01716-BLF<br><br>**ORDER RE: THE PARTIES' RESPECTIVE MOTIONS TO SEAL EXHIBITS TO JOINT PRETRIAL STATEMENT**<br><br>[Re: ECF 383, 384] |

Before the Court are two sealing motions: (1) Defendants' administrative motion to file under seal portions of two exhibits to the parties' Joint Pretrial Statement; and (2) Plaintiffs' administrative motion to file under seal the password to a USB drive containing documents related to the Joint Pretrial Statement. *See* ECF 383, 384. For the reasons that follow, Defendants' motion to seal is DENIED without prejudice and Plaintiffs' motion to seal is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

1    Parties moving to seal documents must also comply with the procedures established by
2    Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request
3    that establishes the document is "sealable," or "privileged or protectable as a trade secret or
4    otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek
5    sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).
6    In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly
7    tailored to seal only the sealable material" which "lists in table format each document or portion
8    thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the
9    document" that indicates "by highlighting or other clear method, the portions of the document that
10   have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the
11   filing of the Administrative Motion to File Under Seal, the Designating Party must file a
12   declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material
13   is sealable."  Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support thereof.  Defendants seek to seal certain descriptions/names of exhibits and objection responses in Plaintiffs' trial exhibit list and Defendants' trial exhibit list. *See* Defendants' Motion at 2, ECF 383; *see also* ASUS Exhibit List, ECF 383-3; InterDigital Exhibit List, ECF 383-5.  Defendants' request to seal is not narrowly tailored—Defendants seek to seal the entire descriptions or names of numerous exhibits and objection responses.  Upon initial review, the Court is not convinced that any portion of any of the descriptions/names of exhibits or objection responses is sealable.  However, the Court will permit Defendants to renew the sealing request with narrowly tailored redactions if Defendants so choose.

Meanwhile, Plaintiffs seek to seal the password to a USB drive containing manually lodged expert reports, deposition designations, and discovery from both parties.  The Court finds that Plaintiffs have articulated compelling reasons to seal the password, and that the proposed redaction is narrowly tailored.

The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 383-3 | Plaintiffs' Trial Exhibit List | DENIED without prejudice. | The proposed redactions are not narrowly tailored. |
| 383-5 | Defendants' Trial Exhibit List | DENIED without prejudice. | The proposed redactions are not narrowly tailored. |
| 384-4 | Exhibit A to Lee Decl. | GRANTED. | This document contains the password to an encrypted USB drive that contains confidential information, including the parties' license terms and financial data. *See* Plaintiffs' Motion at 1, ECF 384; Lee Decl. ¶ 2, ECF 384-1. Disclosure of the confidential information would cause competitive harm to the parties. Lee Decl. ¶ 2. |

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES without prejudice Defendants' motion to seal at ECF 383 and GRANTS Plaintiffs' motion to seal at ECF 384.

For any document that has been denied sealing without prejudice, the designating party may renew its request for sealing by submitting more narrowly tailored redactions and supporting declaration(s). Any renewed request must be filed **on or before April 5, 2019**. If no renewed request is filed by that date, the sealing request will be denied with prejudice.

No further action is necessary with respect to Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
BETH LABSON FREEMAN
United States District Judge